1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 1

JOINT MOTION RE: PO AND ESI STIP
File No. 3:17-cv-00121-JAH-MSB

**BERNSTEIN LITOWITZ BERGER**
 **& GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
jonathanu@blbglaw.com
RICHARD D. GLUCK (Bar No. 151675)
rich.gluck@blbglaw.com
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel: (858) 793-0070

**MOTLEY RICE LLC**
GREGG S. LEVIN (*pro hac vice*)
glevin@motleyrice.com
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9000

*Counsel for Lead Plaintiffs and*
*Lead Counsel for the Class*

[Additional Counsel Appear on Signature Page]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE QUALCOMM INCORPORATED SECURITIES LITIGATION | Master File No. 3:17-cv-00121-JAH-MSB<br><br>**PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIAL**<br><br>Courtroom: **2C**<br>Judge: Hon. Michael S. Berg |

PROTECTIVE ORDER GOVERNING CONF.
MATERIAL
Master File No. 3:17-cv-00121-JAH-MSB

In order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential materials, and ensure that protection is afforded only to material so entitled, and for good cause shown, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

1.    <u>PURPOSES AND LIMITATIONS</u>

1.1.   Protected Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Protective Order shall be used by a Receiving Party solely for the above-captioned case and all related appeals, and shall not be used directly or indirectly for any other purpose whatsoever, except as expressly provided for herein.

1.2.   Nothing in this Protective Order shall be construed to require a Producing Party to produce or disclose information not otherwise required to be produced under the applicable rules or orders of the Court. Production or disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information under this Protective Order shall not prejudice the right of any Producing Party making that production or disclosure to maintain the trade secret status or confidentiality of that information in other contexts. Similarly, no Producing Party waives any right to object on any ground to the admissibility of any of the Discovery Material, or portion thereof, covered by this Protective Order.

1.3.   Disclosure and discovery activity in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the

PROTECTIVE ORDER GOVERNING CONF. MATERIAL
-1-          Master File No. 3:17-cv-00121-JAH-MSB

Parties hereby stipulate to and petition the Court to enter this Protective Order. The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.   DEFINITIONS

2.1.   Action:   In re: Qualcomm Incorporated Securities Litigation, Case No. 17-cv-00121-JAH-WVG (S.D. Cal.).

2.2.   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Protective Order.

2.3.   "CONFIDENTIAL"  Information  or  Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). A Producing Party may designate any Disclosure or Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

2.4.   Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.5.   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.6.   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or

[[DMS:5197556v1:05/15/2019--03:24 PM]]

maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7.   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Outside Counsel of Record to serve as an expert witness or a litigation consultant in this Action (including any necessary support personnel of such person to whom disclosure is reasonably necessary for this litigation), and who is not a current employee of a Party or of a competitor of a Party, and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of a Party.

2.8.   HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY Information or Items: "Confidential Information or Items" that contain or reflect information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.

2.9.   House Counsel: attorneys who are employees in the legal department of a Party and who have responsibility for managing this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10. Non-Party: any natural person, partnership, corporation, association, or other legal entity other than Defendants and Lead Plaintiffs in this Action.

[[DMS:5197556v1:05/15/2019--03:24 PM]]

2.11. <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party in connection with this Action and have entered an appearance on behalf of that Party in this Action, as well as anyone supporting the work of such attorneys, to whom it is reasonably necessary to disclose the information for this Action.

2.12. <u>Party</u>: Defendants and Lead Plaintiffs in this action, including their respective officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.  For the avoidance of doubt, Professional Vendors does not include professional jury or trial consultants or mock jurors.

2.15. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY", as provided for in this Protective Order.

2.16. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

3.1.   The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries,

---

PROTECTIVE ORDER GOVERNING CONF.
MATERIAL
-4-      Master File No. 3:17-cv-00121-JAH-MSB

derivations or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.2.   Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Protective Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

3.3.   Nothing in this Protective Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party that is: (i) in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; (ii) known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; (iii) previously produced, disclosed and/or provided by the Designating Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Designating Party and all other persons whose confidential information may be contained in the Discovery Material; or (v) pursuant to order of the Court.

3.4.   Nothing in this Protective Order shall restrict a Producing Party's use or disclosure of Discovery Material it produces that is designated as Protected Material by another Party or Non-Party, if it was previously

PROTECTIVE ORDER GOVERNING CONF. MATERIAL

-5-        Master File No. 3:17-cv-00121-JAH-MSB

disclosed, produced, or provided by the Designating Party to the Producing Party.

3.5.   Nothing in this Protective Order shall be construed to preclude any Party's right to file any Protected Material with the Court under seal. This Protective Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Protective Order in any way, including, without limitation, an order that certain matter not be produced at all.

4.   <u>DURATION</u>

4.1.   Even after final disposition of this Action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs, or that information otherwise becomes public. Final disposition occurs after an order, mandate, or dismissal finally terminating the above-captioned Action with prejudice, including all appeals.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

5.1.   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates Discovery Materials for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

5.2.   Mass, indiscriminate, or routinized designations are prohibited except as provided specifically in this order or any federal statute or regulation.

5.3.   If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or

do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.4.  <u>Manner and Timing of Designations</u>. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein:  "CONFIDENTIAL"  or  "HIGHLY  CONFIDENTIAL  – ATTORNEYS'  EYES  ONLY".  Except  as  otherwise  provided  in  this Protective Order (see, e.g., Section 5.5), or as otherwise stipulated or ordered, Disclosure  or  Discovery  Material  that  qualifies  for  protection  under  this Protective  Order  must  be  clearly  so  designated  before  the  material  is disclosed or produced. Designation in conformity with this Protective Order requires:

(a)  for  information  in  documentary  form  (e.g.,  paper  or electronically stored information ("ESI"), but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party  affix  the  legend  "CONFIDENTIAL"  or  "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to each page that contains protected material and also, for ESI, in the metadata field assigned to indicate the confidentiality designation.

(b)  A Party or Non-Party that makes original documents or materials  available  for  inspection  need  not  designate  them  for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be

PROTECTIVE ORDER GOVERNING CONF. MATERIAL

-7-    Master File No. 3:17-cv-00121-JAH-MSB

deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") as set forth in the preceding paragraph.

(c)     For electronic files and documents produced in native electronic format, that the Producing Party append to the file names or designators information indicating whether the files contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an Expert, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

(d)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify, either verbally on the record or in a writing served on all Parties and the court reporter within 21 days after the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection

PROTECTIVE ORDER GOVERNING CONF. MATERIAL
-8-     Master File No. 3:17-cv-00121-JAH-MSB

being asserted. Only those portions of the testimony that are appropriately designated for protection shall be covered by the provisions of this Protective Order.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed, until the time within which it may be appropriately designated as provided for herein has passed. Any Party that wishes to disclose the transcript that has been deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as a result of no designation having been made on the record at the time the testimony was given, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(e)     Each Party shall give the other Party notice if it reasonably expects a deposition, hearing or other proceeding to include Protected Material so that the other Party can ensure that only authorized individuals are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as

PROTECTIVE ORDER GOVERNING CONF. MATERIAL
-9-     Master File No. 3:17-cv-00121-JAH-MSB

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"

(f)     Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

(g)     In the event the video of a deposition is recorded, the original and all copies of the recording shall be marked by the video technician to indicate that the contents of the recording are subject to this Protective Order, substantially along the lines of "This recording contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the Parties."

(h)     Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, Outside Counsel of Record for any Party, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

PROTECTIVE ORDER GOVERNING CONF. MATERIAL
-10-     Master File No. 3:17-cv-00121-JAH-MSB

(i)      for all other information or tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the label "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.5.  <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Following a correction of a designation, the Producing Party shall provide re-labeled copies of the information or items to each Receiving Party reflecting the change in designation.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1.  <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

[[DMS:5197556v1:05/15/2019--03:24 PM]]

6.2.   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific section of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3.   <u>Judicial Intervention</u>. In the event of a dispute over a confidentiality designation under this Protective Order, a Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portion thereof. Any motion brought by a Challenging Party pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding section.

PROTECTIVE ORDER GOVERNING CONF. MATERIAL

-12-      Master File No. 3:17-cv-00121-JAH-MSB

6.4.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.   Basic Principles. All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Protective Order or another Order of this Court. When the litigation has been terminated, a Receiving Party must comply with the provisions of Sections 4.1, 13.4 and 14.1 herein.

7.2.   Secure Storage. The Parties acknowledge that certain Protected Material may be subject to U.S. government export control and economic sanctions laws. To the extent required by such regulations or laws, including the U.S. Export Administration Regulations, Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order. The Receiving Party shall ensure compliance with all applicable U.S. export control and economic sanction laws, and may not engage in the prohibited or restricted export, re-export, transport, transfer,

PROTECTIVE ORDER GOVERNING CONF. MATERIAL

-13-      Master File No. 3:17-cv-00121-JAH-MSB

or release of Protected Material without prior authorization by the Producing Party and the U.S. government, to the extent required by law.

7.3. <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent Counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided Counsel does not disclose the Protected Material itself except as provided in this Protective Order.

7.4. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record, and any copying or clerical litigation support services working at the direction of such Outside Counsel of Record or employees thereof (1) who do not provide commercial advice (as opposed to legal advice) to the Receiving Party and (2) to whom it is reasonably necessary to disclose the information for this Action;

(b) Five (5) or fewer House Counsel or other agreed-upon Party representatives identified and agreed upon between the Parties prior to any disclosure, (1) to whom disclosure is reasonably necessary for this Action, (2) who are not involved in competitive decision-making (as opposed to legal advice), as defined by <u>U.S. Steel v. United States</u>, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party relating to the cellular industry, and (3) who

PROTECTIVE ORDER GOVERNING CONF. MATERIAL

-14-      Master File No. 3:17-cv-00121-JAH-MSB

have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as well as their support staff to whom disclosure is reasonably necessary, provided that such support staff are not involved in competitive decision-making and have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Protective Order) retained by the Receiving Party to whom disclosure is reasonably necessary for this Action provided that such Expert has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)    the Court and its personnel;

(f)    court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    during their testimony or in preparation for their testimony, witnesses in this Action and their counsel to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Such disclosure may only occur for the purpose of assisting the preparation or examination of the witness;

(h)   the Designating Party or its employees, the author or recipient of a document containing the information, or a custodian or other person who otherwise possessed or knew the information;

(i)   any mediator who is assigned to hear these Actions, and his or her staff, subject to the agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(j)   any other person upon Order of the Court.

7.5.   Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record, and any copying or clerical litigation support services working at the direction of such Outside Counsel of Record or employees thereof (1) who are not involved in competitive decision-making, as defined by U.S. Steel v. United States, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), (as opposed to legal advice) on behalf of a Party or a competitor of a Party relating to the cellular industry, and (2) to whom it is reasonably necessary to disclose the information for this litigation;

(b)   Experts (as defined in this Protective Order) of the Receiving Party, retained to assist in these Actions, provided that disclosure is only to the extent necessary to perform such work and provided that such Expert has agreed to be bound by the provisions of

1  the Protective Order by signing a copy of "Acknowledgement and
2  Agreement to Be Bound" (Exhibit A);

3      (c)    professional jury or trial consultants, mock jurors, and
4  Professional Vendors to whom disclosure is reasonably necessary for
5  this Action and who have signed the "Acknowledgment and Agreement
6  to Be Bound" (Exhibit A);

7      (d)    the Court and its personnel;

8      (e)    court reporters and their staff to whom disclosure is
9  reasonably necessary for this litigation and who have signed the
10  "Acknowledgment and Agreement to Be Bound" (Exhibit A)

11      (f)    the Designating Party or its employees; former employees
12  of a Designating Party (but only to the extent the document was created
13  during the time of such former employee's employment by the
14  Designating Party and if the disclosing Party has a reasonable basis to
15  believe that the former employee knew or had access or should have
16  had access to the information in the document during the term of his
17  employment with the Designating Party); the author or recipient of a
18  document containing the information or a custodian or other person
19  who otherwise possessed or knew the information;

20      (g)    any mediator who is assigned to hear these Actions, and
21  his or her staff, subject to the agreement to maintain confidentiality to
22  the same degree as required by this Protective Order; and

23      (h)    any other person upon Order of the Court.

24  7.6.   <u>Procedures for Approving or Objecting to Disclosure of</u>
25  <u>Protected Material</u>.

26

27  PROTECTIVE ORDER GOVERNING CONF.
MATERIAL
28  -17-    Master File No. 3:17-cv-00121-JAH-MSB

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Parties, prior to disclosing any Protected Material of another Producing Party to (i) any person described in Sections 7.4(j) or 7.5(h) or; (ii) any Expert who is or has been, within five years prior to the disclosure, employed or retained by Qualcomm or by a Qualcomm customer or competitor, or who anticipates becoming employed or retained by Qualcomm or a Qualcomm customer or competitor (referenced below as "Person"), the Party seeking to disclose such Protected Material of another Producing Party first must make a written statement, sent to the Parties and the Producing Party, that:

    i.    sets forth the full name of the Person, the city and state of his or her residence, and his or her country of citizenship, and

    ii.    states the present employer and the title of the Person;

    iii.    for any Expert, includes (a) an up-to-date curriculum vitae of the Person (including the Person's name and business/professional title and business address); (b) any previous or current relationship (personal or professional) with Qualcomm or any Qualcomm customer, licensee or competitor, including direct relationships and relationships through entities owned or controlled by the Person, including but not limited to an identification of any individual or entity with or for whom the Person is employed or to whom the person provides consulting

[[DMS:5197556v1:05/15/2019--03:24 PM]]

services relating to the design, development, operation, or patenting of cellular baseband chipsets, cellular technology, cellular products or cellular subscriber services, or relating to the acquisition of intellectual property assets relating to cellular baseband chipsets, cellular technology, cellular products or cellular subscriber services; (c) a list of other cases in which the Person has testified (at trial or deposition) within the last five (5) years; (d) a list of all companies by which the Person has been employed within the last four (4) years, the dates of the employment, and a brief description of the subject matter of the employment; and (e) an identification of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims.

(b)     Further, the Party seeking to disclose Protected Material of another Producing Party shall provide to the other Parties and to the Producing Party such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the Person. During the pendency of and for a period of two (2) years after the final resolution of these Actions,

PROTECTIVE ORDER GOVERNING CONF. MATERIAL
-19-     Master File No. 3:17-cv-00121-JAH-MSB

including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or patenting of cellular baseband chipsets, cellular technology, cellular products or cellular subscriber services, or the acquisition of intellectual property assets relating to cellular baseband chipsets, cellular technology, cellular products or cellular subscriber services.

(c)     A Party that makes a request and provides the information specified in Sections 7.6(a) and 7.6(b) may disclose the subject Protected Material to the identified Person unless, within seven (7) days of delivering the request and providing all the information required to be disclosed by this section, the Party receives a written objection from the Designating Party. Any such objection must be in writing and set forth good cause for the objection. For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Protected Materials in a way or ways that are inconsistent with the provisions contained in this Protective Order. In the absence of an objection at the end of the seven (7) day period, the Person shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Material to the Person prior to expiration of this seven (7) day period.

(d)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue; other forms of communication are not sufficient) to try to resolve the matter by agreement within seven (7) days of the written

PROTECTIVE ORDER GOVERNING CONF. MATERIAL
-20-        Master File No. 3:17-cv-00121-JAH-MSB

objection. If no agreement is reached, the Party seeking to make the disclosure to the Person may file a motion as provided in Civil Local Rule 7.1 seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Person is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

7.7.   In any such proceeding, the Party opposing disclosure to the Person shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) <u>outweighs</u> the Receiving Party's need to disclose the Protected Material to the relevant Person.

8.   COMPETITIVE DECISION-MAKING BAR

8.1.   Absent written consent from the Designating Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items shall not be involved in competitive decision-making for a Party, relating to the subject matter of the Information or Items accessed by the individual. This bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items is first received by the affected individual and shall end

PROTECTIVE ORDER GOVERNING CONF. MATERIAL
-21-        Master File No. 3:17-cv-00121-JAH-MSB

one (1) year after the affected individual ceases to have access to such "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.

9.    PROTECTED MATERIAL SUBPOENAED
      OR ORDERED PRODUCED IN OTHER LITIGATION

9.1.   If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its material designated as

PROTECTIVE ORDER GOVERNING CONF.
MATERIAL
-22-    Master File No. 3:17-cv-00121-JAH-MSB

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY". Nothing in these provisions should be
construed as authorizing or encouraging a Receiving Party in this action
to disobey a lawful directive from another court or any arbitral,
administrative, or legislative body.

10.   A NON-PARTY'S PROTECTED MATERIAL
      SOUGHT TO BE PRODUCED IN THIS LITIGATION

10.1. The terms of this Order are applicable to information produced
by a Non-Party in this action and designated as "CONFIDENTIAL" or
"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Such
information produced by Non-Parties in connection with this litigation is
protected by the remedies and relief provided by this Order. Nothing in these
provisions should be construed as prohibiting a Non-Party from seeking
additional protections.

10.2. In the event that a Producing Party is required, by a valid
discovery request, to produce another Party or Non-Party's (for the purposes
of this section only, a "Third Party's") confidential information in its
possession, custody or control, and the Producing Party has a contractual or
legal obligation not to produce the Third Party's confidential information,
then the Producing Party shall:

(a)     promptly notify in writing the Requesting Party and the
Third Party that some or all of the information requested is subject to a
confidentiality agreement with or confidentiality obligation to a Third
Party;

PROTECTIVE ORDER GOVERNING CONF.
MATERIAL
-23-        Master File No. 3:17-cv-00121-JAH-MSB

(b)     promptly provide the Third Party, if it is a Non-Party, with a copy of the Protective Order in this litigation and the relevant discovery request(s); and

(c)     make the information requested available for inspection by the Third Party.

10.3. If the Third Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Producing Party may produce the Third Party's confidential information responsive to the discovery request. If the Third Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Third Party before a determination by the Court. Absent a Court order to the contrary, the Third Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

11.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

11.1. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure, (b) use its best efforts to retrieve improperly disclosed Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to

PROTECTIVE ORDER GOVERNING CONF. MATERIAL
-24-          Master File No. 3:17-cv-00121-JAH-MSB

execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.   INADVERTENT PRODUCTION OF PRIVILEGED
      OR OTHERWISE PROTECTED MATERIAL

12.1. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Any inadvertent production of privileged or otherwise protected material that satisfies Federal Rule of Evidence 502(b) shall not be deemed to have waived the privilege or protection.

12.2. The disclosure through production of any Disclosure or Discovery Material that is otherwise privileged or protected work product shall, absent evidence to the contrary, be presumed to be inadvertent and, without more, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) to inadvertently-disclosed privileged or work product information.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12.3. Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or

Discovery Material and all copies to the Producing Party, or destroy such Discovery Material and certify that destruction to the Producing Party.

12.4. Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

13.   MISCELLANEOUS

13.1. <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Protective Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

13.2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Protective Order shall not constitute a waiver of the right of any Party to claim in these Actions or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in these Actions or any other proceeding.

PROTECTIVE ORDER GOVERNING CONF. MATERIAL
-26-       Master File No. 3:17-cv-00121-JAH-MSB

[[DMS:5197556v1:05/15/2019--03:24 PM]]

13.3. <u>Filing Protected Material</u>. No document may be filed under seal, except pursuant to a court order that authorizes the sealing of the particular document, or portion of the document. A sealing order may issue only upon a showing that the information is privileged or protectable under the law. The request must be narrowly tailored to seek sealing only of the confidential or privileged material.

13.4. To file a document under seal, the filing party must comply with the procedures explained in Section 2.j of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California and Civil Local Rule 79.2. In addition, a filing party must file a redacted version of any document that it seeks to file under seal. The document must be titled to show that it corresponds to an item filed under seal, e.g., 'Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment.' The filing party should file the redacted document(s) simultaneously with a joint motion or ex parte application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request.

13.5. <u>Termination of Actions and Retention of Jurisdiction</u>. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned Actions pursuant to Section 15. The Court shall retain jurisdiction after Final Disposition of these Actions to hear and resolve any disputes arising out of this Protective Order.

13.6. <u>Successors</u>. This Protective Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

13.7. <u>Burdens of Proof</u>. Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

13.8. <u>Discovery Rules Remain Unchanged</u>. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Southern District of California, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Southern District of California, or the Court's own orders.

13.9. <u>Court Permission to File Under Seal</u>. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document, or portion thereof, under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing

counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application to notify the Court that an opposition to the application will be filed.

13.10.    <u>Court Authority to Modify</u>. The Court may modify the Protective Order in the interests of justice or for public policy reasons on its own initiative.

14.    <u>FINAL DISPOSITION</u>

14.1. Unless otherwise ordered or agreed in writing, within 90 days after the final disposition of this Action, as defined in Section 4, each Receiving Party, including Outside Counsel for each Receiving Party, shall destroy or return all Protected Material, including Protected Material of any other Party or Non-Party included in work product, pleadings, motion papers, legal memoranda, correspondence, trial transcripts and trial exhibits admitted into evidence ("derivations"), with the exception that the obligation to destroy all copies of such Discovery Material shall not extend to copies stored in disaster recovery backups or other data sources that are not reasonably accessible. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Discovery Material. Whether the Discovery Material is returned or destroyed, the Receiving Party must submit a written certification to the respective outside counsel of the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 day deadline that (a) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (b) affirms that the Receiving Party has

not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Discovery Material. Any such archival copies that contain or constitute Protected Material stored in disaster recovery backups or other sources that are not reasonably accessible remain subject to this Protective Order as set forth in Section 4.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: May 27, 2019

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

By: */s/* Jonathan D. Uslaner
JONATHAN D. USLANER

Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
Richard D. Gluck (Bar No. 151675)
rich.gluck@blbglaw.com
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:  (858) 793-0070
Fax:  (858) 793-0323

  -and-

Salvatore Graziano (*pro hac vice*)
salvatore@blbglaw.com
Jeroen van Kwawegen
jeroen@blbglaw.com
Rebecca Boon (*pro hac vice*)
rebecca.boon@blbglaw.com
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Tel:  (212) 554-1493
Fax:  (212) 554-1444

PROTECTIVE ORDER GOVERNING CONF. MATERIAL
-30-    Master File No. 3:17-cv-00121-JAH-MSB

**MOTLEY RICE LLC**
Gregg S. Levin (*pro hac vice*)
glevin@motleyrice.com
Andrew P. Arnold (*pro hac vice*)
aarnold@motleyrice.com
Meghan Oliver (*pro hac vice*)
moliver@motleyrice.com
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9000
Fax: (843) 216-9450

-and-

William H. Narwold (*pro hac vice*)
bnarwold@motleyrice.com
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103

*Counsel for Lead Plaintiffs Sjunde AP-Fonden
and Metzler Asset Management GmbH, and
Lead Counsel for the Class*

Dated: May 27, 2019     **CRAVATH SWAINE & MOORE LLP**

By: */s/ Rachel G. Skaistis*
RACHEL G. SKAISTIS

Rachel G. Skaistis (*pro hac vice*)
rskaistis@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Brent Byars (*pro hac vice*)
mbyars@cravath.com
825 Eighth Avenue
New York, NY 10019
Tel:  (212) 474-1000
Fax:  (212) 474-3700

PROTECTIVE ORDER GOVERNING CONF.
MATERIAL
-31-     Master File No. 3:17-cv-00121-JAH-MSB

1

2    **COOLEY LLP**
     Steven M. Strauss
3    sms@cooley.com
     Koji F. Fukumura
4    kfukumura@cooley.com
     Peter M. Adams
5    padams@cooley.com
     4401 Eastgate Mall
6    San Diego, CA 92121
7    Tel:   (858) 550-6000
     Fax:   (858) 550-6420
8

9

10   *Counsel for Defendants Qualcomm*
     *Incorporated, Derek K. Aberle, Steven R.*
11   *Altman, Donald J. Rosenberg, William F.*
     *Davidson, Paul E. Jacobs, and Steven M.*
12   *Mollenkopf*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                        PROTECTIVE ORDER GOVERNING CONF.
                                             MATERIAL
28          -32-        Master File No. 3:17-cv-00121-JAH-MSB

1  PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

2  DATED: _____, 2019

3

4

5  _____
   Honorable Michael S. Berg
6  United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                  PROTECTIVE ORDER GOVERNING CONF.
                                                              MATERIAL
28              -33-        Master File No. 3:17-cv-00121-JAH-MSB

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Southern District of California on [date] in the case of *In re Qualcomm Incorporated Securities Litigation*, No. 17-cv-0121-JAH-MSB. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.


Date:_____

City and State where sworn and signed:_____

Printed name: _____

Signature: _____

_____

PROTECTIVE ORDER GOVERNING CONF. MATERIAL

-34-       Master File No. 3:17-cv-00121-JAH-MSB

[[DMS:5197556v1:05/15/2019--03:24 PM]]