# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE QUALCOMM INCORPORATED SECURITIES LITIGATION | Case No. 17-cv-00121-BEN-MSB<br><br>**ORDER GRANTING NON-PARTIES APPLE INC.; COMPAL ELECTRONICS, INC.; FIH MOBILE LTD.; HON HAI PRECISION INDUSTRY CO., LTD.; PEGATRON CORPORATION; AND WISTRON CORPORATION'S ASSENTED-TO MOTION TO SUPPLEMENT THE PROTECTIVE ORDER** |

WHEREAS Section 3.5 of the Protective Order in this action (ECF No. 78-1) states that its provisions are without prejudice to the right of any party to seek further or additional protection of any Discovery Material or to modify the Protective Order; and,

WHEREAS Section 10.1 of the Protective Order states that its provisions should not be construed as prohibiting a non-party from seeking additional

- 1 -

ORDER GRANTING NON-PARTIES APPLE INC.; COMPAL ELECTRONICS, INC.; FIH MOBILE LTD.; HON HAI PRECISION INDUSTRY CO., LTD; PEGATRON CORPORATION; AND WISTRON CORPORATION'S ASSENTED-TO MOTION TO SUPPLEMENT THE PROTECTIVE ORDER

CASE NO. 17-cv-00121-BEN-MSB

protections for its confidential materials; and

WHEREAS now before the Court is Non-Parties Apple Inc. ("Apple"), Compal Electronics, Inc. ("Compal"), Hon Hai Precision Industry Co., Ltd. ("Hon Hai"), FIH Mobile Ltd. ("FIH"), Pegatron Corporation ("Pegatron"), and Wistron Corporation's ("Wistron," and collectively, the "CMs") Assented-To Motion to Supplement the Protective Order;

WHEREFORE, IT IS HEREBY ORDERED, that the terms of the Protective Order apply to "APPLE PROTECTED MATERIAL" and "CM PROTECTED MATERIAL" (as defined below), except as modified below:

1. **DEFINITIONS**

    1.1. "APPLE MATERIAL": any Disclosure or Discovery Materials produced by, deemed produced by, reproduced on behalf of, or with the consent of Apple, or obtained from Apple witnesses. For such material, the Apple will be deemed a "Producing Party" as that term is used here and in the Protective Order.

    1.2. "CM MATERIAL": any Disclosure or Discovery Materials originally produced by, deemed produced by, reproduced on behalf of, or with the consent of Compal, Hon Hai, FIH, Pegatron, or Wistron, or obtained from Compal, Hon Hai, FIH, Pegatron, or Wistron witnesses. For such material, the respective CM will be deemed a "Producing Party" as that term is used here and in the Protective Order.

    1.3. "APPLE CONFIDENTIAL" Information or Items: any APPLE MATERIAL previously designated by Apple as CONFIDENTIAL, APPLE CONFIDENTIAL, SD CAL CONFIDENTIAL, or any variant of "CONFIDENTIAL" in the FTC Litigation, Apple Litigation, CM Litigation, or ITC Litigation.

    1.4. "APPLE HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: any APPLE MATERIAL previously designated by Apple as

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, APPLE HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, SD CAL HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, CONFIDENTIAL BUSINESS INFORMATION, or any variant of "HIGHLY CONFIDENTIAL" in the FTC Litigation, Apple Litigation, CM Litigation, or ITC Litigation.

1.5. "APPLE PROTECTED MATERIAL": any APPLE CONFIDENTIAL or APPLE HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items.

1.6. "CM CONFIDENTIAL" Information or Items: any CM MATERIAL previously designated by Compal, Hon Hai, FIH, Pegatron, or Wistron as CONFIDENTIAL, COMPAL CONFIDENTIAL, FOXCONN CONFIDENTIAL, PEGATRON CONFIDENTIAL, WISTRON CONFIDENTIAL, SD CAL CONFIDENTIAL, or any variant of "CONFIDENTIAL" in the FTC Litigation, Apple Litigation, CM Litigation, or ITC Litigation.

1.7. "CM HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: any CM MATERIAL previously designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, COMPAL HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, FOXCONN HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, PEGATRON HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, WISTRON HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or any variant of "HIGHLY CONFIDENTIAL" in the FTC Litigation, Apple Litigation, CM Litigation, or ITC Litigation.

1.8. "CM PROTECTED MATERIAL": any CM CONFIDENTIAL or CM HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items.

1.9. "Outside Counsel of Record": attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party in connection with

this Action and have entered an appearance on behalf of that Party in this Action, as well as other attorneys or support staff employed by the same firm as one of the attorneys who has entered an appearance on behalf of one of the Parties in this Action, to whom it is reasonably necessary to disclose the information for this Action.

## 2. ACCESS TO AND USE OF PROTECTED MATERIAL

2.1. <u>Confidential Material.</u>  Except as modified herein, APPLE CONFIDENTIAL and CM CONFIDENTIAL Information and Items shall be treated in accordance with the provision of the Protective Order that govern the treatment of CONFIDENTIAL Information and Items.

2.2. <u>Disclosure of APPLE CONFIDENTIAL or CM CONFIDENTIAL Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Information or Item designated APPLE CONFIDENTIAL or CM CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record, and any copying or clerical litigation support services working at the direction of such Outside Counsel of Record or employees thereof (1) who do not provide commercial advice (as opposed to legal advice) to the Receiving Party and (2) to whom it is reasonably necessary to disclose the information for this Action;

(b) five (5) or fewer House Counsel or other agreed-upon Party representatives identified and agreed upon between the Party, on one hand, and Apple (for APPLE CONFIDENTIAL Information or Items) or Compal, Hon Hai, FIH, Pegatron, and/or Wistron (for CM CONFIDENTIAL Information or Items respectively) on the other hand, prior to any disclosure, (1) to whom disclosure is reasonably necessary for this Action, (2) who are not involved in competitive decision- making (as opposed to legal advice), as defined by *U.S. Steel v. United*

- 4 -

*States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party, or a competitor of a Party, relating to the cellular industry, and (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as well as their support staff to whom disclosure is reasonably necessary, provided that such support staff are not involved in competitive decision-making and have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (c)    experts (as defined in the Protective Order) retained by the Receiving Party to whom disclosure is reasonably necessary for this litigation provided that (1) such Expert has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); (2) such Expert has no involvement in competitive decision-making (as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984)) for the Receiving Party; (3) to the extent required by U.S. government export control and economic sanctions laws, including the U.S. Export Administration Regulations, such Expert accesses the Protected Material in the United States only, and does not transport such Protected Material to or access them from any foreign jurisdiction; and (4) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 7.6 of the Protective Order and Section 2.5 of this Supplemental Protective Order;

      (d)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (e)    the Court and its personnel;

      (f)    court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

- 5 -

ORDER GRANTING NON-PARTIES APPLE INC.; COMPAL ELECTRONICS, INC.; FIH MOBILE LTD.; HON HAI PRECISION INDUSTRY CO., LTD; PEGATRON CORPORATION; AND WISTRON CORPORATION'S ASSENTED-TO MOTION TO SUPPLEMENT THE PROTECTIVE ORDER

CASE NO. 17-CV-00121-BEN-MSB

    (g) during their testimony or in preparation for their testimony, witnesses in this Action and their counsel to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Such disclosure may only occur for the purpose of assisting the preparation or examination of the witness;

    (h) the Designating Party or its employees, the author or recipient of a document containing the information, or a custodian or other person who otherwise possessed or knew the information;

    (i) any mediator who is assigned to hear this Action, and his or her staff, subject to the agreement to maintain confidentiality to the same degree as required by the Protective Order; and

    (j) any other person upon Order of the Court.

  2.3. <u>Highly Confidential Material.</u> Except as modified herein, APPLE HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and CM CONFIDENTIAL – ATTORNEYS' EYES ONLY Information and Items shall be treated in accordance with the provision of the Protective Order that govern the treatment of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information and Items.

  2.4. <u>Disclosure of APPLE HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or CM HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Information or Item designated APPLE HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or CM HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY only to:

    (a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record, and any copying or clerical

- 6 -

ORDER GRANTING NON-PARTIES APPLE INC.; COMPAL ELECTRONICS, INC.; FIH MOBILE LTD.; HON HAI PRECISION INDUSTRY CO., LTD; PEGATRON CORPORATION; AND WISTRON CORPORATION'S ASSENTED-TO MOTION TO SUPPLEMENT THE PROTECTIVE ORDER
  CASE NO. 17-CV-00121-BEN-MSB

litigation support services working at the direction of such Outside Counsel of Record or employees thereof (1) who are not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), (as opposed to legal advice) on behalf of a Party or a competitor of a Party relating to the cellular industry, and (2) to whom it is reasonably necessary to disclose the information for this litigation;

    (b) experts (as defined in the Protective Order) retained by the Receiving Party to whom disclosure is reasonably necessary for this litigation provided that (1) such Expert has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); (2) such Expert has no involvement in competitive decision-making (as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984)) for the Receiving Party; (3) to the extent required by U.S. government export control and economic sanctions laws, including the U.S. Export Administration Regulations, such Expert accesses the Protected Material in the United States only, and does not transport such Protected Material to or access them from any foreign jurisdiction; and (4) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 7.6 of the Protective Order and Section 2.5 of this Supplemental Protective Order;

    (c) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d) the Court and its personnel;

    (e) court reporters and their staff to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A)

<1234>
- 7 -

ORDER GRANTING NON-PARTIES APPLE INC.; COMPAL ELECTRONICS, INC.; FIH MOBILE LTD.; HON HAI PRECISION INDUSTRY CO., LTD; PEGATRON CORPORATION; AND WISTRON CORPORATION'S ASSENTED-TO MOTION TO SUPPLEMENT THE PROTECTIVE ORDER    CASE NO. 17-CV-00121-BEN-MSB

(f) the Designating Party or its employees, the author or recipient of a document containing the information, or a custodian or other person who otherwise possessed or knew the information;

(g) any mediator who is assigned to hear this Action, and his or her staff, subject to the agreement to maintain confidentiality to the same degree as required by the Protective Order; and

(h) any other person upon Order of the Court.

2.5. <u>Procedures for Approving or Objecting to Disclosures of Protected Material to Experts.</u>

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, prior to disclosing any APPLE PROTECTED MATERIAL or CM PROTECTED MATERIAL to any Expert who is or has been, within five years prior to the disclosure, employed or retained by Qualcomm, by a Qualcomm customer or competitor, or who anticipates becoming employed or retained by Qualcomm or a Qualcomm customer or competitor, or who is or has been, within five years prior to the disclosure, employed or retained by Apple or a CM, by an Apple or CM customer or competitor, or who anticipates becoming employed or retained by Apple, a CM, or an Apple or CM customer or competitor (referenced below as "Person"), the Party seeking to disclose such APPLE PROTECTED MATERIAL or CM PROTECTED MATERIAL first must make a written request to the Designating Party that:

(i) sets forth the full name of the Expert, the city and state of his or her residence, and his or her country of citizenship, and

(ii) states the present employer and the title of the Person;

(iii) for any Expert, includes (a) an up-to-date curriculum vitae of the Person (including the Person's name and business/professional title and business address); (b) any previous or current relationship (personal or professional)

ORDER GRANTING NON-PARTIES APPLE INC.; COMPAL ELECTRONICS, INC.; FIH MOBILE LTD.; HON HAI PRECISION INDUSTRY CO., LTD; PEGATRON CORPORATION; AND WISTRON CORPORATION'S ASSENTED-TO MOTION TO SUPPLEMENT THE PROTECTIVE ORDER      CASE NO. 17-CV-00121-BEN-MSB

with Qualcomm, any Qualcomm customer, licensee or competitor, Apple, any CM, any Apple customer, licensee, or competitor, or any CM customer, licensee, or competitor, including direct relationships and relationships through entities owned or controlled by the Person, including but not limited to an identification of any individual or entity with or for whom the Person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of cellular baseband chipsets, cellular technology, cellular products or cellular subscriber services, or relating to the acquisition of intellectual property assets relating to cellular baseband chipsets, cellular technology, cellular products or cellular subscriber services; (c) a list of other cases in which the Person has testified (at trial or deposition) within the last five (5) years; (d) a list of all companies by which the Person has been employed within the last four (4) years, the dates of the employment, and a brief description of the subject matter of the employment; and (e) an identification of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims.

(b) Further, the Party seeking to disclose Protected Material of another Producing Party shall provide to the other Parties and to the Producing Party such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the Person. During the pendency of and for a period of two (2) years after the final resolution of these Actions, including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or patenting of cellular baseband chipsets, cellular

ORDER GRANTING NON-PARTIES APPLE INC.; COMPAL ELECTRONICS, INC.; FIH MOBILE LTD.; HON HAI PRECISION INDUSTRY CO., LTD; PEGATRON CORPORATION; AND WISTRON CORPORATION'S ASSENTED-TO MOTION TO SUPPLEMENT THE PROTECTIVE ORDER

CASE NO. 17-CV-00121-BEN-MSB

1 technology, cellular products or cellular subscriber services, or the acquisition of
2 intellectual property assets relating to cellular baseband chipsets, cellular
3 technology, cellular products or cellular subscriber services.

4       (c) A Party that makes a request and provides the information
5 specified in Sections 2.5(a) and 2.5(b) may disclose the subject Protected Material to
6 the identified Person unless, within seven (7) days of delivering the request and
7 providing all the information required to be disclosed by this section, the Party
8 receives a written objection from the Designating Party. Any such objection must be
9 in writing and set forth good cause for the objection. For purposes of this section,
10 "good cause" shall include an objectively reasonable concern that the Person will,
11 advertently or inadvertently, use or disclose Protected Materials in a way or ways
12 that are inconsistent with the provisions contained in the Protective Order. In the
13 absence of an objection at the end of the seven (7) day period, the Person shall be
14 deemed approved under the Protective Order. There shall be no disclosure of
15 Protected Material to the Person prior to expiration of this seven (7) day period.

16       (d) A Party that receives a timely written objection must meet and
17 confer with the Designating Party (through direct voice-to-voice dialogue; other
18 forms of communication are not sufficient) to try to resolve the matter by agreement
19 within seven (7) days of the written objection. If no agreement is reached, the Party
20 seeking to make the disclosure to the Person may file a motion as provided in Civil
21 Local Rule 7.1 seeking permission from the Court to do so. Any such motion must
22 describe the circumstances with specificity, set forth in detail the reasons why the
23 disclosure to the Person is reasonably necessary, assess the risk of harm that the
24 disclosure would entail, and suggest any additional means that could be used to
25 reduce that risk. In addition, any such motion must be accompanied by a competent
26 declaration describing the Parties' efforts to resolve the matter by agreement (i.e.,

- 10 -

ORDER GRANTING NON-PARTIES APPLE INC.; COMPAL ELECTRONICS,    CASE NO. 17-CV-00121-BEN-MSB
INC.; FIH MOBILE LTD.; HON HAI PRECISION INDUSTRY CO., LTD;
PEGATRON CORPORATION; AND WISTRON CORPORATION'S ASSENTED-
TO MOTION TO SUPPLEMENT THE PROTECTIVE ORDER

the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

(e) In any such proceeding, the Party opposing disclosure to the Person shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to the relevant Person.

## 3. <u>PROSECUTION/DEVELOPMENT BAR</u>

3.1. <u>Patent Prosecution Bar.</u> Absent the written consent of the Producing Party, any person who receives access to APPLE HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or CM HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall not be involved, directly or indirectly, in any of the following activities: (i) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the functionality, operation, and design of cellular baseband chipsets, cellular technology, cellular products or cellular subscriber services (generally or as described in any patent in suit), before any foreign or domestic agency, including the United States Patent and Trademark Office; and (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to the functionality, operation, and design of cellular baseband chipsets, cellular technology, cellular products or cellular subscriber services. These prohibitions are not intended to and shall not (i) preclude Counsel from participating in proceedings on behalf of a Party challenging the validity of any patent or on behalf of a Party responding to a challenge to the validity of a patent, or (ii) preclude Counsel from participating directly or indirectly in reexamination, inter partes review, covered business method review, or reissue proceedings on behalf of a patentee. These

prohibitions shall begin when the affected individual first receives access to APPLE HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or CM HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information materials until two (2) years after the date the affected individual ceases to have access to the materials.

3.2. <u>Development Bar.</u> Absent the written consent of the Producing Party, any Outside Counsel of Record or Expert who receives access to APPLE HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or CM HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall not be involved in performing hardware or software development work or product development work directly or indirectly intended for commercial purposes relating to the functionality, operation, and design of cellular baseband chipsets, cellular technology, cellular products or cellular subscriber services, which is not publicly known. These prohibitions shall begin when the affected individual first has access to APPLE HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or CM HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information until two (2) years after the date the affected individual ceases to have access to the materials.

## 4. **USE IN FILINGS OR AT TRIAL OR HEARINGS**

4.1. APPLE PROTECTED MATERIAL may not be disclosed, directly or indirectly, in an open hearing, filing, or proceeding without prior written consent from Apple. If the disclosing party wishes to obtain that consent from Apple, it should notify Apple's counsel of its intent to disclose such material at least seventy-two (72) hours in advance of such disclosure, and describe the materials to be disclosed with reasonable particularity. Otherwise, the disclosing party must first request that the courtroom be sealed, and that only those authorized to review APPLE PROTECTED MATERIAL remain during the presentation of such material, or seek to file such material under seal.

4.2. CM PROTECTED MATERIAL may not be disclosed, directly or indirectly, in an open hearing, filing, or proceeding without prior written consent from the applicable CM and any other third-party whose confidences are disclosed therein. If the disclosing party wishes to obtain that consent from the CM and, if applicable, any other third party, it should notify the CM's and, if applicable, other third-party's counsel of its intent to disclose such material at least seventy-two (72) hours in advance of such disclosure, and provide a copy of the materials to be disclosed. Otherwise, the disclosing party must first request that the courtroom be sealed, and that only those authorized to review CM PROTECTED MATERIAL remain during the presentation of such material, or seek to file such material under seal.

This Supplemental Protective Order incorporates by reference all provisions of the Protective Order entered by this Court on May 29, 2019 (Docket Nos. 78-1 & 79) to the extent not expressly referenced herein, except where there is a conflict between the terms of this Supplemental Protective Order and the May 29, 2019 Protective Order, in which case this Supplemental Protective Order shall govern.

**IT IS SO ORDERED.**

Dated: January 9, 2020

Honorable Michael S. Berg
United States Magistrate Judge