UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE QUALCOMM INCORPORATED SECURITIES LITIGATION | Case No.: 3:17-cv-00121-BEN-MSB<br><br>**ORDER DENYING MOTION TO RECONSIDER**<br><br>**[Doc. No. 167]** |

Before the Court is Defendants Qualcomm Incorporated, Derek A. Aberle, Steven R. Altman, William F. Davidson, Paul E. Jacobs, Steven M. Mollenkopf, and Donald J. Rosenberg's (collectively "Defendants") motion to reconsider denial of lead Plaintiffs' motion to seal (Doc. No. 165).

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud … of an adverse party, … or (6) any other reason justifying relief from the operation of the judgement." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id*.

1    Motions to reconsider are committed to the discretion of the trial court.  *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015, 108 S. Ct. 1752 (1988).  The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'"  *Corex Corp. v. United States*, 638 F.2d 119 (9th Cir. 1981); *accord LaFarge Conseils et Etudes, S.A. v. Kaiser Cement*, 791 F.2d 1334, 1338 (9th Cir. 1986).  Accordingly, "the clause is reserved for 'extraordinary circumstances.'" *Id*.

In its motion for reconsideration, Defendants summarily repeat arguments made in lead Plaintiffs' motion (Doc. No. 149), then make known its [Qualcomm's] anxiety that the Court may have inadvertently overlooked M. Brent Byars Declaration (Doc. No. 152)[1], when it denied Lead Plaintiffs' application to seal (Doc. No. 152).  In support, Defendants' highlight (*in bold font with italics*) the following from M. Brent Byars Declaration:

> "…*the portions of the **FTC Complaint in question have already been sealed in two other federal actions: by the District Court for the Northern District of California, and by the Court of Appeals for the Ninth Circuit, in the** Federal Trade Commission v. Qualcomm Incorporated matters*."

(Byars Decl. ¶ 10.)

---

[1]    "As set forth below, Qualcomm believes the Court may have inadvertently overlooked the Declaration of M. Brent Byars in support of Lead Plaintiffs' application, Dkt. 152, and therefore not fully considered the grounds for maintaining the records in question under seal."  (Doc. No. 167 at 1.)

Having considered the Defendants' motion and attached Declaration, lead Plaintiffs' original motion to seal[2], and the Order of denial (Doc. No. 165), the Court does not find extradinary circumstances, new or different facts, and/or circumstances that would justify reconsideration. The Court continues to find the subject documents to be of significance to the public, and neither party has presented a compelling reason that would outweigh the public's interest. Moreover, it bears noting that just because this or another Court has previously sealed a document does not mean it will seal it again, particularly at trial. Likewise, the fact that both sides agree to seal or that the documents are designated confidential under a protective order is insufficient cause for sealing. Lastly, while this Court found the documents to be of significance to the public, it provided the parties the option of withdrawing the documents, should they choose to do so rather than have them published on the public docket.

Accordingly, Defendants' motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

DATED: July 24, 2020

**Hon. Roger T. Benitez**
United States District Court

---

[2] The Court re-reviewed lead Plaintiff's Motion to Seal (Doc. No. 149), M. Brent Byars Declaration (Doc. No. 152), and the documents sought to be sealed.