# Exhibit 1

**Kate Aufses**

| | |
|---|---|
| **From:** | Marie Howick <mhowick@cravath.com> |
| **Sent:** | Friday, January 10, 2020 3:23 PM |
| **To:** | Jonathan D. Uslaner |
| **Cc:** | Rachel Skaistis; Yonatan Even; Brent Byars; Maya Khan; kfukumura@cooley.com; padams@cooley.com; phillipsjh@cooley.com; ctenbroeck@cooley.com; Richards, Stephen; Salvatore Graziano; Rich Gluck; Rebecca Boon; Lauren Cruz; Kyle Panton; glevin@motleyrice.com; Moriarty, Christopher; Kate Aufses; Oliver, Meghan; bnorton@motleyrice.com; Michelle Leung; Emily White |
| **Subject:** | Re:  In re Qualcomm Incorporated Securities Litigation, Case No. 3:17-cv-00121-BEN-MSB |

**[External]**

Jonathan,

As we told you on Monday, Defendants agree that the parties could treat prior depositions of Qualcomm employees that have been or will be re-produced in this case as taken in this case. As we also stated then, we have agreed to that based on our understanding and your representations that our agreement would significantly reduce the burden on Qualcomm and its employees by avoiding the need for further depositions on previously covered topics. We are willing to apply this same understanding to depositions of former Qualcomm employees, to the extent they were testifying about their former Qualcomm employment. Defendants of course reserve the right to object to the admission of testimony on grounds other than the fact that the deposition was taken in a different case, and to elicit additional testimony from such witnesses.

On Monday, you also proposed that to meaningfully limit discovery, the parties should also treat prior depositions of third parties as if taken in this case. While that proposal is far more expansive and far less obvious, in the spirit of compromise and based on your representation that such an agreement would eliminate the need for Lead Plaintiffs to take the depositions of any third parties who were previously deposed in the FTC Action (and given that only two of the third party witnesses on your deposition list were not previously deposed in the FTC Action), Defendants would agree that the parties can treat third-party depositions that have been or will be re-produced in this case as taken in this case for all intents and purpose, subject to the same reservation of rights discussed above.

With that agreement in place, however, we had expected that your proposal for discovery would be far better defined -- and frankly far narrower -- than the proposal set out in your email. Specifically, even though we have agreed to allow you to treat hundreds or even thousands of hours of deposition testimony as if taken in this case, you removed only two Qualcomm witnesses from your deposition list and did not make any proposals to limit the time you are asking to depose each witness.

The list, as reflected below, is simply untenable; it is not clear how many of the witnesses on your list will provide new testimony germane to the disclosures at issue in this case. Just to pick a couple of obvious examples, it is not clear why Plaintiffs need another deposition of Lou Lupin; Defendants already produced over 14 hours and 400 pages of deposition testimony from Mr. Lupin, who left the Company in August 2007, years before the class period began. Similarly, Defendants have produced over 6 hours and 190 pages of deposition testimony from Greg Cobb, who left the Company in November 2011, also before the class period began. Nearly all of the witnesses on your list have been deposed for hours, many have nothing to do with the disclosures at issue here, and most are not custodians in this case.

Under these circumstances, we cannot agree to your proposal to extend the case schedule. As we said on Monday, we would need a good reason justifying your request to depart from the ten-deposition presumption set forth in the Federal Rules, let alone to depose twice that many Qualcomm employees; we would need a good explanation for why you need additional deposition testimony from witnesses who have been deposed at length previously, especially those who are not even custodians in this case; we would need a firm commitment that the list of deponents you have now identified represents the complete list of individuals you will seek to depose, or at least something close to that; and we would need a firm commitment that you would not seek to re-depose prior deponents on the same topics on which they have been deposed already, not just a commitment not to ask them identical questions -- your email below provides none of that.

Your email also seems to claim that you will need time to review Qualcomm's upcoming productions before you conduct any depositions; as I noted above, however, most of the witnesses on your deposition list are not even custodians in this case and, in any event, we do not see any reason why Lead Plaintiffs would need to wait until every last document has been produced to conduct depositions. Your email also does not accurately reflect our discussion concerning the timing of our ESI production. We said we were endeavoring to substantially complete the production of custodial ESI documents by early February with hard copy documents to follow, and we are making significant efforts to do so, but given the large number of documents you have demanded we review, this timeline is not guaranteed. This is all the more reason to proceed now with depositions of non-custodial witnesses, to the extent you can reasonably justify the need to depose them.

Finally, your request for a stipulated extension once again reflects only Lead Plaintiffs' desired discovery, but still does nothing to allow Defendants to plan their discovery. Specifically, you are refusing to amend your initial disclosure list comprising well over 100 individuals and entities, and refuse to commit not to call individuals on that list that have not been deposed. As we have explained to you for months now, if Defendants have to seek discovery from the entirety of that list of individuals, then the extension you propose is woefully inadequate; Defendants, however, remain of the view that nothing about this case could justify such expansive discovery efforts. Given Defendants' agreement that the parties can treat previously-taken depositions produced in this case as if they were taken in this case, providing Lead Plaintiffs with deposition testimony from multiple dozens of witnesses, we ask again that you disclose now all the witnesses you intend to call live in this case and commit not to call further witnesses except by deposition, so that Defendants can finally begin to plan their discovery in this case.

Marie

On Jan 7, 2020, at 6:48 PM, Jonathan D. Uslaner <JonathanU@blbglaw.com> wrote:

Rachel,

During yesterday's meet-and-confer, you requested further information about Lead Plaintiffs' deposition plan as a precursor to agreement on deponents and the schedule. Please see below, and get back to us by Thursday on our proposed plan, so that we may present any remaining disputes to the Court.

<u>Deposition Plan</u>: This case involves a five-year class period, six individual defendants, dozens of non-parties, and nearly 3.3 million pages of documents produced in response to the FTC Requests alone. From our count, over 60 witnesses were deposed in the FTC and related cases. Here, as set forth below, our proposal seeks to limit the overall number of depositions in this Action to far fewer than in those actions and avoid any duplication to the fullest extent possible, assuming you agree that Lead Plaintiffs may rely fully on prior testimony of party and non-party witnesses from those actions.

You have stated that, given the prior testimony in the FTC and other actions, Lead Plaintiffs do not need to obtain as much deposition testimony as would otherwise be required. We agree that such prior testimony would enable Plaintiff to reduce the amount of deposition testimony taken in this Action if – and only if – Lead Plaintiffs are entitled to fully use those transcripts in this Action. Please confirm that Defendants will agree and do not contest that Lead Plaintiffs may use the deposition, trial transcripts, and videos thereof of any party or non-party witness from the prior actions, as if those depositions occurred in this case. *See* FRE 804(b)(1); FRCP 32(a)(8); *Hub v. Sun Valley Co.*, 682 F.2d 776, 778 (9th Cir. 1982) (explaining that the "requirements [of FRCP 32(a)(8)] have been construed liberally in light of the twin goals of fairness and efficiency," noting that "[w]e too believe that that the two lawsuits need not involve identical issues and parties"); 8A Fed. Prac. & Proc. Civ. § 2150 (3d ed.) ("a deposition can be offered against one who was a party to the former suit even though the party now using the deposition was not"). That agreement would go a great way to resolving our disputes and minimizing any schedule extensions as set forth below.

In the event that Defendants provide such confirmation, Lead Plaintiffs would be able to reduce the amount of deposition testimony they require in this Action. If Defendants refuse, however, Lead Plaintiffs would be required to take dozens of additional non-party depositions and ask questions duplicative of those asked in the FTC Action.

Assuming we have your agreement on Lead Plaintiffs' use of the prior testimony from the prior actions of all parties and non-parties, Lead Plaintiffs would agree (1) not to take the deposition of any of the non-Qualcomm current or former employees previously deposed in the FTC Action; (2) not to ask questions of any Qualcomm witness at his or her deposition in this Action that are duplicative of those asked of him or her in the FTC Action (other than for impeachment, foundation building, or to refresh their recollection); and (3) to discuss in good faith the duration of each such deposition before they occur, with the goal of making each deposition as short as possible and, where appropriate, agree to depositions that are shorter than the presumptive 7 hours.

Assuming we have your agreement on the above, we would intend to depose only the six named defendants; key Qualcomm executives who directly interacted with the Defendants about the subject matters of the false statements in this case; and key Qualcomm executives who helped prepare the Company's statements about its licensing model or spoke to investors about Qualcomm's licensing model. Our current list includes the below witnesses. As you know, however, we do not yet have your full production of documents in this case which may cause us to make changes to this list:

1. Derek Aberle
2. Steven Altman
3. Cristiano Amon
4. Greg Cobb
5. William "Bill" Davidson, Jr.
6. George Davis
7. Fabian Gonell
8. Michael Hartogs
9. Irwin Jacobs
10. Paul Jacobs
11. Warren Kneeshaw
12. James "Jim" Lederer
13. Louis Lupin
14. Steven Mollenkopf
15. Eric Reifschneider
16. Hank Robinson
17. Alex Rogers
18. Donald Rosenberg
19. David Wise
20. William Wyatt

Case schedule: Qualcomm's production to-date has consisted predominantly of its reproduction of materials from the FTC Action. You stated on yesterday's call that Qualcomm would complete its production of the ESI documents responsive to the Securities Action Requests by the start of February, with hardcopy documents to follow at an unidentified time thereafter. As discussed, this poses an issue, given the current fact discovery deadline in this case of March 3. We will, of course, need sufficient time to review these documents and conduct the above-listed depositions before the end of fact discovery. We do not believe it would be advisable to commence depositions before your production is complete, given that could require re-deposing witnesses we have already deposed.

Accordingly, we request that you either commit as part of our agreement to make the above witnesses available on dates certain for depositions after your production is complete (double or triple-tracking witnesses as needed in the short time period remaining before March 3) or jointly request that the fact discovery deadline be moved to June 5 or another date that would allow the above depositions to be scheduled on a reasonable basis (for us and the witnesses) after your production is complete. If you are unwilling to agree, we will bring this to the Court's attention by next week. We cannot delay this dispute any longer as the March 3 discovery cut off is fast approaching and we have been unable to agree to on a deposition plan or timetable.

Best,

Jonathan

**Jonathan D. Uslaner**
**BLB&G**
Bernstein Litowitz Berger & Grossmann LLP
2121 Avenue of the Stars, Suite 2575

Los Angeles, CA 90067
T 310-819-3472| jonathanu@blbglaw.com

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.