# Exhibit 2

1  CRAVATH, SWAINE & MOORE LLP
   Rachel G. Skaistis (*pro hac vice*)
2  rskaistis@cravath.com
   Yonatan Even (*pro hac vice*)
3  yeven@cravath.com
   Brent Byars (*pro hac vice*)
4  mbyars@cravath.com
   825 Eighth Avenue
5  New York, New York 10019-7475
   Telephone:  (212) 474-1000
6  Facsimile:   (212) 474-3700
7
   COOLEY LLP
8  Steven M. Strauss
   sms@cooley.com
9  Koji F. Fukumara
   kfukumara@cooley.com
10 Peter M. Adams
   padams@cooley.com
11 4401 Eastgate Mall
   San Diego, CA 92121
12 Telephone:  (858) 550-6000
   Facsimile:  (858) 550-6420
13
14
   Attorneys for Defendants
15 QUALCOMM INCORPORATED,
   DEREK K. ABERLE, STEVEN R.
16 ALTMAN, DONALD J. ROSENBERG,
   WILLIAM F. DAVIDSON, PAUL E.
17 JACOBS AND STEVEN M.
   MOLLENKOPF
18

19              UNITED STATES DISTRICT COURT

20            SOUTHERN DISTRICT OF CALIFORNIA

21

22                                    .   Case No. 3:17-cv-00121-BEN-MSB

23 IN RE QUALCOMM INCORPORATED
   SECURITIES LITIGATION                    **DEFENDANTS' RESPONSES AND**
24                                          **OBJECTIONS TO LEAD**
                                            **PLAINTIFFS' FIRST REQUEST FOR**
25                                          **PRODUCTION OF DOCUMENTS**

26

27

28

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and

2    the Local Civil Rules of the United States District Court for the Southern District of

3    California, Defendants Qualcomm Incorporated ("Qualcomm"), Derek K. Aberle, Steven

4    R. Altman, Donald J. Rosenberg, William F. Davidson, Paul E. Jacobs and Steven M.

5    Mollenkopf (collectively, "Defendants") hereby object and respond to Lead Plaintiffs

6    Sjunde AP-Fonden and Metzler Asset Management GmbH's First Request for Production

7    of Documents (the "Requests"), dated June 7, 2019.

8    Defendants provide these Responses, and any document produced in

9    response to the Requests, without waiver of or prejudice to (i) their right at any later time

10   to raise objections as to the relevance, materiality, privilege, work-product character or

11   admissibility as evidence, for any purpose, of (a) the Requests or any part thereof,

12   (b) statements made in these Responses to the Requests or any part thereof, or (c) any

13   information disclosed and/or any documents produced as part of Defendants' Responses

14   to the Requests or any part thereof; (ii) their right to object to the use of any documents

15   produced in response to these Requests in any subsequent proceedings or the trial of this

16   Action or any other action; or (iii) their right to object on any ground at any time to a

17   demand for further response to these Requests or other discovery requests in this Action.

18   Any response or objection or agreement to search for and produce in response to an

19   individual Request is not an acknowledgement or concession that the documents sought

20   exist or are in Defendants' possession, custody or control.

21   Defendants reserve the right to amend or supplement their responses and

22   objections to the Requests from time to time as appropriate.

23   **GENERAL OBJECTIONS AND RESPONSES**

24   The General Objections set forth below apply to the Requests generally

25   and to the Definitions, Instructions and the Individual Requests set forth therein.  Unless

26   otherwise stated, the General Objections shall have the same force and effect as if set

27

28   DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF
     DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

1

forth in full in response to each Definition, Instruction and Request.  Any undertaking to search for, or provide information or documents in response to, any Request is made subject to the General Objections.

1.      Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek to impose burdens or obligations on Defendants that are broader than, inconsistent with or not authorized under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of California, other applicable rules or laws, or any order entered by the Court in, or applicable to, this Action (the "Applicable Rules").  Subject to and without waiving any Objections, in responding to these Requests, Defendants will construe the Requests in accordance with the Applicable Rules.

2.      Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, on the grounds that they seek documents or information that come within the scope of the attorney-client privilege, the work-product doctrine, the common interest or joint defense privilege or any other applicable privilege or immunity, or that otherwise are exempted from disclosure.  Defendants hereby claim such privileges and protections to the extent implicated by the Requests and excludes privileged or protected material from its responses to the Requests.  Any disclosure of such privileged or protected material in response to the Requests is inadvertent and not intended to waive those privileges and protections.  Defendants reserve the right to demand that Lead Plaintiffs return, destroy or sequester any privileged or protected documents produced and all copies thereof consistent with the Applicable Rules or the terms and conditions of the Protective Order entered on May 29, 2019 (the "Protective Order").

3.      Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent they purport to require

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

2

Defendants to produce documents without any date restriction and therefore seek documents that are not relevant to any party's claim or defense or proportional to the needs of the case.  Defendants are willing to meet and confer with Lead Plaintiffs to determine an appropriate time period for the Requests.

4. Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek documents that are cumulative or duplicative.

5. Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they purport to require Defendants to conduct anything beyond a reasonable and diligent search for readily accessible documents (including electronic documents) from readily available sources (including electronic sources) where responsive documents reasonably would be expected to be found, and to the extent that the Requests purport to require Defendants to exceed their obligations under the Applicable Rules.

6. Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they purport to impose an obligation to produce any information or documents that are newly created or received after the receipt of Requests, because efforts to produce such information or documents would be unduly burdensome and require unreasonable expense.

7. Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they purport to require Defendants to draw subjective or legal conclusions, or are predicated on subjective or legal conclusions or arguments.  Subject to and without waiving any objections, Defendants state that any response, production of documents or provision of information in response to the Requests is not intended to provide, and shall not constitute or be construed as providing, an admission concerning any of the terms used in the Requests.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

3

8.      Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that the Requests, Definitions or Instructions contain inaccurate, incomplete or misleading descriptions of the facts, persons, relationships and/or events underlying the Action.  Defendants further object to the Requests, including the Definitions and Instructions set forth therein, to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place.  Any response, production of documents or provision of information in response to the Requests is not intended to provide, and shall not constitute or be construed as providing, an admission that any factual predicates stated in the Requests are accurate.

9.      Defendants object generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that the Requests, Definitions or Instructions seek any information produced to Qualcomm by a third party in a separate action subject to a separate Protective Order and which are not in Defendants' possession, custody or control.

10.      Defendants object generally to the Requests to the extent that the Requests purport to require production of documents within 30 days on the grounds that such a request is unreasonable and unduly burdensome.

11.      Defendants object generally to Definition No. 57, defining the term "SSO(s)", as vague, overbroad and not relevant to claims or defenses of the parties to the extent it encompasses organizations, groups, joint ventures or consortiums other than the following twelve standard development organizations:  The Third Generation Partnership Project ("3GPP"); The Third Generation Partnership Project 2 ("3GGP2"), the Association of Radio Industries and Businesses ("ARIB"), the Alliance for Telecommunications Industry Solutions ("ATIS"), the China Communications Standards Association ("CCSA"), the European Telecommunications Standards Institute ("ETSI"),

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

4

the Institute for Electrical and Electronics Engineers ("IEEE"), the International Telecommunication Union ("ITU"), the Telecommunications Industry Association ("TIA"), the Telecommunications Standards Development Society, India ("TSDSI"), the Telecommunications Technology Association ("TTA"), and the Telecommunication Technology Committee ("TTC").

12.     Defendants object generally to Definition No. 63, defining the terms "You", "Your" and "Qualcomm" as vague, over-broad and, as used in the Requests, calling for material not relevant to claims or defenses of either party to this Action to the extent that it encompasses Qualcomm's "partnerships, joint ventures and/or affiliates", which are not parties to this Action, and their "directors, officers, trustees, employees, attorneys, agents, managers, [or] representatives".  Unless otherwise stated, Defendants will interpret "You", "Your" and "Qualcomm" to include only Qualcomm Incorporated, Derek K. Aberle, Steven R. Altman, Donald J. Rosenberg, William F. Davidson, Paul E. Jacobs, Steven M. Mollenkopf, and their "predecessors, successors, subsidiaries, departments, divisions [and] operating segments", including Qualcomm Technologies Inc. ("QTI"), Qualcomm CDMA Technologies ("QCT") and Qualcomm Technology Licensing ("QTL"), and their directors, officers, employees, divisions and subsidiaries.

13.     Defendants will begin producing responsive documents on July 19, 2019, including those documents produced in *Federal Trade Commission v. Qualcomm Incorporated*, No. 5:17-cv-00220-LHK (N.D. Cal.) and *In re Qualcomm Antitrust Litigation*, No. 5:17-md-2773 (N.D. Cal.) (collectively, the "N.D. Cal. Actions").  Defendants will continue producing documents on a rolling basis, and will meet and confer with the Lead Plaintiffs regarding a reasonable production schedule and a date to exchange privilege logs.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

5

14.     In response to the Requests, Defendants will produce the following Requests for Production and responses to such requests made in the N.D. Cal. Actions: (1) April 3, 2015 Subpoena to Qualcomm Incorporated from the Federal Trade Commission; (2) April 29, 2016 Civil Investigative Demand to Qualcomm Incorporated from the Federal Trade Commission; (3) April 25, 2017 Plaintiff Federal Trade Commission's First Set of Requests for Production to Qualcomm, Inc.; (4) January 1, 2018 Plaintiff Federal Trade Commission's Second Set of Requests for Production to Qualcomm, Inc.; (5) January 31, 2018 Plaintiff Federal Trade Commission's Third Set of Requests for Production to Qualcomm, Inc.; (6) February 7, 2018 Plaintiff Federal Trade Commission's Fourth Set of Requests for Production to Qualcomm, Inc.

## SPECIFIC OBJECTIONS AND RESPONSES

Defendants submit the following Specific Objections and Responses to the Requests.  The absence of a Specific Objection to a Request is not an admission that documents responsive to the Request exist.  Moreover, Defendants hereby incorporate their General Objections into the Responses set forth below.

**REQUEST NO. 1:**  Documents, including organizational charts and lists, showing the names, periods of employment, job functions, direct reports, and lines of reporting for the officers and executive management of Qualcomm, including QCT & QTL, the Person(s) involved in licensing negotiations with any Third Party, and all other individuals affiliated with Qualcomm who may possess knowledge, Documents, or information relevant to this Action.

**RESPONSE:**  Defendants object to Request No. 1 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case, including to the extent it requests Defendants to produce information regarding all individuals affiliated with Qualcomm who may possess knowledge relevant to this Action.  Defendants further object to this Request on the ground that it is duplicative of other Requests, including Request No. 3.  Defendants

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

6

1   further object to this Request as being without any reasonable limitation as to time.  To

2   the extent Plaintiffs are seeking documents beyond the scope of the documents produced

3   in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

4           In response to Request No. 1, Defendants will produce in this Action all

5   non-privileged documents that were produced in response to requests by the plaintiffs in

6

7   the N.D. Cal. Actions.

8           **REQUEST NO. 2:**  Calendars and diaries for each of the Executive
    Defendants and current and former Qualcomm employees identified in Defendants'
9   Rule 26(a)(1) Disclosures.

10          **RESPONSE:**  Defendants object to Request No. 2 on the grounds that the

11  Request is overly broad and unduly burdensome and seeks documents that are neither

12  relevant to the claims or defenses of either party in this Action nor proportional to the

13  needs of the case.  Defendants further object to this Request as being without any

14  reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond

15  the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold

16

17  responsive documents on these bases.

18          In response to Request No. 2, Defendants will produce in this Action all

19  non-privileged documents that were produced in response to requests by the plaintiffs in

20  the N.D. Cal. Actions, and will conduct a reasonable search for such documents in the

21  files of William F. Davidson.

22

23          **REQUEST NO. 3:**  Documents Concerning the Executive Defendants'
    roles or responsibilities in the development, implementation, or enforcement of
24  Qualcomm's licensing policies or licensing practices.

25          **RESPONSE:**  Defendants object to Request No. 3 on the grounds that the

26  Request is overly broad and unduly burdensome and seeks documents that are not

27

28  DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF
    DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

    7

proportional to the needs of the case.  Defendants further object to this Request as being

without any reasonable limitation as to time.  Defendants further object to this Request on

the ground that it is duplicative of other Requests, including Request No. 1.  To the extent

Plaintiffs are seeking documents beyond the scope of the documents produced in the

N.D. Cal. Actions or a reasonable supplemental search, Defendants will withhold

responsive documents on these bases.

In response to Request No. 3, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.  Once Plaintiffs have reviewed the N.D. Cal. materials produced in response to this Request, Defendants are willing to meet and confer to discuss a limited production of additional materials.

**REQUEST NO. 4:**  Documents Concerning the FTC, KFTC, TFTC, EC, and JFTC Matters and investigations, including Your Communications with the FTC, KFTC, TFTC, EC, and JFTC about their investigations and the Matters.

**RESPONSE:**  Defendants object to Request No. 4 on the grounds that the

Request is overly broad and unduly burdensome and seeks documents that are not

proportional to the needs of the case.  Defendants further object to this Request to the

extent to which it seeks documents protected by the attorney-client privilege, the work

product doctrine and/or any other applicable privilege or protection. Defendants further

object to this Request on the ground that it is duplicative of other Requests, including

Request Nos. 5-13.  Defendants further object to this Request to the extent that these

documents are third-party documents outside Defendants' possession, custody or control.

To the extent Plaintiffs are seeking documents beyond the scope of the documents

produced in the N.D. Cal. Actions or a reasonable supplemental search, Defendants will

withhold responsive documents on these bases.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

8

In response to Request No. 4, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions, as well as documents sufficient to show the scope of Qualcomm's prior productions in the N.D. Cal. Actions, including Requests for Productions and Responses and Objections, search terms, and explanations of Qualcomm's use of Technology Assisted Review process.

**REQUEST NO. 5:**  Documents that were produced or received in connection with the FTC, KFTC, TFTC, EC, and JFTC Matters.

**RESPONSE:**  Defendants object to Request No. 5 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendant objects that "documents...received" is vague and ambiguous.  Defendants further object to this Request on the ground that it is duplicative of other Requests, including Request Nos. 4 and 6-13.  Defendants further object to this Request to the extent to which it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege or protection.  Defendants further object to this Request to the extent that these documents are third-party documents outside Defendants' possession, custody or control.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 5, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions, as well as documents sufficient to show the scope of Qualcomm's prior productions in the N.D. Cal. Actions, including Requests for Productions and

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

9

Responses and Objections, search terms, and explanations of Qualcomm's use of

Technology Assisted Review process.

**REQUEST NO. 6:** Documents Concerning testimony, interviews, statements, declarations, affidavits, transcripts, or admissions made or given, whether formal or informal, in connection with the FTC, KFTC, TFTC, EC, and JFTC Matters.

**RESPONSE:** Defendants object to Request No. 6 on the grounds that the

Request is overly broad and unduly burdensome and seeks documents that are not

proportional to the needs of the case.  Defendants further object to this Request on the

ground that it is duplicative of other Requests, including Request Nos. 4-5 and 7-13.

Defendants further object to this Request to the extent to which it seeks documents

protected by the attorney-client privilege, the work product doctrine and/or any other

applicable privilege or protection. Defendants further object to this Request to the extent

that these documents are third-party documents outside Defendants' possession, custody

or control.  To the extent Plaintiffs are seeking documents beyond the scope of the

documents produced in the N.D. Cal. Actions, Defendants will withhold responsive

documents on these bases.

In response to Request No. 6, Defendants will produce in this Action all

non-privileged documents that were produced in response to requests by the plaintiffs in

the N.D. Cal. Actions, as well as documents sufficient to show the scope of Qualcomm's

prior productions in the N.D. Cal. Actions, including Requests for Productions and

Responses and Objections, search terms, and explanations of Qualcomm's use of

Technology Assisted Review process.

**REQUEST NO. 7:** Documents Concerning subpoenas or document requests made in connection with the FTC, KFTC, TFTC, EC, and JFTC Matters.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

10

1    **RESPONSE:**  Defendants object to Request No. 7 on the grounds that the

2    Request is overly broad and unduly burdensome and seeks documents that are not

3    proportional to the needs of the case.  Defendants further object to this Request on the

4    ground that it is duplicative of other Requests, including Request Nos. 4-6 and 8-13.

5    Defendants further object to this Request to the extent to which it seeks documents

6    protected by the attorney-client privilege, the work product doctrine and/or any other

7    applicable privilege or protection.  Defendants further object to this Request to the extent

8    that these documents are third-party documents outside Defendants' possession, custody

9

10   or control. To the extent Plaintiffs are seeking documents beyond the scope of the

11   documents produced in the N.D. Cal. Actions, Defendants will withhold responsive

12   documents on these bases.

13          In response to Request No. 7, Defendants will produce in this Action all

14   non-privileged documents that were produced in response to requests by the plaintiffs in

15   the N.D. Cal. Actions, as well as documents sufficient to show the scope of Qualcomm's

16   prior productions in the N.D. Cal. Actions, including Requests for Productions and

17   Responses and Objections, search terms, and explanations of Qualcomm's use of

18   Technology Assisted Review process.

19          **REQUEST NO. 8:**  Documents Concerning the searches performed and

20   productions of Documents made in connection with the FTC, KFTC, TFTC, EC, and

21   JFTC Matters, including any search terms and search parameters utilized and any

22   "privilege logs" or other "logs" listing Documents withheld from the productions.

23          **RESPONSE:**  Defendants object to Request No. 8 on the grounds that the

24   Request is overly broad and unduly burdensome and seeks documents that are not

25   proportional to the needs of the case.  Defendants further object to this Request on the

26   ground that it is duplicative of other Requests, including Request Nos. 4-7 and 9-13.

27

28

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

11

Defendants further object to this Request to the extent to which it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege or protection.  Defendants further object to this Request to the extent that these documents are third-party documents outside Defendants' possession, custody or control.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 8, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions, as well as documents sufficient to show the scope of Qualcomm's prior productions in the N.D. Cal. Actions, including Requests for Productions and Responses and Objections, search terms, and explanations of Qualcomm's use of Technology Assisted Review process.

**REQUEST NO. 9:**  Responses to Interrogatories, responses to Requests for Admission, and responses to any other discovery requests made in connection with the FTC, KFTC, TFTC, EC, and JFTC Matters.

**RESPONSE:**  Defendants object to Request No. 9 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object to this Request on the ground that it is duplicative of other Requests, including Request Nos. 4-8 and 10-13. Defendants further object to this Request to the extent that these documents are third-party documents outside Defendants' possession, custody or control.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

12

N.D. Cal. Actions or a reasonable supplemental search, Defendants will withhold responsive documents on these bases.

==In response to Request No. 9, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions==, as well as responses to Interrogatories and responses to Requests for Admission made in connection with the N.D. Cal. Actions.

**REQUEST NO. 10:**  An unredacted copy of trial, hearing, deposition, or other exhibits in the FTC, KFTC, TFTC, EC, and JFTC Matters.

**RESPONSE:**  Defendants object to Request No. 10 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object to this Request on the ground that it is duplicative of other Requests, including Request Nos. 4-9 and 11-13. Defendants further object to this Request to the extent that these documents are third-party documents outside Defendants' possession, custody or control.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions or a reasonable supplemental search,  Defendants will withhold responsive documents on these bases.

In response to Request No. 10, Defendants will produce in this Action copies of trial, hearing, deposition or other exhibits in the N.D. Cal. Actions to the extent such materials are not precluded from production under applicable protective orders or other third party agreements.

**REQUEST NO. 11:**  An unredacted copy of orders or findings, whether preliminary or final, made in connection with the FTC, KFTC, TFTC, EC, and JFTC Matters or any other regulatory action or governmental investigation Concerning Qualcomm's licensing practices, as well as the Documents referenced or quoted in such orders or findings and any Documents Concerning such orders or findings.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

13

**RESPONSE:**  Defendants object to Request No. 11 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object to this Request on the ground that it is duplicative of other Requests, including Request Nos. 4-10 and 12-13. Defendants further object to this Request to the extent to which it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege or protection.  Defendants further object to this Request to the extent that these documents are third-party documents outside Defendants' possession, custody or control.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions or a reasonable supplemental search, Defendants will withhold responsive documents on these bases.

In response to Request No. 11, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions, as well as unredacted copies of the orders and filings made in the FTC Matter, subject to the requirements of the protective order in that action.

**REQUEST NO. 12:**  An unredacted copy of the Documents submitted to or filings made in connection with the FTC, KFTC, TFTC, EC, and JFTC Matters.

**RESPONSE:**  Defendants object to Request No. 12 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object to this Request on the ground that it is duplicative of other Requests, including Request Nos. 4-11 and 13. Defendants further object to this Request to the extent that these documents are third-party documents outside Defendants' possession, custody or control.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

14

N.D. Cal. Actions or a reasonable supplemental search, Defendants will withhold

responsive documents on these bases.

        ==In response to Request No. 12, Defendants will produce in this Action all==

==non-privileged documents that were produced in response to requests by the plaintiffs in==

==the N.D. Cal. Actions==, as well as unredacted copies of the documents and filings made in

the FTC Matter, subject to the requirements of the protective order in that action.

        **REQUEST NO. 13:**  Documents Concerning Qualcomm's actual or
potential violation of antitrust or anticompetition laws or regulatory or governmental
investigations relating to Qualcomm's licensing practices, including the likelihood or risk
of such violations or regulatory investigations.

        **RESPONSE:**  Defendants object to Request No. 13 on the grounds that

the Request is overly broad and unduly burdensome and seeks documents that are not

proportional to the needs of the case.  Defendants further object on the ground that the

phrase "potential violation of antitrust or anticompetition laws" is vague and ambiguous.

Defendants further object to this Request on the ground that it is duplicative of other

Requests, including Request Nos. 4-12.  Defendants further object to this Request to the

extent to which it seeks documents protected by the attorney-client privilege, the work

product doctrine and/or any other applicable privilege or protection.  Defendants further

object to this Request to the extent that these documents are third-party documents

outside Defendant's possession, custody or control.  To the extent Plaintiffs are seeking

documents beyond the scope of the documents produced in the N.D. Cal. Actions,

Defendants will withhold responsive documents on these bases.

        ==In response to Request No. 13, Defendants will produce in this Action all==

==non-privileged documents that were produced in response to requests by the plaintiffs in==

==the N.D. Cal. Actions.==

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

15

**REQUEST NO. 14:** Documents Concerning Qualcomm's licensing policies, licensing practices, or business model as it pertains to licensing or sale of Modem Chips, including any actual or potential changes to them, any forecasting of such changes or potential changes, and any impact of such changes or potential changes.

**RESPONSE:** Defendants object to Request No. 14 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case. Defendants further object to this Request as being without any reasonable limitation as to time. To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 14, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 15:** Documents Concerning Your actual or potential licenses, covenants, or other Agreements with OEMs or ASIC Manufacturers, including summaries, lists, or databases of Your license Agreements, covenants, or other Agreements with OEMs or ASIC Manufacturers.

**RESPONSE:** Defendants object to Request No. 15 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case. Defendants further object to this Request on the ground that it is duplicative of other Requests, including Request No. 16. Defendants further object to this Request as being without any reasonable limitation as to time. To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS: MASTER FILE NO. 3:17-cv-00121-BEN-MSB

16

In response to Request No. 15, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 16:**  Documents Concerning Your correspondence, negotiations, or other discussion with OEMs or ASIC Manufacturers about (1) actual or potential licenses, covenants, or other Agreements; (2) Qualcomm's licensing policies or licensing practices; or (3) royalty rates, payments, Incentives, discounts, rebates, or relief conditioned in any way on the use, amount of use, or percentage of use of Qualcomm's Modem Chips.

**RESPONSE:**  Defendants object to Request No. 16 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object to this Request on the ground that the phrase "other discussion" is vague and ambiguous.  Defendants further object to this Request on the ground that it is duplicative of other Requests, including Request No. 15.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.   Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 16, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 17:**  Documents Concerning Your SEPs.

**RESPONSE:**  Defendants object to Request No. 17 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are neither

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

17

relevant to the claims or defenses of either party nor proportional to the needs of the case. Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 17, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 18:**  Documents Concerning Cellular Standards, including the standardization process and Qualcomm's contributions to developing or influencing Cellular Standards or attempts to do so.

**RESPONSE:**  Defendants object to Request No. 18 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are neither relevant to the claims or defenses of either party nor proportional to the needs of the case. Defendants further object to this Request on the ground that it is duplicative of other Requests, including Request Nos. 19-20.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object on the ground that the phrases "influencing" or "attempts to do so" are vague and ambiguous. Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

18

==In response to Request No. 18, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.==

**REQUEST NO. 19:**  Documents Concerning Your Agreements, certifications, or declarations to the SSOs, including the Documents You provided to the SSOs in connection with Your Agreements, certifications, or declarations.

**RESPONSE:**  Defendants object to Request No. 19 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are neither relevant to the claims or defenses of either party nor proportional to the needs of the case. Defendants further object to this Request on the ground that it is duplicative of other Requests, including Request Nos. 18 and 20.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

==In response to Request No. 19, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.==

**REQUEST NO. 20:**  Documents Concerning FRAND, including Your understanding of the FRAND commitment and any attempts, whether directly or indirectly, to modify, explain, or influence that commitment or the meaning of that commitment, including through interactions with or presentations before the SSOs, including any submissions to SSOs, or sponsorships of individuals or institutions to comment on FRAND issues.

**RESPONSE:**  Defendants object to Request No. 20 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are neither

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

19

relevant to the claims or defenses of either party nor proportional to the needs of the case. Defendants further object on the ground that the phrases "understanding of", "explain[]" or influence that commitment or the meaning of that commitment", "interactions with" and "sponsorships of individuals or institutions to comment on FRAND issues" are vague and ambiguous.    Defendants further object to this Request on the ground that it is duplicative of other Requests, including Request Nos. 18-19.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 20, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 21:**  Documents Concerning intellectual property rights (IPR) policies or practices of cellular SSOs and FRAND commitments to cellular SSOs.

**RESPONSE:**  Defendants object to Request No. 21 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are neither relevant to the claims or defenses of either party nor proportional to the needs of the case. Defendants further object to this Request on the ground that it is duplicative of other Requests, including Request No. 22.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

20

documents beyond the scope of the documents produced in the N.D. Cal. Actions,

Defendants will withhold responsive documents on these bases.

In response to Request No. 21, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 22:**  Documents Concerning Your actual, potential, or alleged compliance or noncompliance with Your FRAND Agreements.

**RESPONSE:**  Defendants object to Request No. 22 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are neither relevant to the claims or defenses of either party nor proportional to the needs of the case. Defendants further object to this Request on the ground that it is duplicative of other Requests, including Request No. 21.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 22, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 23:**  Documents Concerning whether to grant licenses, covenants, or Agreements to a particular company or type of company (e.g., ASIC Manufacturers or OEMs who purchased a certain volume of Qualcomm Modem Chips or OEMs who purchased Qualcomm Modem Chips exclusively), including Qualcomm's failure to, refusal to, or preference not to license to or negotiate with such company or type of company.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

21

**RESPONSE:**  Defendants object to Request No. 23 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are neither relevant to the claims or defenses of either party nor proportional to the needs of the case. Defendants further object on the ground that the phrases "a particular company or type of company", "failure to" and "preference not to" are vague and ambiguous.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege. Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 23, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 24:**  Documents Concerning requests, offers, or demands by or to OEMs or ASIC Manufacturers for a license, covenant, or other Agreement, including any actual or potential negotiation for the same.

**RESPONSE:**  Defendants object to Request No. 24 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object to this Request on the grounds that it is duplicative of other Requests, including Request Nos. 15 and 16. Defendants further object to this Request on the ground that the phrases "requests, offers, or demands" and "potential negotiation" are vague and ambiguous.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

22

privilege, the work product doctrine and/or any other applicable privilege.  Defendants

further object to this Request as being without any reasonable limitation as to time.  To

the extent Plaintiffs are seeking documents beyond the scope of the documents produced

in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 24, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 25:**  Documents Concerning Your statements, requests, or assertions that an ASIC Manufacturer or other company was required to license their SEPs to Qualcomm or another entity.

**RESPONSE:**  Defendants object to Request No. 25 on the grounds that

the Request is overly broad and unduly burdensome and seeks documents that are not

proportional to the needs of the case.  Defendants further object to this Request on the

ground that the phrases "statements, requests, or assertions" and "another entity" are

vague and ambiguous.  Defendants further object to this Request to the extent it seeks

documents protected by the attorney-client privilege, the work product doctrine and/or

any other applicable privilege.  Defendants further object to this Request as being without

any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents

beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will

withhold responsive documents on these bases.

In response to Request No. 25, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

23

**REQUEST NO. 26:**  Documents Concerning any changes or potential changes or amendments to any license, covenant, or Agreement with an OEM or ASIC Manufacturer.

**RESPONSE:**  Defendants object to Request No. 26 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object to this Request on the ground that the phrase "changes or potential changes" is vague and ambiguous. Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 26, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 27:**   Documents Concerning Project Dragonfly, including Your refusal to license its members and Your efforts to block, limit, or destroy Project Dragonfly.

**RESPONSE:**  Defendants object to Request No. 27 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object to this Request on the ground that the phrase "block, limit, or destroy" is vague and ambiguous and misstates the facts.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

24

In response to Request No. 27, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 28:**  Documents Concerning Your keeping, or efforts to keep, Your licensing policies or licensing practices or Agreements with OEMs or ASIC Manufacturers confidential, non-public, or secret.

**RESPONSE:**  Defendants object to Request No. 28 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object to this Request on the grounds that it is duplicative of other Requests, including Request No. 16.  Defendants further object to this Request on the ground that the phrase "efforts to keep" is vague and ambiguous.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 28, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 29:**  Documents Concerning the WiMax Standard, including any Agreements Concerning the WiMax Standard; any efforts by You or others to block, renounce, discourage use of, or prevent adoption of the WiMax Standard; and Your Communications with Apple or any other OEMs about the WiMax Standard.

**RESPONSE:**  Defendants object to Request No. 29 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

25

proportional to the needs of the case.  Defendants further object to this Request on the ground that the phrases "efforts", "or others", "renounce" and "discourage use of" are vague and ambiguous.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 29, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 30:**  Documents Concerning royalty rates, actual or potential payments, Incentives, discounts, rebates, or relief conditioned in any way on the use, amount of use, or percentage of use of Qualcomm Modem Chips, including discussions, negotiations, and Agreements Concerning the same.

**RESPONSE:**  Defendants object to Request No. 30 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object to this Request on the grounds that it is duplicative of other Requests, including Request Nos. 16 and 31. Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

26

In response to Request No. 30, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 31:**  Documents Concerning Your efforts, whether successful or unsuccessful, to have or induce an OEM, or encourage an OEM, to purchase exclusively, almost exclusively, or to purchase a certain percentage of their Modem Chips from Qualcomm.

**RESPONSE:**  Defendants object to Request No. 31 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object on the ground that the phrases "efforts", "encourage", and "almost exclusively" are vague and ambiguous. Defendants further object to this Request on the grounds that it is duplicative of other Requests, including Request Nos. 16 and 30.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 31, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 32:**  Documents Concerning public statements or disclosures about: (a) Your licensing policies and licensing practices, including how You purportedly will license, have licensed, and have never refused to license ASIC Manufacturers; (b) Your licenses, covenants, or Agreements with ASIC Manufacturers; (c) Modem Chip sales and supply; (d) Modem Chip discounts; (e) patents and SEPs; or (f) alleged violations of antitrust, competition, contract, or similar laws and undertakings.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

27

**RESPONSE:** Defendants object to Request No. 32 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are neither relevant to the claims or defenses of the parties nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege. Defendants further object to this Request as being without any reasonable limitation as to time. To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions or a reasonable supplemental search, Defendants will withhold responsive documents on these bases.

In response to Request No. 32, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions. Once Plaintiffs have reviewed the N.D. Cal. materials produced in response to this Request, Defendants are willing to meet and confer to discuss a limited production of additional materials.

**REQUEST NO. 33:** Documents identifying or listing Your licensees or the categories of companies that You have or will license, including on Your Website.

**RESPONSE:** Defendants object to Request No. 33 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are neither relevant to the claims or defenses of the parties nor proportional to the needs of the case. Defendants further object to this Request as being without any reasonable limitation as to time. To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

28

In response to Request No. 33, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 34:** Documents Concerning Your representation that "[t]he mobile communications industry generally recognizes that a company seeking to develop, manufacture and/or sell products that use CDMA- and/or LTE-based Standards will require a patent license from us," including Your modification of this representation beginning with Your Form 10-K dated November 1, 2017.

**RESPONSE:** Defendants object to Request No. 34 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege. Defendants further object to this Request as being without any reasonable limitation as to time. To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions or a reasonable supplemental search, Defendants will withhold responsive documents on these bases.

In response to Request No. 34, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions. Once Plaintiffs have reviewed the N.D. Cal. materials produced in response to this Request, Defendants are willing to meet and confer to discuss a limited production of additional materials.

**REQUEST NO. 35:** Documents Concerning final or draft versions of Qualcomm's public Documents issued during the Class Period, including its Earnings Press Releases, SEC Filings, Investor Presentations, Press Releases, Earnings Call Transcripts, and Website, including Documents Concerning their preparation, meaning, accuracy, truthfulness, and completeness.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

29

**RESPONSE:** Defendants object to Request No. 35 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege. Defendants further object to this Request as being without any reasonable limitation as to time. To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions or a reasonable supplemental search, Defendants will withhold responsive documents on these bases.

In response to Request No. 35, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions. Once Plaintiffs have reviewed the N.D. Cal. materials produced in response to this Request, Defendants are willing to meet and confer to discuss a limited production of additional materials.

**REQUEST NO. 36:** Documents Concerning talking points or other materials You used or relied upon for, in advance of, or during calls or meetings with investors, securities analysts, or potential investors.

**RESPONSE:** Defendants object to Request No. 36 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are neither relevant to the claims or defenses of the parties nor proportional to the needs of the case. Defendants further object to this Request as being without any reasonable limitation as to time. To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions or a reasonable supplemental search, Defendants will withhold responsive documents on these bases.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

30

==In response to Request No. 36, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.==  Once Plaintiffs have reviewed the N.D. Cal. materials produced in response to this Request, Defendants are willing to meet and confer to discuss a limited production of additional materials.

**REQUEST NO. 37:**  Documents Concerning Your Communications with investors, securities analysts, or potential investors about Qualcomm's stock price, licensing policies or licensing practices, Modem Chips, or any investigation or action by any governmental agency or regulator.

**RESPONSE:**  Defendants object to Request No. 37 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are neither relevant to the claims or defenses of the parties nor proportional to the needs of the case. Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions or a reasonable supplemental search, Defendants will withhold responsive documents on these bases.

==In response to Request No. 37, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.==  Once Plaintiffs have reviewed the N.D. Cal. materials produced in response to this Request, Defendants are willing to meet and confer to discuss a limited production of additional materials.

**REQUEST NO. 38:**  Documents Concerning interviews between Qualcomm employees and media outlets Concerning (a) Qualcomm's licensing policies or licensing practices; or (b) royalty rates, payments, Incentives, discounts, rebates, or relief conditioned in any way on the use, amount of use, or percentage of use of Qualcomm's Modem Chips.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

31

1    **RESPONSE:**  Defendants object to Request No. 38 on the grounds that

2    the Request is overly broad and unduly burdensome and seeks documents that are not

3    proportional to the needs of the case.  Defendants further object to this Request on the

4    grounds that it is duplicative of other Requests, including Request No. 32.  Defendants

5    further object to this Request as being without any reasonable limitation as to time.  To

6    the extent Plaintiffs are seeking documents beyond the scope of the documents produced

7    in the N.D. Cal. Actions or a reasonable supplemental search, Defendants will withhold

8

9    responsive documents on these bases.

10    In response to Request No. 38, Defendants will produce in this Action all

11    non-privileged documents that were produced in response to requests by the plaintiffs in

12    the N.D. Cal. Actions.  Once Plaintiffs have reviewed the N.D. Cal. materials produced in

13    response to this Request, Defendants are willing to meet and confer to discuss a limited

14    production of additional materials.

15

16    **REQUEST NO. 39:**  Documents Concerning any meetings of, or
     presentations to, Qualcomm's Board of Directors or any of its subcommittees that
17    included discussion of Qualcomm's licensing policies or licensing practices, Modem
     Chip sales and supply, Modem Chip discounts or patents and SEPs or alleged antitrust
18    violations.

19    **RESPONSE:**  Defendants object to Request No. 39 on the grounds that

20    the Request is overly broad and unduly burdensome and seeks documents that are not

21    proportional to the needs of the case.  Defendants further object to this Request to the

22    extent it seeks documents protected by the attorney-client privilege, the work product

23    doctrine and/or any other applicable privilege.  Defendants further object to this Request

24    as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking

25

26

27    DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF
     DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

28                                            32

documents beyond the scope of the documents produced in the N.D. Cal. Actions,

Defendants will withhold responsive documents on these bases.

In response to Request No. 39, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 40:**  Documents Concerning notes from, or minutes of, meetings where Qualcomm's licensing policies or licensing practices, Modem Chip sales and supply, Modem Chip discounts or patents and SEPs, or alleged antitrust violations were discussed.

**RESPONSE:**  Defendants object to Request No. 40 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object to this Request on the ground that it is vague and ambiguous.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 40, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 41:**  Documents Concerning Your representations that Qualcomm "broadly license[s]," "licenses broadly," or is engaged in "broad-based licensing," including the preparation, meaning, accuracy, truthfulness, and completeness of the representations.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

33

**RESPONSE:**  Defendants object to Request No. 41 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object to this Request on the ground that it is vague and ambiguous.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions or a reasonable supplemental search, Defendants will withhold responsive documents on these bases.

In response to Request No. 41, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.  Once Plaintiffs have reviewed the N.D. Cal. materials produced in response to this Request, Defendants are willing to meet and confer to discuss a limited production of additional materials.

**REQUEST NO. 42:**  Documents Concerning Your representations that Qualcomm is "pro-competitive" or "promot[es] a highly competitive ... wireless industry," including the preparation, meaning, accuracy, truthfulness, and completeness of the representations. *See, e.g.*, Complaint ¶¶ 132, 144, 159, 166, 173, and 175.

**RESPONSE:**  Defendants object to Request No. 42 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object to this Request on the ground that it is vague and ambiguous.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

34

as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions or a reasonable supplemental search, Defendants will withhold responsive documents on these bases.

==In response to Request No. 42, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.==  Once Plaintiffs have reviewed the N.D. Cal. materials produced in response to this Request, Defendants are willing to meet and confer to discuss a limited production of additional materials.

**REQUEST NO. 43:**  Documents Concerning Qualcomm's competition and market share, including changes to Qualcomm's competition and market share and the reasons for such changes.

**RESPONSE:**  Defendants object to Request No. 43 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are neither relevant to the claims and defenses of the parties nor proportional to the needs of the case.  Defendants further object to this Request on the ground that it is vague and ambiguous.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.   Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

35

In response to Request No. 43, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 44:**  Documents Concerning any OEM or ASIC Manufacturer's exit from the industry or reduction of market share, including the reasons for their reduced market share or exit from the industry.

**RESPONSE:**  Defendants object to Request No. 44 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 44, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 45:**  Documents Concerning whether, or showing, directly or indirectly, that Qualcomm is anti-competitive, blocks competition, interferes with competition, reduces competition, or limits competition.

**RESPONSE:**  Defendants object to Request No. 45 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are neither relevant to the claims and defenses of the parties nor proportional to the needs of the case.  Defendants further object to this Request on the grounds that it is duplicative of other Requests, including Request No. 13.  Defendants further object to this Request on

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

36

the ground that it is vague and ambiguous.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 45, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 46:**  Documents Concerning Your actual, alleged, or potential efforts to block, harm, destroy, interfere with, reduce, or limit competition or any competitor or rival, including any OEM or ASIC Manufacturer.

**RESPONSE:**  Defendants object to Request No. 46 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are neither relevant to the claims and defenses of the parties nor proportional to the needs of the case.  Defendants further object to this Request on the ground that it is vague and ambiguous.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

37

In response to Request No. 46, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 47:**  Documents Concerning any demands, requests or requirements successfully or unsuccessfully imposed upon, agreed to, or accepted by ASIC Manufacturers using Your SEPs.

**RESPONSE:**  Defendants object to Request No. 47 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are neither relevant to the claims and defenses of the parties nor proportional to the needs of the case.  Defendants further object on the ground that the phrases "demands" and "imposed upon" are vague and ambiguous and misstate the facts. Defendants further object to this Request on the grounds that it is duplicative of other Requests, including Request Nos. 15, 16, 23, 24 and 31.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 47, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 48:**  Documents Concerning ASIC Manufacturers' reporting or providing to You information about their Customers, including the amount of Modem Chips sold to their Customers.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

38

**RESPONSE:** Defendants object to Request No. 48 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are neither relevant to the claims and defenses of the parties nor proportional to the needs of the case. Defendants further object on the ground that the phrase "information about their Customers" is vague and ambiguous. Defendants further object to this Request as being without any reasonable limitation as to time. To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 48, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 49:** Documents Concerning Your refusal to provide patent claim charts to OEMs or ASIC Manufacturers.

**RESPONSE:** Defendants object to Request No. 49 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case. Defendants further object on the ground that the phrase "refusal" is vague and ambiguous and misstate the facts. Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege. Defendants further object to this Request as being without any reasonable limitation as to time. To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS: MASTER FILE NO. 3:17-cv-00121-BEN-MSB

39

In response to Request No. 49, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 50:**  Documents Concerning whether Qualcomm adopts or employs different licensing policies or licensing practices in markets other than the Modem Chip market, including the Wi-Fi market.

**RESPONSE:**  Defendants object to Request No. 50 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object on the ground that the phrase "adopts or employs" is vague and ambiguous.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 50, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 51:**  Documents Concerning the relationship between QTL and QCT, including Documents Concerning Your keeping or not keeping, or trying to keep or not trying to keep, QTL and QCT separate, including Documents Concerning discussion or analyses of the costs or benefits of separating QTL and QCT.

**RESPONSE:**  Defendants object to Request No. 51 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object on the ground that the phrase "the relationship" is vague and ambiguous.  Defendants further object to this

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

40

Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 51, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 52:**  Documents Concerning Your bundling or combining the terms or negotiations of license Agreements and Modem Chip Agreements.

**RESPONSE:**  Defendants object to Request No. 52 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object on the ground that the phrase "the relationship" is vague and ambiguous.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 52, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 53:**  Documents Concerning QTL's involvement or role in the negotiation of Agreements relating to Qualcomm's Modem Chips.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

41

**RESPONSE:**  Defendants object to Request No. 53 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object on the ground that the phrase "involvement or role" is vague and ambiguous.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 53, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 54:**  Documents Concerning threats, warnings, or statements that Qualcomm would not supply, delay supply, or cut off supply of Modem Chips or technical support or software to an OEM, including because the OEM did not purchase, continue to purchase, or have a license to Qualcomm's SEPs.

**RESPONSE:**  Defendants object to Request No. 54 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object on the ground that the phrases "threats", "warnings", "delay supply" and "cut off supply" are vague and ambiguous and misstate the facts.  Defendants further object to this Request on the grounds that it is duplicative of other Requests, including Request No. 55. Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

42

time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 54, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 55:**  Documents Concerning QTL's involvement in any threats, warnings, or statements that Qualcomm would not supply, would delay supply, or would cut off supply of Modem Chips or technical support or software to an OEM, including because the OEM did not purchase, continue to purchase, or have a license to Qualcomm's SEPs.

**RESPONSE:**  Defendants object to Request No. 55 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object on the ground that the phrases "involvement", "threats", "warnings", "delay supply" and "cut off supply" are vague and ambiguous and misstate the facts.  Defendants further object to this Request on the grounds that it is duplicative of other Requests, including Request No. 54. Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

43

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In response to Request No. 55, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 56:**  Documents Concerning Qualcomm's refusal to sell Modem Chips to OEMs or potential OEMs unless those OEMs or potential OEMs agreed to obtain a license from Qualcomm.

**RESPONSE:**  Defendants object to Request No. 56 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object on the ground that the phrase "refusal" is vague and ambiguous and misstate the facts. Defendants further object to this Request on the grounds that it is duplicative of other Requests, including Request Nos. 25, 32 and 52.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 56, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 57:**  Documents Concerning threats, warnings, or statements that Qualcomm would not provide a discount, Incentives, rebate, or relief to an OEM, including because the OEM purchased a rival's Modem Chips or did not purchase a sufficient amount of Qualcomm Modem Chips or did not purchase Qualcomm's Modem Chips exclusively.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

44

**RESPONSE:** Defendants object to Request No. 57 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case. Defendants further object on the ground that the phrases "threats", "warnings", "rival", "sufficient supply" and "exclusively" are vague and ambiguous and misstate the facts. Defendants further object to this Request on the grounds that it is duplicative of other Requests, including Request Nos. 16, 23, 30, 31 and 58-59. Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege. Defendants further object to this Request as being without any reasonable limitation as to time. To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 57, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 58:** Documents Concerning any clawback provisions or actual or potential clawback of funds, payments, rebates, Incentives, or discounts provided to OEMs, including clawback provisions conditioned on the OEM's purchase of Qualcomm Modem Chips.

**RESPONSE:** Defendants object to Request No. 58 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case. Defendants further object to this Request on the grounds that it is duplicative of other Requests, including Request Nos. 16, 23, 30, 31, 57 and 59. Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

45

applicable privilege.  Defendants further object to this Request as being without any

reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond

the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold

responsive documents on these bases.

In response to Request No. 58, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 59:**  Documents Concerning any efforts to encourage, induce, or obtain Agreement from an OEM to purchase all, almost all, or a certain percentage of Modem Chips from Qualcomm.

**RESPONSE:**  Defendants object to Request No. 59 on the grounds that

the Request is overly broad and unduly burdensome and seeks documents that are not

proportional to the needs of the case.  Defendants further object on the ground that the

phrases "encourage" and "induce" are vague and ambiguous.  Defendants further object

to this Request on the grounds that it is duplicative of other Requests, including Request

Nos. 16, 23, 30, 31 and 57-58.  Defendants further object to this Request to the extent it

seeks documents protected by the attorney-client privilege, the work product doctrine

and/or any other applicable privilege.  Defendants further object to this Request as being

without any reasonable limitation as to time.  To the extent Plaintiffs are seeking

documents beyond the scope of the documents produced in the N.D. Cal. Actions,

Defendants will withhold responsive documents on these bases.

In response to Request No. 59, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

46

**REQUEST NO. 60:**  Documents Concerning QTL's or Qualcomm's request, requirement, or Agreement that an OEM or potential OEM agree to grant a royalty-free cross-license or grant-back license to QCT or Qualcomm to the OEM's patents.

**RESPONSE:**  Defendants object to Request No. 60 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 60, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 61:**  Documents Concerning Project Berlin or Project Phoenix.

**RESPONSE:**  Defendants object to Request No. 61 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

47

1    In response to Request No. 61, Defendants will produce in this Action all
2    non-privileged documents that were produced in response to requests by the plaintiffs in
3    the N.D. Cal. Actions.

4    **REQUEST NO. 62:**  Documents Concerning marketing funds, marketing
5    development funds, strategic funds, strategic incentives, strat funds, incentive funds,
     marketing incentives, rebates, discounts, Incentives, transition funds, chipset rebates
6    offered, not offered, agreed to, not agreed to, provided, or not provided to the OEMs or
7    other licensees.

8    **RESPONSE:**  Defendants object to Request No. 62 on the grounds that
9    the Request is overly broad and unduly burdensome and seeks documents that are not
10   proportional to the needs of the case.  Defendants further object to this Request on the
11   grounds that it is duplicative of other Requests, including Request Nos. 16, 23, 30, 31 and
12   57-59.  Defendants further object to this Request as being without any reasonable
13   limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of
14   the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive
15   documents on these bases.

16

17   In response to Request No. 62, Defendants will produce in this Action all
18   non-privileged documents that were produced in response to requests by the plaintiffs in
19   the N.D. Cal. Actions.

20   **REQUEST NO. 63:**  Documents Concerning the accounting or
21   accounting treatment of any marketing funds, marketing development funds, strategic
     funds, strategic incentives, strat funds, marketing incentives, rebates, discounts,
22   Incentives, transition funds, or chipset rebates, including what percentage of the
23   Incentives were allocated to QCT or QTL.

24   **RESPONSE:**  Defendants object to Request No. 63 on the grounds that
25   the Request is overly broad and unduly burdensome and seeks documents that are not
26   proportional to the needs of the case.  Defendants further object to this Request as being

27
28   DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF
     DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

48

without any reasonable limitation as to time.  To the extent Plaintiffs are seeking

documents beyond the scope of the documents produced in the N.D. Cal. Actions,

Defendants will withhold responsive documents on these bases.

In response to Request No. 63, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 64:**  Documents Concerning QTL's involvement in negotiating, funding, or paying Qualcomm's marketing funds, marketing development funds, strategic funds, strategic incentives, strat funds, marketing incentives, rebates, discounts, Incentives, transition funds, or chipset rebates.

**RESPONSE:**  Defendants object to Request No. 64 on the grounds that

the Request is overly broad and unduly burdensome and seeks documents that are not

proportional to the needs of the case.  Defendants further object to this Request as being

without any reasonable limitation as to time.  To the extent Plaintiffs are seeking

documents beyond the scope of the documents produced in the N.D. Cal. Actions,

Defendants will withhold responsive documents on these bases.

In response to Request No. 64, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 65:**  Documents Concerning any "carrots," "sticks," Incentives, or threats used or considered for use in the negotiations of Agreements with the OEMs, including strategic funds and rebates.

**RESPONSE:**  Defendants object to Request No. 65 on the grounds that

the Request is overly broad and unduly burdensome and seeks documents that are not

proportional to the needs of the case.  Defendants further object on the ground that the

phrases "carrots", "sticks" and "threats" are vague and ambiguous and misstate the facts.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

49

Defendants further object to this Request on the grounds that it is duplicative of other Requests, including Request Nos. 30, 57 and 62.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 65, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 66:**  Documents Concerning any rebates, discounts or Incentives offered or provided based on the recipient's commitment to use or not use any Cellular Standard, or prospective Cellular Standard, including the WiMax Standard.

**RESPONSE:**  Defendants object to Request No. 66 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 66, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 67:**  Documents Concerning the royalty rates, "all in" royalty rates, or "effective" royalty rates offered or charged to OEMs, including after factoring in or considering rebates, payments, or Incentives provided to the OEMs.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

50

**RESPONSE:** Defendants object to Request No. 67 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case. Defendants further object to this Request as being without any reasonable limitation as to time. To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 67, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 68:** Documents Concerning the royalty rates charged when (a) an OEM used a rival's Modem Chips instead of Qualcomm's Modem Chips; or (b) used Qualcomm's Modem Chips instead of a rival's Modem Chips.

**RESPONSE:** Defendants object to Request No. 68 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case. Defendants further object on the ground that the phrase "rival" is vague and ambiguous. Defendants further object to this Request as being without any reasonable limitation as to time. To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 68, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 69:** Documents Concerning Your requesting, demanding, or requiring that an OEM or ASIC Manufacturer grant Qualcomm a royalty-free license or cross-license to their patents, as part of their Agreement with Qualcomm.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS: MASTER FILE NO. 3:17-cv-00121-BEN-MSB

51

**RESPONSE:**  Defendants object to Request No. 69 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object on the ground that the phrase "demanding" is vague and ambiguous and misstates the facts.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 69, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 70:**  Documents Concerning the Apple-Qualcomm Agreements, including the negotiations of, amendments to, alleged breach of, and valuation of the Apple-Qualcomm Agreements.

**RESPONSE:**  Defendants object to Request No. 70 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

52

==highlight start==
In response to Request No. 70, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.
==highlight end==

**REQUEST NO. 71:**  Documents Concerning the IRS Interview.

**RESPONSE:**  Defendants object to Request No. 71 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are neither relevant to the claims and defenses of the parties nor proportional to the needs of the case.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

==highlight start==
In response to Request No. 71, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.
==highlight end==

**REQUEST NO. 72:**  Documents Concerning the actual or potential differences between any or all of the following: a license, covenant, covenant-not-to sue, covenant-not-to-sue-first, covenant-to-sue-last, or other Agreement.

**RESPONSE:**  Defendants object to Request No. 72 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are neither relevant to the claims or defenses of the parties nor proportional to the needs of the case. Defendants further object on the ground that the phrases "potential differences" and "other Agreement" are vague and ambiguous.  Defendants further object to this Request

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

53

to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 72, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 73:**  Non-privileged Documents Concerning Your settlements, Agreements to settle, or negotiations to settle any actual or potential claims or allegations that You violated FRAND commitments or antitrust, competition, or similar laws, including Your Agreement with Samsung referenced on page 114 of the FTC Order and Your Agreement to settle the NDRC matter referenced on page 8 of the FTC Order.

**RESPONSE:**  Defendants object to Request No. 73 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object on the ground that the phrase "similar laws" is vague and ambiguous.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 73, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 74:**  Documents Concerning Your requesting, encouraging, paying, demanding, or threatening that a Person(s) not report violations or

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

54

potential violations of FRAND commitments or antitrust, competition, or similar laws, including any Agreements Concerning the same.

**RESPONSE:** Defendants object to Request No. 74 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case. Defendants further object on the ground that the phrase "similar laws" is vague and ambiguous, and the phrase "requesting, encouraging, paying, demanding, or threatening" is vague and ambiguous and misstates the facts. Defendants further object to this Request on the grounds that it is duplicative of other Requests, including Request No. 76. Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege. Defendants further object to this Request as being without any reasonable limitation as to time. To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 74, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 75:** Documents Concerning Your requesting, encouraging, paying or demanding a Person(s) withdraw from any Agreements, including any common interest Agreements, pertaining to claims or potential claims that Qualcomm's practices violate antitrust, competition, contract, or similar laws or undertakings.

**RESPONSE:** Defendants object to Request No. 75 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case. Defendants further object on the ground that the phrase "similar laws or undertakings" is vague and ambiguous, and the phrase

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

55

"requesting, encouraging, paying, or demanding" is vague and ambiguous and misstates the facts.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

==In response to Request No. 75, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.==

**REQUEST NO. 76:**  Documents Concerning Your paying, requesting, encouraging, or demanding, whether directly or indirectly, that a Person(s) make or not make statements about Qualcomm or its licensing policies or licensing practices, including whether or not they violate antitrust, competition, contract, or similar laws or undertakings.

**RESPONSE:**  Defendants object to Request No. 76 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object on the ground that the phrase "similar laws or undertakings" is vague and ambiguous, and the phrase "requesting, encouraging, paying, or demanding" is vague and ambiguous and misstates the facts.  Defendants further object to this Request on the grounds that it is duplicative of other Requests, including Request No. 74.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

56

documents beyond the scope of the documents produced in the N.D. Cal. Actions,

Defendants will withhold responsive documents on these bases.

In response to Request No. 76, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 77:**  Documents Concerning Your attempts to block or prevent the discovery of or an actual or potential investigation into Your violations or potential violations of Your FRAND commitment or anti-competition laws, including any refusal by You to provide requested information to regulators or to block any other Person(s) from providing information to regulators.

**RESPONSE:**  Defendants object to Request No. 77 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object on the ground that the phrases "attempt to block or prevent", "potential investigation", and "block" are vague and ambiguous.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 77, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 78:**  Documents Concerning Your warnings to withhold, threats to withhold, withholding, or failure to make payments to Apple or any other OEM because they reported actual or potential violations of Your FRAND commitment or anticompetition laws or cooperated with authorities investigating any such violations.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

57

**RESPONSE:**  Defendants object to Request No. 78 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object on the ground that the phrases "warnings to withhold, threats to withhold", "failure to make payments" and "potential violations" are vague and ambiguous and misstate the facts. Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 78, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 79:**  Documents Concerning any allegations, complaints, concerns, or criticisms about Your licensing policies or licensing practices, including Documents Concerning Your public denials or attempts to minimize such allegations, complaints, concerns, or criticisms.

**RESPONSE:**  Defendants object to Request No. 79 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object on the ground that the phrases "allegations, complaints, concerns or criticisms" and "public denials or attempts to minimize" are  vague and ambiguous and misstate the facts.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

==In response to Request No. 79, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.==

**REQUEST NO. 80:**  Documents Concerning Your compliance or non-compliance with the injunction order imposed on May 21, 2019 in the FTC Matter.

**RESPONSE:**  Defendants object to Request No. 80 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are neither relevant to the claims and defenses of the parties nor proportional to the needs of the case.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

==In response to Request No. 80, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.==

**REQUEST NO. 81:**  Documents Concerning forecasting, or projecting the actual or potential impact to Qualcomm, including to its profits, revenues or cash flows, from any changes or potential changes to its licensing policies or licensing practices or business model, including granting licenses to competitors and not bundling or not combining Your license Agreements and sale of Modem Chips, and including any such changes or potential changes made in response to any orders, investigations, or findings in connection with the FTC, KFTC, TFTC, EC, and JFTC Matters.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

59

**RESPONSE:** Defendants object to Request No. 81 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 81, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 82:**  Documents Concerning the Executive Defendants' knowledge of Qualcomm's licenses, licensing policies, licensing practices, Agreements with ASIC Manufacturers and OEMs, royalty rates, payments, Incentives, discounts, rebates, or relief conditioned in any way on the use, amount of use, or percentage of use of Qualcomm's Modem Chips.

**RESPONSE:**  Defendants object to Request No. 82 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object on the ground that the phrase "knowledge of" is vague and ambiguous.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

60

N.D. Cal. Actions or a reasonable supplemental search, Defendants will withhold responsive documents on these bases.

In response to Request No. 82, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions. Once Plaintiffs have reviewed the N.D. Cal. materials produced in response to this Request, Defendants are willing to meet and confer to discuss a limited production of additional materials.

**REQUEST NO. 83:** Documents Concerning the Executive Defendants' access to Documents Concerning Qualcomm's licenses, Agreements with ASIC Manufacturers, Agreements with OEMs, licensing policies, or licensing practices.

**RESPONSE:** Defendants object to Request No. 83 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case. Defendants further object on the ground that the phrase "access to" is vague and ambiguous. Defendants further object to this Request as being without any reasonable limitation as to time. To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions or a reasonable supplemental search, Defendants will withhold responsive documents on these bases.

In response to Request No. 83, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions. Once Plaintiffs have reviewed the N.D. Cal. materials produced in response to this Request, Defendants are willing to meet and confer to discuss a limited production of additional materials.

**REQUEST NO. 84:** Documents Concerning the Executive Defendants' actual or potential purchase or sale of Qualcomm securities.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

61

**RESPONSE:**  Defendants object to Request No. 84 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of a reasonable search, Defendants will withhold responsive documents on these bases.

Defendants are willing to meet and confer regarding this Request.

**REQUEST NO. 85:**  Documents Concerning any Rule 10b5-1 trading plan(s) entered into by any Executive Defendant that was in effect during the Class Period, including Documents Concerning when and why each Executive Defendant entered into the plan(s).

**RESPONSE:**  Defendants object to Request No. 85 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  To the extent Plaintiffs are seeking documents beyond the scope of a reasonable search, Defendants will withhold responsive documents on these bases.

Defendants are willing to meet and confer regarding this Request.

**REQUEST NO. 86:**  Documents Concerning Qualcomm's compensation policy and the Executive Defendants' compensation, including any reviews of the Executive Defendants' compensation or work performance.

**RESPONSE:**  Defendants object to Request No. 86 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of a reasonable search, Defendants will withhold responsive documents on these bases.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

62

1                Defendants are willing to meet and confer regarding this Request.

2                **REQUEST NO. 87:**  Documents Concerning Paul Jacob's and Derek Aberle's departures or terminations from Qualcomm, including the reasons for their terminations or departures.

                **RESPONSE:**  Defendants object to Request No. 87 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are neither relevant to the claims and defenses of the parties nor proportional to the needs of the case.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of a reasonable search, Defendants will withhold responsive documents on these bases.

                Defendants are willing to meet and confer regarding this Request.

                **REQUEST NO. 88:**  Documents Concerning investigations by regulators or governmental bodies into Qualcomm's licensing policies and licensing practices, including what You knew about the investigations and their subject matter.

                **RESPONSE:**  Defendants object to Request No. 88 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object to the Request on the ground that it is duplicative of other Requests, including Request Nos. 4-12.  Defendants further object that the phrase "what You knew" is vague and ambiguous.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege. Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

63

produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 88, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 89:**  Documents Concerning Qualcomm's share of the market for Modem Chips.

**RESPONSE:**  Defendants object to Request No. 89 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object to the Request on the ground that it is duplicative of other Requests, including Request No. 43.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege. Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 89, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 90:**  Documents Concerning competition or lack of competition in the market for sale of Modem Chips, including any segments within the market for Modem Chips.

**RESPONSE:**  Defendants object to Request No. 90 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

64

proportional to the needs of the case.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 90, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

**REQUEST NO. 91:**  Documents Concerning Qualcomm's potential, actual, or perceived leverage or dominance over OEMs or ASIC Manufacturers.

**RESPONSE:**  Defendants object to Request No. 91 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object on the ground that the phrase "leverage or dominance" is vague and ambiguous.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on these bases.

In response to Request No. 91, Defendants will produce in this Action all non-privileged documents that were produced in response to requests by the plaintiffs in the N.D. Cal. Actions.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

65

1

**REQUEST NO. 92:**  Documents Concerning the unreasonableness or reasonableness of Qualcomm's royalty rates, including any comparisons of Qualcomm's royalty rates to other companies' royalty rates and the reason(s) why Qualcomm's rates are different, unreasonable, or purportedly reasonable.

2

3

4

**RESPONSE:**  Defendants object to Request No. 92 on the grounds that

5

the Request is overly broad and unduly burdensome and seeks documents that are not

6

proportional to the needs of the case.  Defendants further object on the ground that the

7

phrase "unreasonableness or reasonableness" is vague and ambiguous.  Defendants

8

further object to this Request to the extent it seeks documents protected by the attorney-

9

client privilege, the work product doctrine and/or any other applicable privilege.

10

Defendants further object to this Request as being without any reasonable limitation as to

11

time.  To the extent Plaintiffs are seeking documents beyond the scope of the documents

12

produced in the N.D. Cal. Actions, Defendants will withhold responsive documents on

13

these bases.

14

15

In response to Request No. 92, Defendants will produce in this Action all

16

non-privileged documents that were produced in response to requests by the plaintiffs in

17

the N.D. Cal. Actions.

18

19

**REQUEST NO. 93:**  Documents Concerning whether Qualcomm's licensing practices are anticompetitive, unfair, violate FRAND, or violate the anticompetition or antitrust laws.

20

21

**RESPONSE:**  Defendants object to Request No. 93 on the grounds that

22

the Request is overly broad and unduly burdensome and seeks documents that are not

23

proportional to the needs of the case.  Defendants further object to the Request on the

24

ground that it is duplicative of other Requests, including Request Nos. 4-13 and 22.

25

Defendants further object to this Request to the extent it seeks documents protected by

26

the attorney-client privilege, the work product doctrine and/or any other applicable

27

28

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

privilege.  Defendants further object to this Request as being without any reasonable

limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of

the documents produced in the N.D. Cal. Actions, Defendants will withhold responsive

documents on these bases.

==In response to Request No. 93, Defendants will produce in this Action all==
==non-privileged documents that were produced in response to requests by the plaintiffs in==
==the N.D. Cal. Actions.==

**REQUEST NO. 94:**  Documents Concerning the movements in the price
of Qualcomm's common stock on November 18, 2015, December 8, 2015, December 28,
2016, January 17, 2017, January 20, 2017, and January 23, 2017, including the reasons or
potential reasons for the movements on each of those dates.

**RESPONSE:**  Defendants object to Request No. 94 on the grounds that

the Request is overly broad and unduly burdensome and seeks documents that are not

proportional to the needs of the case.  Defendants further object on the ground that the

phrase "potential reasons" is vague and ambiguous.  To the extent Plaintiffs are seeking

documents beyond the scope of a reasonable search, Defendants will withhold responsive

documents on these bases.

Defendants are willing to meet and confer regarding this Request.

**REQUEST NO. 95:**  Documents Concerning securities analyst reports
published on Qualcomm and its stock.

**RESPONSE:**  Defendants object to Request No. 95 on the grounds that

the Request is overly broad and unduly burdensome and seeks documents that are neither

relevant to the claims or defenses of the parties nor proportional to the needs of the case.

Defendants further object to this Request as being without any reasonable limitation as to

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

67

time.  To the extent Plaintiffs are seeking documents beyond the scope of a reasonable

search, Defendants will withhold responsive documents on these bases.

Defendants are willing to meet and confer regarding this Request.

**REQUEST NO. 96:**  Documents Concerning any work done by a public relations firm, crisis management firm, or agency, or any internal or external communication plan Concerning any of Qualcomm's investor calls or meetings with investors, Qualcomm's licensing policies or licensing practices, any investigation or action by any governmental agency or regulator, and any potential or actual action by a Third Party, including Apple.

**RESPONSE:**  Defendants object to Request No. 96 on the grounds that

the Request is overly broad and unduly burdensome and seeks documents that are neither

relevant to the claims or defenses of the parties nor proportional to the needs of the case.

Defendants further object to this Request to the extent it seeks documents protected by

the attorney-client privilege, the work product doctrine and/or any other applicable

privilege.  Defendants further object to this Request as being without any reasonable

limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of

a reasonable search, Defendants will withhold responsive documents on these bases.

Defendants are willing to meet and confer regarding this Request.

**REQUEST NO. 97:**  Any policies, procedures or guidelines Concerning insider trading in place at Qualcomm and Documents Concerning compliance with or violations of those policies, procedures or guidelines.

**RESPONSE:**  Defendants object to Request No. 97 on the grounds that

the Request is overly broad and unduly burdensome and seeks documents that are neither

relevant to the claims or defenses of the parties nor proportional to the needs of the case.

Defendants further object to this Request to the extent it seeks documents protected by

the attorney-client privilege, the work product doctrine and/or any other applicable

privilege.  Defendants further object to this Request as being without any reasonable

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

68

limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of

a reasonable search, Defendants will withhold responsive documents on these bases.

Defendants are willing to meet and confer regarding this Request.

**REQUEST NO. 98:**  Documents Concerning Your efforts or failure to maintain, search for, and preserve all Documents, tangible objects, and ESI that are in Defendants' custody and control, relating to this Action and the Complaint.

**RESPONSE:**  Defendants object to Request No. 98 on the grounds that

the Request is overly broad and unduly burdensome and seeks documents that are not

proportional to the needs of the case.  Defendants further object to this Request on the

ground that the phrase "failure to" is vague and ambiguous and misstates the facts.

Defendants further object to this Request to the extent it seeks documents protected by

the attorney-client privilege, the work product doctrine and/or any other applicable

privilege.  Defendants further object to this Request as being without any reasonable

limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of

the N.D. Cal. Actions or a reasonable search, Defendants will withhold responsive

documents on these bases.

In response to Request No. 98, Defendants will produce in this Action all

non-privileged documents that were produced in response to requests by the plaintiffs in

the N.D. Cal. Actions, as well as documents sufficient to show the scope of Qualcomm's

prior productions in the N.D. Cal. Actions, including Requests for Productions and

Responses and Objections, search terms, and explanations of Qualcomm's use of

Technology Assisted Review process.

**REQUEST NO. 99:**  Documents Concerning Lead Plaintiffs, including all Communications with or regarding either of the Lead Plaintiffs.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

69

1
2
3
4
5
6
7
8
9

**RESPONSE:**  Defendants object to Request No. 99 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of a reasonable search, Defendants will withhold responsive documents on these bases.

10

Defendants are willing to meet and confer regarding this Request.

11
12
13

**REQUEST NO. 100:**  Documents and Communications regarding the employment Agreement(s) of each of the Executive Defendants and each current or former Qualcomm employee identified in Defendants' Rule 26(a)(1) Disclosures.

14
15
16
17
18
19
20
21
22

**RESPONSE:**  Defendants object to Request No. 100 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege.  Defendants further object to this Request as being without any reasonable limitation as to time.  To the extent Plaintiffs are seeking documents beyond the scope of a reasonable search, Defendants will withhold responsive documents on these bases.

23

Defendants are willing to meet and confer regarding this Request.

24
25
26

**REQUEST NO. 101:**  To the extent not called for by the Requests above, Documents referenced or relied upon in connection with Defendants' Rule 26(a)(1) Disclosures, including the Documents described in Section II of Defendants' Rule 26(a)(1) Disclosures.

27
28

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

70

1   **RESPONSE:** Defendants object to Request No. 101 on the ground that

2   the Request is premature at this early stage of discovery.

3   Subject to their General and Specific Objections, Defendants will produce

4   responsive, non-privileged documents at an appropriate time.

5   **REQUEST NO. 102:** Documents You have relied on or intend to rely on

6   in this litigation in support of any assertion or defense.

7   **RESPONSE:** Defendants object to Request No. 102 on the ground that

8   the Request is premature at this early stage of discovery.

9   Subject to their General and Specific Objections, Defendants will produce

10  responsive, non-privileged documents at an appropriate time.

11  

12  **REQUEST NO. 103:** Your Document retention, preservation, or
    destruction policies, and Documents Concerning compliance with or violations of those

13  policies.

14  **RESPONSE:** Defendants object to Request No. 103 on the grounds that

15  the Request is overly broad and unduly burdensome and seeks documents that are not

16  proportional to the needs of the case. Defendants further object to this Request to the

17  extent it seeks documents protected by the attorney-client privilege, the work product

18  doctrine and/or any other applicable privilege. Defendants further object to this Request

19  as being without any reasonable limitation as to time. Defendants will withhold

20  

21  responsive documents on these bases.

22  **REQUEST NO. 104:** All insurance policies under which any insurance
    business may be liable to satisfy all or part of a possible judgment in this Action or to

23  indemnify or reimburse for payments made to satisfy any judgment.

24  **RESPONSE:** Subject to their General Objections, Defendants will

25  perform a reasonable search for responsive documents and, consistent with

26  Rule 26(a)(1)(A)(iv), make available for "inspection and copying as under Rule 34 any

27  DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF
    DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

28  71

insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment", if any, returned by that search.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

72

Dated:  July 8, 2019

By:  <u>*/s/ Rachel G. Skaistis*</u>
      Rachel G. Skaistis

CRAVATH, SWAINE & MOORE LLP
Rachel G. Skaistis (*pro hac vice*)
rskaistis@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Brent Byars (*pro hac vice*)
mbyars@cravath.com
Worldwide Plaza, 825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700

COOLEY LLP
Steven M. Strauss (99153)
sms@cooley.com
Koji F. Fukumara (189719)
kfukumara@cooley.com
Peter M. Adams (243926)
padams@cooley.com
4401 Eastgate Mall
San Diego, CA 92121
Tel: (858) 550-6000
Fax: (858) 550-6420

*Attorneys for Defendants*

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-BEN-MSB

73

<u>Certificate of Service</u>

Based on an agreement to accept service by e-mail, I hereby certify that on

July 8, 2019, I served true and correct copies of Defendants' Responses and Objections to

Lead Plaintiffs' First Request for Production of Documents by e-mail pursuant to Fed. R.

Civ. Proc. 5(b) to the parties listed below:

Jonathan D. Uslaner
Richard D. Gluck
Bernstein Litowitz Berger & Grossman
LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
*jonathanu@blbglaw.com*
*rich.gluck@blbglaw.com*

Salvatore Graziano
Jeroen van Kwawegen
Rebecca Boon
Bernstein Litowitz Berger & Grossman
LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
*salvatore@blbglaw.com*
*jeroen@blbglaw.com*
*rebecca.boon@blbglaw.com*

Gregg S. Levin
Andrew P. Arnold
Meghan Oliver
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
*glevin@motleyrice.com*
*aarnold@motleyrice.com*
*moliver@motleyrice.com*

William H. Narwold
Motley Rice LLC
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
*bnarwold@motleyrice.com*

I caused the document to be sent to the persons at the e-mail addresses

listed above.  I did not receive, within a reasonable time after the transmission, any

electronic message or other indication that the transmission was unsuccessful.

I hereby certify that I am employed in the office of a member of the State

Bar of New York, admitted *pro hac vice* to practice before the United States District

Court for the Southern District of California for this case, at whose direction the service

was made.  I declare under penalty of perjury under the laws of the United States of

America that the foregoing information contained in the Certificate of Service is true and

correct.

DEFENDANTS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS:  MASTER FILE NO. 3:17-cv-00121-
BEN-MSB

Dated:  July 8, 2019

_____ */s/ Rachel G. Skaistis*_

Rachel G. Skaistis