# Exhibit 3

CRAVATH, SWAINE & MOORE LLP
Rachel G. Skaistis (pro hac vice)
rskaistis@cravath.com
Yonatan Even (pro hac vice)
yeven@cravath.com
Brent Byars (pro hac vice)
mbyars@cravath.com
825 Eighth Avenue
New York, New York 10019-7475
Telephone:  (212) 474-1000
Facsimile:   (212) 474-3700

COOLEY LLP
Steven M. Strauss
sms@cooley.com
Koji F. Fukumara
kfukumara@cooley.com
Peter M. Adams
padams@cooley.com
4401 Eastgate Mall
San Diego, CA 92121
Telephone:  (858) 550-6000
Facsimile:   (858) 550-6420

Attorneys for Defendants
QUALCOMM INCORPORATED,
DEREK K. ABERLE, STEVEN R.
ALTMAN, DONALD J. ROSENBERG,
WILLIAM F. DAVIDSON, PAUL E.
JACOBS AND STEVEN M.
MOLLENKOPF

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE QUALCOMM INCORPORATED SECURITIES LITIGATION | Case No. 3:17-cv-00121-JAH-MSB<br><br>**DEFENDANTS' RULE 26(a)(1) DISCLOSURES** |

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendants Qualcomm Incorporated ("Qualcomm"), Derek K. Aberle, Steven R. Altman, Donald J. Rosenberg, William F. Davidson, Paul E. Jacobs and Steven M. Mollenkopf (collectively, "Defendants") make the following disclosures (the "Rule 26(a)(1) Disclosures") to Lead Plaintiffs Sjunde AP-Fonden and Metzler Asset Management GmbH. Defendants have made a reasonable and good-faith effort to prepare the disclosures set forth herein. However, Defendants' review of the evidence is ongoing. Consequently, other potential witnesses, subjects of information, and/or categories of documents within the scope of these disclosures may be identified as discovery proceeds and as the case develops. Defendants make these Rule 26(a)(1) Disclosures based solely on information reasonably available to them as of the date hereof and reserve the right to amend or supplement these Rule 26(a)(1) Disclosures. Defendants also reserve the right to object to discovery related to any of the individuals and/or categories of documents identified herein on any grounds including, without limitation, burden, relevance and privilege. Defendants make these Rule 26(a)(1) Disclosures subject to, and without waiver of attorney-client privilege or attorney work product protection and any other applicable privileges or immunities.

I.  **INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION (FED. R. CIV. P. 26(a)(1)(A)(i))**

Based on the allegations in the Complaint and Qualcomm's investigation thus far, Defendants disclose pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i) that they presently believe the following people employed by or affiliated with Qualcomm are likely to have discoverable information on the subjects identified and that

Qualcomm presently believes in good faith it is reasonably likely to rely upon them at trial, depending on the affirmative case presented by Lead Plaintiffs.[1]

1. Cristiano Amon (President, Qualcomm Corporate), 5775 Morehouse Dr., San Diego, CA 92121, (858) 845-4100 [Qualcomm's modem chip business; competition for sales of modem chips; relationship between Qualcomm Technology Licensing ("QTL") and Qualcomm CDMA Technologies ("QCT")];

2. Lorenzo Casaccia (Vice President of Technical Standards, QSIO Spain), Avenida de Europa 4, Planta Baja B Edificio Bruselas, Parque Empresarial La Maraleja, Madrid, 28108, Spain, +39-06-49218121 [cellular standard development organizations ("SDOs") and Qualcomm's SDO commitments; cellular technology and the standardization process];

3. Fabian Gonell (Senior Vice President, Licensing Strategy & Legal Counsel, Qualcomm Technology Licensing), 5775 Morehouse Dr., San Diego, CA 92121, (858) 845-4100 [Qualcomm's licensing practices; cellular SDOs and intellectual property rights policies; Qualcomm's business relationship with OEMs];

4. Durga Malladi (Senior Vice President & General Manager, 4G/5G, Qualcomm CDMA Technologies), 5775 Morehouse Dr., San Diego, CA 92121, (858) 845-4100 [cellular SDOs and Qualcomm's SDO commitments];

5. Steven Mollenkopf (Chief Executive Officer, Qualcomm

---

[1] All persons identified as current employees of Qualcomm are represented by Qualcomm's counsel. All communications with these individuals should be made only through Qualcomm's counsel.

Corporate), 5775 Morehouse Dr., San Diego, CA 92121, (858) 845-4100 [Qualcomm's modem chip business; competition for sales of modem chips; relationship between QTL and QCT; securities filings and public statements related to licensing and the sale of modem chips; statements made by Mr. Mollenkopf alleged by plaintiffs to be misleading];

6. Erin Polek (Senior Vice President and Chief Accounting Officer, Qualcomm Corporate), 5775 Morehouse Dr., San Diego, CA 92121, (858) 845-4100 [Qualcomm's securities filings]

7. Donald Rosenberg (Executive Vice President, General Counsel and Corporate Secretary, Qualcomm Corporate), 5775 Morehouse Dr., San Diego, CA 92121, (858) 845-4100 [statements made by Mr. Rosenberg alleged by plaintiffs to be misleading];

8. John Sinnott (Vice President Communications and Reporting Operations, Qualcomm Technology Licensing), 5775 Morehouse Dr., San Diego, CA 92121, (858) 845-4100 [public statements made by Qualcomm and its employees]

9. James Thompson (Executive Vice President, Engineering & Chief Technology Officer, Qualcomm CDMA Technologies), 5775 Morehouse Dr., San Diego, CA 92121, (858) 845-4100 [Qualcomm's contributions to cellular and non-cellular technologies].

10. David Zuckerman (Senior Vice President, Legal Counsel and Assistant Secretary, Qualcomm Corporate), 5775 Morehouse Dr., San Diego, CA 92121, (858) 845-4100 [public statements made by Qualcomm and its employees; Qualcomm's securities filings].

Based on the allegations in the Complaint and Defendants' investigation thus far, Defendants disclose pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i) that they presently believe the following former Qualcomm employees are likely to have discoverable information on the subjects identified and that Defendants presently believe in good faith they are reasonably likely to rely upon them at trial, depending on the affirmative case presented by the Plaintiffs.[2]

1. Derek Aberle (Former President, Qualcomm Incorporated), c/o Qualcomm Incorporated, 5775 Morehouse Dr., San Diego, CA 92121, (858) 845-4100 [Qualcomm's licensing practices; relationship between QTL and QCT; statements made by Mr. Aberle alleged by plaintiffs to be misleading];

2. Steven Altman (Former Vice Chairman, Qualcomm Incorporated), c/o Qualcomm Incorporated, 5775 Morehouse Dr., San Diego, CA 92121, (858) 845-4100 [Qualcomm's licensing practices; statements made by Mr. Altman alleged by plaintiffs to be misleading];

3. William Davidson (Former Senior Vice President, Qualcomm Incorporated), c/o Qualcomm Incorporated, 5775 Morehouse Dr., San Diego, CA 92121, (858) 845-4100 [Qualcomm's licensing practices; statements made by Mr. Davidson alleged by plaintiffs to be misleading];

4. Michael Hartogs (Former Senior Vice President and Division Counsel, New Licensing Business, Qualcomm Incorporated), c/o Qualcomm Incorporated, 5775 Morehouse Dr., San Diego, CA

---

[2] All persons identified as former employees of Qualcomm are represented by Cravath, Swaine & Moore ("Cravath"). All communications with these individuals should be made only through Cravath.

92121, (858) 845-4100 [Qualcomm's licensing practices];

5. Irwin Jacobs (Co-Founder & Former Chairman, Qualcomm Incorporated), c/o Qualcomm Incorporated, 5775 Morehouse Dr., San Diego, CA 92121, (858) 845-4100 [Qualcomm's contributions to standardized and non-standardized cellular technologies]; and

6. Paul Jacobs (Former Chief Executive Officer, Executive Chairman & Board Chairman, Qualcomm Incorporated), c/o Qualcomm Incorporated, 5775 Morehouse Dr., San Diego, CA 92121, (858) 845-4100 [Qualcomm's contributions to standardized and non-standardized cellular technologies; Qualcomm's modem chip business; Qualcomm's business relationship with OEMs; relationship between QTL and QCT; securities filings and public statements related to licensing and the sale of modem chips; statements made by Mr. Jacobs alleged by plaintiffs to be misleading].

7. Warren Kneeshaw (Former Vice President, Investor Relations, Qualcomm Incorporated), c/o Qualcomm Incorporated, 5775 Morehouse Dr., San Diego, CA 92121, (858) 845-4100 [public statements made by Qualcomm and its employees]

Qualcomm believes the following individuals are likely to have discoverable information on the subjects identified that Qualcomm may use to support its claims or defenses:

1. **Apple:** Bob Mansfield and Steve Schell [competition for sales of modem chips].

2. **Bain & Company ("Bain"):** Christopher Johnson. [Competition for sales of modem chips].

3. **Ericsson:** Christina Petersson and Martin Zander. [Cellular

SDOs; cellular industry licensing practices; competition for sales of modem chips].

4. **InterDigital**:  Ranae McElvaine.  [Cellular SDOs; cellular industry licensing practices].

5. **MediaTek**:  Finbarr Moynihan.  [Cellular industry licensing practices; competition for sales of modem chips; cellular SDOs and intellectual property rights policies].

6. **Nokia**:  Ilkka Rahnasto (former) and Dirk Weiler.  [Cellular SDOs; cellular industry licensing practices].

7. **Via Licensing**:  Taraneh Maghame.  [Cellular SDOs; cellular industry licensing practices].

Qualcomm also believes the following entities are likely to have discoverable information on the subjects identified that Qualcomm may use to support its claims or defenses:

1. **Sjunde AP-Fonden.**  [Purchases made during Class Period.]

2. **Metzler Asset Management GmbH.**  [Purchases made during Class Period.]

3. **GIC Private Limited.**  [Purchases made during Relevant Period.]

Pursuant to Federal Rule of Civil Procedure 26(e), Defendants reserve the right to amend or supplement these disclosures on the basis of additional information they obtain during discovery in this action.  Defendants also reserve the right to obtain discoverable information to support their defenses, and to rely on at trial, from the entities or individuals identified in the Rule 26(a) disclosures of the Plaintiffs.  Defendants also reserve the right to rely at trial on information obtained through discovery of other parties or individuals not called to testify at trial either live or through deposition.  Defendants also do not waive the right to object, pursuant to the applicable Federal and Local Rules,

to the deposition or other testimony of any individual or entity, including those identified above.

II. DOCUMENTS, ELECTRONICALLY STORED INFORMATION AND TANGIBLE THINGS (FED. R. CIV. P. 26(a)(1)(A)(ii))

Based on the allegations in the Complaint and Defendants' investigation thus far, Defendants disclose pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii) that they presently believe they may use the following categories of documents, electronically stored information ("ESI") or tangible things to support its claims or defenses:

1. Documents and ESI relating to Qualcomm's SEC filings during the alleged Class Period.
2. Documents and ESI concerning Qualcomm's license agreements.
3. Documents and ESI concerning Qualcomm's licensing practices.
4. Documents and ESI relating to the licensing practices of other holders of cellular SEPs.
5. Documents and ESI relating to requests for, and negotiations of, agreements with cellular device makers relating to Qualcomm's patents.
6. Documents and ESI relating to cellular communication standards, standardized technologies and the standardization process, and Qualcomm's contributions to cellular technologies.
7. Documents and ESI relating to the intellectual property rights policies of cellular SDOs and FRAND commitments to cellular SDOs.
8. Documents and ESI concerning marketing funds agreed to with licensees.
9. Documents and ESI concerning competition in the sale of modem

chips and competition in the sale of cellular handsets.

10. Documents and ESI concerning the performance of Qualcomm's business segments, including alleged anticompetitive conduct by Qualcomm.

11. Documents and ESI concerning public statements or disclosures relating to licensing practices, chip sales and supply, chip discounts, or patents and standard-essential patents.

12. Documents and ESI concerning final or draft versions of Qualcomm's public disclosures, namely its earnings press releases and talking points for investor conference calls.

13. Documents and ESI concerning communications regarding securities analysts' expectations for Qualcomm's relating to interviews between Qualcomm employees and media outlets concerning Qualcomm's business practices.

14. Documents and ESI concerning notes from or minutes of meetings where Qualcomm's public disclosures related to licensing practices, chip sales and supply, chip discounts or patents and standard-essential patents or alleged antitrust violations were discussed.

15. Documents and ESI concerning Qualcomm's public disclosures regarding licensing practices, chip sales and supply, chip discounts, patents and standard-essential patents or alleged antitrust violations.

These materials, inasmuch as they are in the possession, custody or control of Qualcomm, are located on Qualcomm's central servers, network drives, and company-issued personal computers and in paper form in the offices of Qualcomm employees.

III. COMPUTATION OF DAMAGES (FED. R. CIV. P. 26(a)(1)(A)(iii))

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), Defendants state that they have not asserted any claims for damages in this action at this time. Defendants reserve the right to amend this Disclosure in accordance with the Federal Rules of Civil Procedure with respect to any claim they might bring in the future. Defendants also may be entitled to a judgment for costs, expenses, reasonable attorneys' fees and other fees as the Court may deem appropriate.

IV. INSURANCE AGREEMENT (FED. R. CIV. P. 26(a)(1)(A)(iv))

Defendants disclose as to the Executive Defendants only the existence of insurance agreements under which certain insurance businesses may be liable to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse for payments made to satisfy a judgment, but only to the extent Qualcomm does not indemnify the Executive Defendants. Defendants are not currently aware as to Qualcomm of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse for payments made to satisfy a judgment.

V. CERTIFICATION

Pursuant to Federal Rule of Civil Procedure 26(g)(1), the undersigned certifies that to the best of her knowledge, information and belief, formed after an inquiry that is reasonable under the circumstances, the foregoing disclosure is complete and correct as of the time it is made.

Dated: May 27, 2019

Respectfully submitted,

By: /s/ Rachel G. Skaistis
    Rachel G. Skaistis

CRAVATH, SWAINE & MOORE LLP
Rachel G. Skaistis (pro hac vice)
rskaistis@cravath.com
Yonatan Even (pro hac vice)
yeven@cravath.com
Brent Byars (pro hac vice)
mbyars@cravath.com
Worldwide Plaza, 825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700

COOLEY LLP
Steven M. Strauss (99153)
sms@cooley.com
Koji F. Fukumara (189719)
kfukumara@cooley.com
Peter M. Adams (243926)
padams@cooley.com
4401 Eastgate Mall
San Diego, CA 92121
Tel: (858) 550-6000
Fax: (858) 550-6420

*Attorneys for Defendants*

DEFENDANTS' RULE 26(a)(1) DISCLOSURES:
MASTER FILE NO. 3:17-cv-00121-JAH-MSB

10

Certificate of Service

Based on an agreement to accept service by e-mail, I hereby certify that on May 27, 2019, I served true and correct copies of Defendants' Rule 26(a)(1) Initial Disclosures by e-mail pursuant to Fed. R. Civ. Proc. 5(b) to the parties listed below:

Jonathan D. Uslaner
Richard D. Gluck
Bernstein Litowitz Berger & Grossman LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
*jonathanu@blbglaw.com*
*rich.gluck@blbglaw.com*

Salvatore Graziano
Jeroen van Kwawegen
Rebecca Boon
Bernstein Litowitz Berger & Grossman LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
*salvatore@blbglaw.com*
*jeroen@blbglaw.com*
*rebecca.boon@blbglaw.com*

Gregg S. Levin
Andrew P. Arnold
Meghan Oliver
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
*glevin@motleyrice.com*
*aarnold@motleyrice.com*
*moliver@motleyrice.com*

William H. Narwold
Motley Rice LLC
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
*bnarwold@motleyrice.com*

I caused the document to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I hereby certify that I am employed in the office of a member of the State Bar of New York, admitted *pro hac vice* to practice before the United States District Court for the Southern District of California for this case, at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Certificate of Service is true and correct.

Dated: May 27, 2019

    */s/* Rachel G. Skaistis
    Rachel G. Skaistis