# Exhibit 4

# Kate Aufses

| | |
|---|---|
| **From:** | Yonatan Even <YEven@cravath.com> |
| **Sent:** | Wednesday, April 24, 2019 9:39 PM |
| **To:** | Jonathan D. Uslaner |
| **Cc:** | Levin, Gregg; Brent Byars; Oliver, Meghan; Rebecca Boon; Rich Gluck; Rachel Skaistis; Salvatore Graziano; Michael Marvin |
| **Subject:** | RE: Qualcomm - joint discovery plan |
| **Attachments:** | Redline (Qualcomm Joint Discovery Plan).pdf; Qualcomm Joint Discovery Plan.docx |

Jonathan -

Attached please find the proposed discovery plan. We're still working on the PO and ESI order, and will do our best to get those to you before the call tomorrow.


Yonatan Even
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1958
Fax: (212) 474-3700




From: "Jonathan D. Uslaner" <JonathanU@blbglaw.com>
To: "Yonatan Even" <YEven@cravath.com>, "Rachel Skaistis" <RSkaistis@cravath.com>, "Brent Byars" <MByars@cravath.com>
Cc: "Salvatore Graziano" <Salvatore@blbglaw.com>, "Rebecca Boon" <Rebecca.Boon@blbglaw.com>, "Rich Gluck" <Rich.Gluck@blbglaw.com>, "Levin, Gregg" <glevin@motleyrice.com>, "Oliver, Meghan" <moliver@motleyrice.com>
Date: 04/24/2019 04:11 PM
Subject: RE: Qualcomm - joint discovery plan

---

```
Yonatan,

Following up on the below, please send to us today comments to the draft
joint discovery plan, ESI protocol, and confidentiality order. Thank you,
and we look forward to speak tomorrow.

Regards,
Jonathan

Jonathan D. Uslaner
BLB&G
Bernstein Litowitz Berger & Grossmann LLP
12481 High Bluff Drive, Suite 300 | San Diego, CA 92130
T 858-720-3191| F 858.793.0323 | jonathanu@blbglaw.com

-----Original Message-----
From: Yonatan Even <YEven@cravath.com>
Sent: Tuesday, April 16, 2019 3:34 PM
```

1

```
To: Jonathan D. Uslaner <JonathanU@blbglaw.com>; Rachel Skaistis
<RSkaistis@cravath.com>; Brent Byars <MByars@cravath.com>
Cc: Salvatore Graziano <Salvatore@blbglaw.com>; Rebecca Boon
<Rebecca.Boon@blbglaw.com>; Rich Gluck <Rich.Gluck@blbglaw.com>; Levin,
Gregg <glevin@motleyrice.com>; Oliver, Meghan <moliver@motleyrice.com>
Subject: RE: Qualcomm - joint discovery plan


Jonathan:

Let's speak on 4/25 at 2pm if that works. We'll circulate a dial in.
We'll also endeavor to get you markups ahead of that time.


-------- Original Message --------
Subject: RE: Qualcomm - joint discovery plan
From: "Jonathan D. Uslaner" <JonathanU@blbglaw.com>
Date: Apr 16, 2019, 16:47
To: Rachel Skaistis <RSkaistis@cravath.com>,Yonatan Even
<YEven@cravath.com>,Brent Byars <MByars@cravath.com>

------------------------------------------------------------------
This e-mail is confidential and may be privileged. Use or disclosure of it
by anyone other than a designated addressee is unauthorized. If you are
not an intended recipient, please delete this e-mail from the computer on
which you received it.
```

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

1  **BERNSTEIN LITOWITZ BERGER**
2     **& GROSSMANN LLP**
   JONATHAN D. USLANER (Bar No. 256898)
3  jonathanu@blbglaw.com
   RICHARD D. GLUCK (Bar No. 151675)
4  rich.gluck@blbglaw.com
5  12481 High Bluff Drive, Suite 300
   San Diego, CA 92130
6  Tel: (858) 793-0070
7
8  **MOTLEY RICE LLC**
   GREGG S. LEVIN (*pro hac vice*)
9  glevin@motleyrice.com
   28 Bridgeside Blvd.
10 Mount Pleasant, SC 29464
11 Tel: (843) 216-9000
12 *Counsel for Lead Plaintiffs and*
   *Lead Counsel for the Class*
13
14 [Additional Counsel Appear on Signature Page]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE QUALCOMM INCORPORATED SECURITIES LITIGATION, | Master File No. 3:17-cv-00121-JAH-MSB<br><br>**JOINT DISCOVERY PLAN**<br><br>Courtroom: 2C<br>Judge: Hon. Michael S. Berg |

The parties submit this Joint Discovery Plan in accordance with the Court's April 3, 2019 Notice and Order for Early Neutral Evaluation Conference and Case Management Conference ("Notice and Order") (ECF No. 76) and Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

Counsel for the parties convened telephonically on April [●], 2019 for a Rule 26(f) conference and have had several subsequent communications. The parties' agreements, views, and proposals on the items identified in Federal Rule of Civil Procedure 26(f)(3) and the Notice and Order are set forth below.

1. **Service**

All Defendants have accepted service of the Consolidated Class Action Complaint for Violations of The Federal Securities Laws (the "Complaint").

2. **Amendment of Pleadings**

The parties do not currently anticipate amending the pleadings to add or dismiss parties, claims, or defenses. The parties propose July 15, 2019 as the deadline for amending the pleadings.

3. **Protective Order**

The parties have conferred and are in agreement on the terms of a proposed protective order covering the exchange of confidential information. The parties will submit the proposed Stipulated Confidentiality and Protective Order by May 29, 2019.

4. **Timing and Form of Initial Disclosures**

The parties exchanged initial disclosures on May 27, 2019.

5. **Discovery**

    a. **Discovery Taken to Date**

This action is governed by the Private Securities Litigation Reform Act, pursuant to which all discovery was stayed during the pendency of the motion to

dismiss. As such, no discovery has been propounded.

### b. Scope of Anticipated Discovery

The parties believe that discovery is required for issues related to liability, damages, class certification, the allegations of Plaintiffs' Complaint and the contentions and affirmative defenses in Defendants' Answer.

### c. Proposed Limits or Modifications to Discovery Rules

Lead Plaintiffs believe that this case will warrant an increase from the presumptive limits on the number of depositions set forth in Fed. R. Civ. P. 30.

Defendants do not believe that an increase from the presumptive limits on the number of depositions set forth in Fed. R. Civ. P. 30 is appropriate as to Defendants. As set forth below, Plaintiffs have requested that Defendants provide them with the transcripts of testimony taken in prior proceedings, including in <u>Federal Trade Commission v. Qualcomm Incorporated</u>, Case No. 17-cv-00220-LHK-NMC (N.D. Cal.). In that matter, 39 Qualcomm employees or former employees were deposed for up to 14 hours each (for a total of 322 hours of deposition testimony by former or current Qualcomm employees), and 12 of those witnesses also testified at trial. Qualcomm further designated several deponents to give testimony on its behalf on a variety of topics pursuant to Rule 30(b)(6), and it provided extensive answers to written questions (in addition to responding to formal interrogatories). It would be unfair and unduly burdensome to impose upon Defendants the burden of more than 70 additional hours of deposition testimony in this matter (10 depositions permitted by Rule 30(a)(2) at seven hours each). Further, it would be unfair and unduly burdensome to require individual witnesses who gave extensive testimony in previous matters to sit for another full deposition on essentially the same topics; rather, Defendants believe that in most cases, Plaintiffs would not need additional deposition of witnesses previously deposed, and that in the exceptional cases where

topics arise that Plaintiffs believe were not adequately addressed in such witnesses' prior testimony, a short deposition of less than seven hours should suffice. Defendants are willing to continue meeting and conferring with Plaintiffs regarding appropriate deposition limits after Plaintiffs have had an opportunity to adequately assess the testimony taken in prior proceedings.

### d. Existing/Anticipated Discovery Disputes

To expedite and make discovery more efficient, Lead Plaintiffs have requested that Defendants make an initial production in this action of the previously gathered documents that Defendants already produced or received and transcripts of testimony provided in the following actions: (i) <u>Federal Trade Commission v. Qualcomm Inc.</u>, Case No. 17-cv-00220-LHK-NMC, discussed in the Complaint (*see e.g.*, ¶¶91-95, 224-226); (ii) the Korean FTC's action against Qualcomm, discussed in the Complaint (*see e.g.*, ¶¶80-90, 212, 220); and (iiii) the European Commission's action against Qualcomm, discussed in the Complaint (*see e.g.*, ¶¶123-124, 204). If the parties are unable to resolve this issue, Lead Plaintiffs will move for an order compelling production of these materials.

Defendants have informed Plaintiffs that they in principle will agree to the re-production of certain documents that Qualcomm produced in connection with prior matters, provided that Plaintiffs agree that such re-productions substantially satisfy Defendants' document production obligations in this matter (subject to possible limited supplemental productions regarding topics that were not adequately covered in Qualcomm's prior productions) and provided that the previously produced documents actually are relevant to Plaintiffs' claims here.[1] Defendants are also

---

[1] For example, the <u>FTC</u> matter in the Northern District of California was coordinated for discovery purposes with Qualcomm's litigation against Apple and its contract manufacturers in this District. Joint Stipulation and Discovery Coordination Order, <u>Federal Trade Commission v. Qualcomm Inc.</u>, Case No. 17-cv-00220-LHK-NMC (No. 513). Accordingly, the FTC received document productions that Qualcomm made at the request of Apple and its contract manufacturers, many of which were alleged to be relevant to patent, contractual and tort claims that bear no relationship to

willing to produce transcripts of all testimony offered by any defendant named in Plaintiffs' Complaint that was offered in the Federal Trade Commission matter. Defendants propose that Plaintiffs propound document requests so that Defendants can evaluate and then communicate to Plaintiffs (1) the extent to which Qualcomm's prior document productions are responsive to Plaintiffs' requests for relevant documents and (2) whether and the extent to which supplemental productions are necessary. It would be unfair and unduly burdensome to require Defendants to re-produce documents from prior matters if such productions are not deemed to satisfy their discovery obligations in large part, or to permit Plaintiffs to serve new comprehensive requests for production after receiving millions of pages of previously produced documents.[2] Further, Defendants have informed Plaintiffs that because Qualcomm has confidentiality obligations to third parties, Defendants must give such entities advance notice before it is able to provide Plaintiffs previously produced documents, and so immediate production of such documents would not be possible.

**6. Disclosure and Preservation of Electronically Stored Information**

The parties have conferred and are in agreement on the terms of a proposed order governing the production of electronically stored information ("ESI") and other information. The parties will submit a proposed Stipulation Governing the Production of ESI and Other Information by May 29, 2019. The parties further agree to continue to comply with their obligations to preserve documents in this action.

**7. Privilege**

The parties have conferred and agree that when a Producing Party gives notice

---

Plaintiffs' allegations here. Defendants expect to exclude such documents from its re-productions to the extent that they are separable from relevant documents.

[2] In the FTC matter, Qualcomm produced more than 2 million documents (comprising more than 17 million pages) from the files of over 146 custodians, dating back to 2006 or earlier for many custodians.

to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The parties will request an order pursuant to Federal Rule of Evidence 502(d) that any inadvertent production of privileged or otherwise protected material that satisfies Federal Rule of Evidence 502(b) shall not be deemed to have waived the privilege or protection.

8. **Proposed Case Schedule**

| Event | Proposed Deadline |
|---|---|
| Initial Case Management Conference | June 3, 2019 |
| Initial requests for production of documents due | June 7, 2019 |
| Date for production of documents and testimony previously produced or provided in other proceedings | July 20, 2019 |
| Supplemental requests for production of documents due | September 14, 2019 |
| Date for supplemental production of documents | November 16, 2019 |
| Class certification motion and Plaintiffs' expert reports relevant to class certification due | November 22, 2019 |
| Defendants' expert reports relevant to class certification due | January 31, 2020 |
| Fact and expert discovery relevant to class certification deadline | February 27, 2020 |
| Class certification opposition due | March 20, 2020 |
| Class certification reply due | April 3, 2020 |

6

JOINT DISCOVERY PLAN
Master File No. 3:17-cv-00121-JAH-MSB

[[NYLIT:2788449v1:4/15/2019 1:09:09 PM

| Event | Proposed Deadline |
|---|---|
| Deadline to Complete Fact Discovery | January 24, 2020 |
| Rule 26(a)(2) expert disclosures and reports | February 28, 2020 |
| Rule 26(a)(2) rebuttal expert disclosures and reports | April 28, 2020 |
| Rule 26(a)(2) reply expert disclosures and reports | May 28, 2020 |
| Expert discovery deadline | July 2, 2020 |
| Dispositive motions due | August 13, 2020 |
| Oppositions to dispositive motions due | September 14, 2020 |
| Replies in support of dispositive motions due | October 16, 2020 |
| Trial readiness date | 60 days after rulings on dispositive motions |

## 9. Related Cases

The following case pending in this District has been related to this one: *GIC Private Limited v. Qualcomm*, Case No. 3:18-cv-00463-JAH-WVG. To avoid unnecessary duplication and undue burden, Defendants have requested that GIC Private Limited, the Plaintiff in the related case, coordinate discovery with this matter.

Dated: April 16, 2018

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

By: */s/*
JONATHAN D. USLANER

Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com

[[NYLIT:2788449v1:4/15/2019 1:09:09 PM

1
2
3
4
5
6
7
8
9
10
11
12

Richard D. Gluck (Bar No. 151675)
rich.gluck @blbglaw.com
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:  (858) 793-0070
Fax:  (858) 793-0323

   -and-

Salvatore Graziano (pro hac vice)
salvatore@blbglaw.com
Jeroen Van Kwawegen
jeroen@blbglaw.com
Rebecca Boon (pro hac vice)
rebecca.boon@blbglaw.com
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Tel:  (212) 554-1493
Fax:  (212) 554-1444

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8

JOINT DISCOVERY PLAN
Master File No. 3:17-cv-00121-JAH-MSB

|   |   |
|---|---|
|   | **MOTLEY RICE LLC** |
|   | Gregg S. Levin (*pro hac vice*) |
|   | glevin@motleyrice.com |
|   | Andrew P. Arnold (*pro hac vice*) |
|   | aarnold@motleyrice.com |
|   | Meghan Oliver (*pro hac vice*) |
|   | moliver@motleyrice.com |
|   | 28 Bridgeside Blvd. |
|   | Mount Pleasant, SC 29464 |
|   | Tel: (843) 216-9000 |
|   | Fax: (843) 216-9450 |
|   | -and- |
|   | William H. Narwold (*pro hac vice*) |
|   | bnarwold@motleyrice.com |
|   | One Corporate Center |
|   | 20 Church Street, 17th floor |
|   | Hartford, CT 06103 |
|   | *Counsel for Lead Plaintiffs Sjunde AP-Fonden and Metzler Asset Management GmbH, and Lead Counsel for the Class* |
| Dated: April 16, 2018 | **COOLEY LLP** |
|   | By: /s/ _____ |
|   | Steven M. Strauss |
|   | sms@cooley.com |
|   | Koji F. Fukumura |
|   | kfukumura@cooley.com |
|   | Peter M. Adams |
|   | padams@cooley.com |
|   | 4401 Eastgate Mall |
|   | San Diego, CA 92121 |
|   | Tel:   (858) 550-6000 |
|   | Fax:   (858) 550-6420 |

[[NYLIT:2788449v1:4/15/2019 1:09:09 PM

**CRAVATH SWAINE & MOORE LLP**

Rachel G. Skaistis (*pro hac vice*)
rskaistis@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Brent Byars (*pro hac vice*)
mbyars@cravath.com
825 Eighth Avenue
New York, NY 10019
Tel:  (212) 474-1000
Fax:  (212) 474-3700

*Counsel for Defendants Qualcomm Incorporated, Derek K. Aberle, Steven R. Altman, Donald J. Rosenberg, William F. Davidson, Paul E. Jacobs, and Steven M. Mollenkopf*