# Exhibit 5

## Kate Aufses

| | |
|---|---|
| **From:** | Brent Byars <MByars@cravath.com> |
| **Sent:** | Friday, February 18, 2022 5:14 PM |
| **To:** | Jonathan D. Uslaner |
| **Cc:** | Rich Gluck; Richards, Stephen; Bob Gralewski; Ira Press; dhume@kmllp.com; Lauren Cruz; moliver@motleyrice.com; glevin@motleyrice.com; Salvatore Graziano; Rebecca Boon; Kate Aufses; Kyle Panton; Norton, William S.; ecwilliams@motleyrice.com; Rachel Skaistis; Fukumura, Koji |
| **Subject:** | Re: Shah v. Qualcomm Incorporated | GIC Private Limited v. Qualcomm Incorporated |
| **Attachments:** | QCOM Deponents.docx |

**[External]**

Jonathan,

Thanks for your email.

One clarification first:  on our call, we discussed substantially competing Qualcomm's document production within two months of the submission of the proposed order, so that date should be April 22, not 15.

The other proposed dates seem reasonable in principle, and we appreciate your offer to incorporate them into a proposed draft order.  However, we propose to eliminate the early designation of expert witness names, which is not likely to be efficient at that stage of the case, and relatedly, propose to add an additional month for reply expert reports.  We also propose to move the fact discovery cut off earlier by six weeks, as an additional six-month period strikes us as unreasonably long.  For our planning purposes, when do plaintiffs expect to be able to provide a draft order?

A related question is whether the class plaintiffs have coordinated with GIC on these proposed dates:  defendants expect that plaintiffs in the related cases will coordinate discovery and, for example, defendants will not make deponents available twice.

Regarding depositions, the defendants' position is that the plaintiffs have not yet adequately justified departing from the 10 deposition limit provided by Rule 30.  This is especially true given that defendants have produced prior deposition testimony from the previous antitrust matters of 17 of the 20 witnesses on your proposed deponent list (and plaintiffs have access to additional trial testimony from witnesses who testified at the FTC trial).  These individuals were deposed for up to 17 hours each and gave testimony on the matters described in plaintiffs' list of deposition topics.  Indeed, based on the list of deponents and plaintiffs' statements at the recent motion hearing, the plaintiffs appear to be planning to re-litigate the prior US antitrust matters, even though the Ninth Circuit has finally resolved the issue of antitrust liability in the company's favor in FTC v. Qualcomm.  For example, plaintiffs apparently intend to seek testimony about the competitive implications of licensing practices and chip sales practices that the Ninth Circuit

concluded were lawful and pro-competitive. It is not reasonable or proportionate to the needs of the case for plaintiffs to seek duplicative testimony about topics that the Ninth Circuit has addressed and finally resolved as a matter of law.

Even apart from the effect of prior matters, plaintiffs have failed to show any relevance for many of the deponents on their list.  By way of example, several proposed deponents left Qualcomm before the beginning of the class period in 2012, and do not plausibly have information concerning the alleged misstatements.  Plaintiffs also indicate that they intend to seek testimony about events pre-dating the class period by a decade or more.  This too is not reasonable or proportionate to the needs of the case, and cannot justify exceeding the presumptive deposition limit.  Plaintiffs also have provided only vague or illogical justifications for many deponents.  For example, the facts that Dr. Irwin Jacobs is Paul Jacobs's father or that he patented and commercialized CDMA technologies are not reasons to take his deposition.

Finally, defendants believe that the submission of any dispute regarding deposition limits would likely be premature at this stage.  The parties only have begun conferring about this issue since the automatic stay expired.  Also, as you know, Qualcomm's document production is ongoing, and this issue should be resolved on a comprehensive basis rather than piecemeal.

In addition, although plaintiffs refer to defendants' initial disclosures in support of their deposition requests, plaintiffs still have failed to serve meaningful initial disclosures of their own, but rather list over a hundred persons and entities as potential witnesses who would need to be deposed if plaintiffs intend to call them at trial.  Plaintiffs are therefore denying defendants information they would need to plan and prepare their own deposition program.

We are available to meet and confer further about any of these topics if it would be helpful in advance of the CMC.

Brent

| Entry | |
|---|---|
| L/D for class certification motion | May 23, 2022 |
| L/D for fact discovery | August 24, 2022  **July 13, 2022** |
| L/D for parties to designate their respective experts in writing | September 23, 2022  **OMIT** |
| L/D to exchange of rebuttal experts | October 7, 2022  **OMIT** |
| L/D for each party to comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) | November 7, 2022  **September 26, 2022** |

| Entry | |
|---|---|
| of the Federal Rules of Civil Procedure | |
| L/D for parties to supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) | ~~January 9, 2023~~ **December 21, 2022** |
| L/D to complete all expert discovery | February 6, 2023 |
| L/D to file all other pretrial motions | March 9, 2023 |

On Feb 16, 2022, at 11:51 AM, Jonathan D. Uslaner <JonathanU@blbglaw.com> wrote:

Brent,

Thank you for speaking yesterday.  We understand from our discussion that Qualcomm requires two additional months to complete its production of documents – i.e., Defendants will make rolling productions, with the productions complete by April 15.  Accordingly, we propose the below schedule, which – assuming we have agreement on dates – we can take the laboring oar and incorporate into the language in Judge Berg's prior case management order.  Of note, the schedule contemplates 6 months for additional fact discovery (i.e., 4 months after Qualcomm completes its document production), with all subsequent dates using the same intervals as in the prior CMO entered by Judge Berg.

As to the interrogatories and requests for admission served by each party on January 3, 2020, we propose the parties exchange their responses on April 29, 2022, given that Qualcomm's production will not be complete until April 15.

Finally, you had requested that we identify the 20 depositions we currently anticipate taking.  That list is attached, with brief descriptions.  Please let us know whether you are agreeable to our taking up to 20 depositions, or if we have a dispute.

Best,
Jonathan

| Entry | |
|---|---|
| L/D for class certification motion | May 23, 2022 |
| L/D for fact discovery | August 24, 2022 |
| L/D for parties to designate their respective experts in writing | September 23, 2022 |
| L/D to exchange of rebuttal experts | October 7, 2022 |
| L/D for each party to comply with the | November 7, 2022 |

| Entry | |
|---|---|
| disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure | |
| L/D for parties to supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) | January 9, 2023 |
| L/D to complete all expert discovery | February 6, 2023 |
| L/D to file all other pretrial motions | March 9, 2023 |

**Jonathan D. Uslaner**
**BLB&G**
Bernstein Litowitz Berger & Grossmann LLP
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
T 310-819-3472| jonathanu@blbglaw.com

**From:** Jonathan D. Uslaner
**Sent:** Thursday, February 10, 2022 12:17 PM
**To:** Brent Byars <MByars@cravath.com>; Rich Gluck <Rich.Gluck@blbglaw.com>; Richards, Stephen <srichards@cooley.com>; Bob Gralewski <BGralewski@kmllp.com>; Ira Press <ipress@kmllp.com>; dhume@kmllp.com; Lauren Cruz <Lauren.Cruz@blbglaw.com>; moliver@motleyrice.com; glevin@motleyrice.com; Salvatore Graziano <Salvatore@blbglaw.com>; Rebecca Boon <Rebecca.Boon@blbglaw.com>; Kate Aufses <Kate.Aufses@blbglaw.com>; Kyle Panton <Kyle.Panton@blbglaw.com>; Norton, William S. <bnorton@motleyrice.com>; ecwilliams@motleyrice.com
**Cc:** Rachel Skaistis <rskaistis@cravath.com>; Fukumura, Koji <kfukumura@cooley.com>
**Subject:** RE: Shah v. Qualcomm Incorporated | GIC Private Limited v. Qualcomm Incorporated

Brent,

We are available at 3 ET on Tuesday.  Please send a dial-in.   We look forward to speak with you then.

Best,
Jonathan

**Jonathan D. Uslaner**
**BLB&G**
Bernstein Litowitz Berger & Grossmann LLP
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
T 310-819-3472| jonathanu@blbglaw.com

**From:** Brent Byars <MByars@cravath.com>
**Sent:** Thursday, February 10, 2022 11:49 AM

**To:** Rich Gluck <Rich.Gluck@blbglaw.com>; Richards, Stephen <srichards@cooley.com>; Bob Gralewski <BGralewski@kmllp.com>; Ira Press <ipress@kmllp.com>; dhume@kmllp.com; Lauren Cruz <Lauren.Cruz@blbglaw.com>; moliver@motleyrice.com; glevin@motleyrice.com; Jonathan D. Uslaner <JonathanU@blbglaw.com>; Salvatore Graziano <Salvatore@blbglaw.com>; Rebecca Boon <Rebecca.Boon@blbglaw.com>; Kate Aufses <Kate.Aufses@blbglaw.com>; Kyle Panton <Kyle.Panton@blbglaw.com>; Norton, William S. <bnorton@motleyrice.com>; ecwilliams@motleyrice.com
**Cc:** Rachel Skaistis <rskaistis@cravath.com>; Fukumura, Koji <kfukumura@cooley.com>
**Subject:** RE: Shah v. Qualcomm Incorporated | GIC Private Limited v. Qualcomm Incorporated

**[External]**

Plaintiffs' counsel--

Our schedules are tight over the next couple days, but Defendants could be available to meet and confer on Tuesday 3-4:30 or after 5:30, or generally Wednesday except at 2:30 (all Eastern times).  Please let us know if any of those work or if you need to propose some alternates.

Thanks.

**From:** Rich Gluck <Rich.Gluck@blbglaw.com>
**Sent:** Tuesday, February 8, 2022 4:19 PM
**To:** Richards, Stephen <srichards@cooley.com>; Bob Gralewski <BGralewski@kmllp.com>; Ira Press <ipress@kmllp.com>; dhume@kmllp.com; Lauren Cruz <Lauren.Cruz@blbglaw.com>; moliver@motleyrice.com; glevin@motleyrice.com; Jonathan D. Uslaner <JonathanU@blbglaw.com>; Salvatore Graziano <Salvatore@blbglaw.com>; Rebecca Boon <Rebecca.Boon@blbglaw.com>; Kate Aufses <Kate.Aufses@blbglaw.com>; Kyle Panton <Kyle.Panton@blbglaw.com>; Norton, William S. <bnorton@motleyrice.com>; ecwilliams@motleyrice.com
**Cc:** Rachel Skaistis <rskaistis@cravath.com>; Fukumura, Koji <kfukumura@cooley.com>; Brent Byars <MByars@cravath.com>
**Subject:** RE: Shah v. Qualcomm Incorporated | GIC Private Limited v. Qualcomm Incorporated

Stephen – I will handle for the class plaintiffs.  I am available between 8-9, 10-11, and any time after noon (all pacific times).  My number is 858-720-3194.
Thanks,
Rich

**From:** Richards, Stephen <srichards@cooley.com>
**Sent:** Tuesday, February 8, 2022 1:12 PM
**To:** Bob Gralewski <BGralewski@kmllp.com>; Ira Press <ipress@kmllp.com>; dhume@kmllp.com; Rich Gluck <Rich.Gluck@blbglaw.com>; Lauren Cruz <Lauren.Cruz@blbglaw.com>; moliver@motleyrice.com; glevin@motleyrice.com; Jonathan D. Uslaner <JonathanU@blbglaw.com>; Salvatore Graziano <Salvatore@blbglaw.com>; Rebecca Boon <Rebecca.Boon@blbglaw.com>; Kate Aufses <Kate.Aufses@blbglaw.com>; Kyle Panton <Kyle.Panton@blbglaw.com>; Norton, William S. <bnorton@motleyrice.com>; ecwilliams@motleyrice.com
**Cc:** Rachel Skaistis <rskaistis@cravath.com>; Fukumura, Koji <kfukumura@cooley.com>; Brent Byars <MByars@cravath.com>
**Subject:** Shah v. Qualcomm Incorporated | GIC Private Limited v. Qualcomm Incorporated

**[External]**

Counsel:

Pursuant to Magistrate Judge Berg's orders from earlier this afternoon, counsel for Defendants in these two cases can be available for a joint call to Judge Berg's chambers tomorrow for the purposes of scheduling a CMC.  Please let us know who from Plaintiffs  would like to attend, what your joint availability is for a call, and the phone numbers at which you can be reached.  (Given the complexities of arranging a joint call and then patching in the Court, consolidating to just a couple of folks on your end is probably a good idea.)

Thank you,

Stephen Richards

Stephen Richards
Cooley LLP
4401 Eastgate Mall
San Diego, CA   92121-1909
+1 858 550 6190 office
+1 858 550 6420 fax
srichards@cooley.com

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

---

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

---

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.