# Exhibit 6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KING DRUG COMPANY OF FLORENCE, INC., *et al.*, | |
| *Plaintiffs*, | No. 2:06-cv-1797 |
| v. | |
| CEPHALON, INC., *et al.*, | |
| *Defendants*. | |
| VISTA HEALTHPLAN, INC., *et al.*, | |
| *Plaintiffs*, | No. 2:06-cv-1833 |
| v. | |
| CEPHALON, INC., *et al.*, | |
| *Defendants*. | |
| APOTEX, INC., | |
| *Plaintiff*, | No. 2:06-cv-2768 |
| v. | |
| CEPHALON, INC., *et al.*, | |
| *Defendants*. | |

**CEPHALON AND GENERIC DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTIONS IN LIMINE 1-10**

thought to have occurred." *Lloyd v. Am. Exp. Lines, Inc.*, 580 F.2d 1179, 1186-87 (3d. Cir. 1978) ("[i]rrespective of whether the interests be considered from the individual or public viewpoints…the previous party having like motive to develop testimony about the same material facts is…a predecessor in interest to the present party."). While Plaintiffs' motion criticizes this broad standard articulated in *Lloyd*, Plaintiffs fail to cite any cases in the Third Circuit that actually disagree with the *Lloyd* holding. On the contrary, Third Circuit courts have continued to affirm and rely on *Lloyd*.[17]

The FTC also had similar motives to develop testimony of these witnesses, despite Plaintiffs' claimed differences between the FTC investigation and private plaintiff cases. The FTC was investigating, and later pursued against Cephalon, the same fundamental claim as the Plaintiffs: that the settlement agreements between Cephalon and the Generic Defendants were unlawful restraints of trade. *See* FTC's First Am. Compl. for Injunctive Relief ("FTC First Am. Compl."), *FTC v. Cephalon, Inc.*, Case No. 08-2141, ¶¶ 56-61 (E.D. Pa. Aug. 12, 2009). Similar motive does not require identical issues, but "substantial identity of issues." *United States v. Cannistraro*, 800 F. Supp. 30, 66-67 (D.N.J. 1992) ("The traditional formulation of the similar motive requirement is that the two proceedings must reflect a 'substantial identity of issues.'").

It is of no moment, as Plaintiffs argue, that the FTC's investigation and subsequent suit differed in some respects—that the FTC did not include a fraud count or include Generic Defendants in its complaint, and was not required to establish fact of injury or damages in its claim for injunctive relief. Omnibus Mot. 23. What matters under Rule 804(b)(1) is that the

---

[17] *See, e.g., N.J. Tpk. Auth. v. PPG Indus., Inc.*, 197 F.3d 96, 110 n.21 (3d. Cir. 1999) (citing *Lloyd*, 580 F.2d at 1185-87) ("Privity or a common property interest is not required to establish a predecessor in interest relationship, rather, a shared interest in the material facts and outcome of the case will create such an interest."); *Cowley v. Acands, Inc.*, No. 07-cv-62831, 2010 WL 5376338, at *3 (E.D. Pa. Dec. 23, 2010) (citing *Lloyd* for the Third Circuit's "broad[]" construction of the term "predecessor in interest."); *Duca v. Raymark Indus.*, No. 84-cv-0587, 1986 WL 10539, at *2 (E.D. Pa. 1986) (similar).

23

FTC and Plaintiffs challenged the same conduct involving a "substantial identity of issues." On several occasions, Plaintiffs themselves have remarked on the similarity between their cases and the FTC's claims. Because of these similarities, Direct Purchaser, Individual, and Apotex Plaintiffs advocated for a joint trial with the FTC in this matter.[18] Plaintiffs have also routinely adopted FTC motions in their cases.[19]

Additionally, the IH transcripts were produced in this litigation and treated by Plaintiffs as though they reflected testimony in this case. Plaintiffs treated many depositions as continuations of the IH's, often entering the IH transcript as an exhibit at the deposition and reading IH testimony directly into the deposition record, after confirming with the deponent that their testimony to the FTC was taken under oath and given truthfully. *See, e.g.*, Feb. 10, 2011 Dep. of Bruce Downey at 28, 201-23; Feb. 17, 2011 Dep. of Brian Roman at 10, 179, 186-88. That belies any claim of unfairness.

In the alternative, the IH testimony is generally admissible under Rule 807(a)—the residual hearsay exception. Rule 807(a) permits out-of-court statements if "(1) the statement has equivalent circumstantial guarantees of trustworthiness; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and (4) admitting it will best serve the purposes of these rules and the interests of justice." Courts admitting statements under Rule 807(a) have

---

[18] *See* Jan. 29, 2015 Status Conference Hr'g Tr. at 122 (Walgreen counsel: "I think we should—our client, all the retailers should be included in the FTC trial because our case is a subset of their case"); Aug. 28, 2014 Letter from Individual Pls.' Counsel to J. Goldberg (advocating for a joint trial with FTC); Aug. 28, 2014 Letter from Direct Purchasers' Counsel to J. Goldberg (advocating for a joint trial with the FTC); Aug. 28, 2014 Letter from Apotex's Counsel to J. Goldberg (stating that Apotex would be willing to try its case with the FTC).

[19] *See, e.g.,* Dec. 6, 2012 Pls.' Mot. to Compel Cephalon to Produce Docs. Withheld on Privilege Grounds, Case No. 2:06-cv-1797, ECF No. 484; Apr. 4, 2014, Direct Purchaser Class Pls.' Not. of Adoption of Pl. FTC's Mot. to Exclude Certain Ops. of Dr. A. Myerson and Other Derative Ops., Case No. 2:06-cv-1797, ECF Nos. 614 & Apr. 4, 2014 Direct Purchaser Class Pls.' Not. of Adoption of Pl. FTC's Mot. to Exclude the Ops. of Cephalon's Ten Patent Experts, Case No. 2:06-cv-1797, ECH No. 615; Apr. 4, 2014 Designation to Join Additional Daubert Mots., Case No. 2:06-cv-1833, ECF No. 297.

24

| | |
|---|---|
| */s/ Rowan D. Wilson (with permission)* | */s/ J. Douglas Baldridge (with permission)* |
| Evan Chesler (*admitted pro hac vice*) | J. Douglas Baldridge (*admitted pro hac vice*) |
| Rowan D. Wilson (*admitted pro hac vice*) | Lisa Jose Fales (*admitted pro hac vice*) |
| David R. Marriott (*admitted pro hac vice*) | Danielle R. Foley (*admitted pro hac vice*) |
| CRAVATH, SWAINE & MOORE | Vincent E. Verrocchio (*admitted pro hac vice*) |
| Worldwide Plaza | VENABLE LLP |
| 825 Eighth Avenue | 575 7th Street, NW |
| New York, New York 10019 | Washington, DC 20004 |
| (212) 474-1000 | (202) 344-4000 |
| | |
| Katherine M. Katchen (ID #803395) | Neill C. Kling |
| Matthew R. Varzally (ID # 93987) | HARKINS CUNNINGHAM LLP |
| AKIN GUMP STRAUSS HAUER & FELD LLP | 4000 Two Commerce Square |
| Two Commerce Square | 2001 Market St |
| 2001 Market Street, Suite 4100 | Philadelphia PA 19103 |
| Philadelphia, PA 19103-7013 | 215.851.6709 Telephone |
| (215) 965-1200 | nkling@harkinscunningham.com |
| | |
| Paul B. Hewitt (*admitted pro hac vice*) | |
| C. Fairley Spillman (*admitted pro hac vice*) | *Counsel for Ranbaxy Laboratories, Ltd.* |
| AKIN GUMP STRAUSS HAUER & FELD LLP | *and Ranbaxy Pharmaceuticals, Inc.* |
| 1333 New Hampshire Avenue, NW | |
| Washington, DC 20036 | |
| (202) 887-4000 | |

*Counsel for Mylan Inc.*
*(formerly known as Mylan Laboratories,*
*Inc.) and Mylan Pharmaceuticals Inc.*

27