```
 1  CRAVATH, SWAINE & MOORE LLP
    ANTONY L. RYAN (pro hac vice)
 2  (aryan@cravath.com)
    RACHEL G. SKAISTIS (pro hac vice)
 3  (rskaistis@cravath.com)
    YONATAN EVEN (pro hac vice)
 4  (yeven@cravath.com)
    JUSTIN C. CLARKE (pro hac vice)
 5  jcclarke@cravath.com
    M. BRENT BYARS (pro hac vice)
 6  (mbyars@cravath.com)
    825 Eighth Avenue
 7  New York, NY 10019
    Telephone: (212) 474-1000
 8  Facsimile: (212) 474-3700

 9  COOLEY LLP
    KOJI F. FUKUMURA (189719)
10  (kfukumura@cooley.com)
    CHRISTOPHER DURBIN (218611)
11  (cdurbin@cooley.com)
    PETER M. ADAMS (243926)
12  (padams@cooley.com)
    4401 Eastgate Mall
13  San Diego, CA 92121-9109
    Telephone: (858) 550-6000
14  Facsimile: (858) 550-6420
```

*Attorneys for Defendants Qualcomm Incorporated, Derek K. Aberle, Steven R. Altman, William F. Davidson, Paul E. Jacobs, Steven M. Mollenkopf and Donald J. Rosenberg*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE QUALCOMM INCORPORATED SECURITIES LITIGATION | No. 17-cv-0121-JO-MSB<br><br>**DECLARATION OF CHRISTOPHER LONGMAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge: Hon. Jinsook Ohta<br>Date: October 19, 2022<br>Time: 9:30 a.m.<br>Courtroom: 4C |

I, Christopher Longman, declare as follows:

1. I am over eighteen years of age and am competent to make this declaration. I have personal knowledge of the facts stated herein or otherwise the statements herein are given to the best of my knowledge, information and belief, and, if called upon as a witness, I could and would testify to such facts and statements under oath.

2. I submit this declaration in support of Defendants' Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Class Certification [Dkt. #217].

3. I currently serve as Vice President, Legal Counsel of Qualcomm Incorporated ("Qualcomm").

4. Prior to my role as Vice President, Legal Counsel, I served as Senior Director, Legal Counsel at Qualcomm from May 2012 to November 2017.

5. While in my role as Senior Director, Legal Counsel, I was a member of the team managing Qualcomm's response to an investigation into Qualcomm's licensing practices and subsequent enforcement action commenced by the Korea Fair Trade Commission ("KFTC").

6. In that capacity, I attended hearings held before the KFTC in connection with its investigation of Qualcomm. The hearings were held in Sejong City, Korea, over the summer and fall of 2016.

7. During these hearings, the KFTC heard testimony, in the form of presentations, from representatives of Qualcomm, experts, and representatives of other companies in the cellular communications industry.

8. Each of these hearings was open to the public and to members of the media (with limited closed sessions held to address commercially sensitive information), and the hearings were in fact attended by industry participants and other observers.

9. Attached hereto as **Exhibit 1** is a true and correct copy of a presentation titled "Qualcomm's SEP Licensing Practices and Overview of Select Negotiations", slides 1-13 of which were presented during an open session of the KFTC hearings by Derek Aberle, a representative of Qualcomm, on August 17, 2016.

10. Attached hereto as **Exhibit 2** is a true and correct copy of a presentation titled "Industry Licensing Practices for Cellular SEPs", which was given during an open session of the KFTC hearings by Eric Stasik, an expert witness retained by Qualcomm, on August 17, 2016.

11. Attached hereto as **Exhibit 3** is a true and correct copy of a presentation titled "Apple's Response to KFTC Request", which was given during an open session of the KFTC hearings by Kyle Andeer, a representative of Apple, on August 17, 2016.

12. Attached hereto as **Exhibit 4** is a true and correct copy of a presentation titled "Impact of Developments in the Law of Patent Exhaustion on Qualcomm's Agreements with Modem Chipmakers", which was given during an open session of the KFTC hearings by John Whealan, an expert witness retained by Qualcomm, on September 5, 2016.

13. Attached hereto as **Exhibit 5** is a true and correct copy of a presentation titled "FRAND IPR Policies and Applicable Licensing Practices", which was given during an open session of the KFTC hearings by Christina Petersson, a representative of Ericsson, on September 5, 2016.

14. Attached hereto as **Exhibit 6** is a true and correct copy of a presentation titled "Response to Presentation by Interested Third Parties", which was given during an open session of the KFTC hearings by Derek Aberle, a representative of Qualcomm, on November 9, 2016.

15. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct and that I executed this declaration on July 20, 2022, in San Diego, California.

*Christopher Longman* (signature)

Christopher Longman

## TABLE OF EXHIBITS

| Exhibit No. | Title | Page |
|---|---|---|
| 1 | Qualcomm's SEP Licensing Practices and Overview of Select Negotiations | L1-L62 |
| 2 | Industry Licensing Practices for Cellular SEPs | L63-L99 |
| 3 | Apple's Response to KFTC Request | L100-L154 |
| 4 | Impact of Developments in the Law of Patent Exhaustion on Qualcomm's Agreements with Modem Chipmakers | L155-L188 |
| 5 | FRAND IPR Policies and Applicable Licensing Practices | L189-L208 |
| 6 | Response to Presentation by Interested Third Parties | L209-L224 |