**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
Richard D. Gluck (Bar No. 151675)
rich.gluck@blbglaw.com
Lauren M. Cruz (Bar No. 299964)
lauren.cruz@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

**MOTLEY RICE LLC**
Gregg S. Levin (*Pro Hac Vice*)
glevin@motleyrice.com
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9000

*Counsel for Lead Plaintiffs and
Lead Counsel for the Class*

[Additional Counsel Appear on
Signature Page]

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE QUALCOMM INCORPORATED SECURITIES LITIGATION | Case No. 3:17-cv-00121-JO-MSB<br><br>**LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' RENEWED *EX PARTE* APPLICATION FOR LEAVE TO FILE SUR-REPLY RE: LEAD PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge: Hon. Jinsook Ohta<br>Date:   Oct. 19, 2022<br>Time:   9:30 a.m.<br>Courtroom: 4C |

LP's Opp. To Defs.'
Renewed *Ex Parte* App.

Case No. 3:17-cv-00121-JO-MSB

## I.  INTRODUCTION

The Court does not require more paper from Defendants on Plaintiffs' Motion for Class Certification. Defendants already submitted (i) **40** pages of briefing; (ii) **3** expert reports, totaling over **235** pages; and (iii) **288** exhibits, totaling over **5,000** pages. In fact, Defendants already have submitted far more pages in connection with this motion than Plaintiffs did—including on issues of "price impact"—even though this is ***Plaintiffs'*** motion. Worse yet, at least half of Defendants' pages are from the ***same*** documents and contain the ***same*** arguments that this Court already reviewed in rejecting Defendants' ***same*** loss causation arguments made in their motion for judgment on the pleadings; and the remaining pages concern licensing practices that are entirely different than those at issue in this case and, thus, irrelevant.

Enough is enough. "Class certification is decidedly not an alternative form of summary judgment or an occasion to hold a mini-trial on the merits." *Purple Mountain Tr. v. Wells Fargo & Co.*, 2022 WL 3357835, at *1 (N.D. Cal. Aug. 15, 2022). Defendants' *Ex Parte* Application should be denied.

## II.  PLAINTIFFS' REPLY PROPERLY RESPONDED TO DEFENDANTS' "PRICE IMPACT" CHALLENGES

Defendants' argument that they should be authorized to file a sur-reply is based on a suggestion of sandbagging. *See Ex Parte* App. (ECF No. 261) at 6. This is baseless. Plaintiffs are ***not*** required to prove price impact at all, and certainly are not required to put forward price impact evidence in their opening papers. At all times, "[t]he burden is on ***defendants***." *SEB Inv. Mgmt. AB v. Symantec Corp.*, 335 F.R.D. 276, 287 (N.D. Cal. 2020) (denying defendants' sur-reply request and explaining that "defendants misconstrue the burden to show no price impact and erroneously place it with plaintiff").[1]

---

[1] Unless otherwise indicated, internal citations and quotations are omitted, and emphasis is added.

Under Supreme Court law, in their opening papers, Plaintiffs were required to—and did—show that they are entitled to *Basic v. Levinson*'s presumption of reliance by proving that the market for Qualcomm securities was efficient throughout the Class Period. *See Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 276-79 (2014) ("*Halliburton II*"). The burden then shifted to Defendants to rebut that presumption by proving a complete lack of price impact in their opposition. Defendants attempted—but failed—to do that through their three expert reports and their opposition brief. After Defendants put forward their evidence on this issue, Plaintiffs responded to it in their reply (ECF No. 255 ("Plaintiffs' Reply")), explaining the errors in Defendants' arguments and the flaws in their experts' analyses.

This is the normal sequence of proof under the Supreme Court's class certification burden-shifting framework. Indeed, this is the way that price impact challenges have routinely played out since the Supreme Court's decision in *Halliburton II* established that defendants opposing class certification have an opportunity to challenge price impact and bear the burden on the issue. Thus, for Defendants to suggest that Plaintiffs somehow improperly responded to their price impact arguments is disingenuous at best.[2] Plaintiffs cannot respond to Defendants' price impact arguments before they are made.

### III.   COURTS HAVE REJECTED SUR-REPLY REQUESTS UNDER THE SAME CIRCUMSTANCES

Contrary to Defendants' assertions, while the Supreme Court's *Halliburton II* decision afforded Defendants an opportunity to challenge "price impact" in their opposition brief, it did ***not*** bestow on Defendants special briefing privileges to do so. Courts have rejected Defendants' precise request in their *Ex Parte* Application,

---

[2] Indeed, it is Defendants who failed to disclose their experts in advance of class certification in violation of the Joint Discovery Plan. *See* ECF No. 77. In fact, Defendants did not disclose the identities of their experts even after Lead Counsel specifically asked for this disclosure in advance of the motion.

denying defendants' requests to file a sur-reply under the **same** circumstances. *See, e.g., Symantec Corp.*, 335 F.R.D. at 287 (denying request for sur-reply on price impact arguments); *Willis v. Big Lots, Inc.*, 242 F. Supp. 3d 634, 643-44 (S.D. Ohio 2017) (same); *see also In re Teva Sec. Litig.*, No. 17-cv-00558 (SRU) (D. Conn. Nov. 23, 2020), ECF No. 606.

These decisions are consistent with the well-settled rule that "evidence submitted with a reply brief is **not** new evidence when it is submitted to rebut arguments raised in the opposition brief." *Markson v. CRST Int'l, Inc.*, 2022 WL 790960, at *1 n.1 (C.D. Cal. Feb. 24, 2022). "The arguments and evidence in Plaintiffs' reply to which Defendants object were directly responsive to Defendants' arguments, and therefore neither improper nor a basis for allowing leave to file a surreply." *Id*.

The court's decision in *Symantec* is instructive. In that case, like here, defendants first raised a "price impact" challenge in their opposition to class certification. 335 F.R.D. at 287; *see also* Defs.' Admin. Mot. For Leave To File Sur-Reply, Case No. 3:18-cv-02902 (Mar. 20, 2020), ECF No. 221 at 3. The defendants in *Symantec* supported their opposition with extensive legal arguments, evidence, and expert reports. *See* Decl. of Evan L. Seite, Case No. 3:18-cv-02902 (Feb. 14, 2020), ECF No. 208. In response, the plaintiff similarly submitted its own extensive argument, evidence, and expert analysis on "price impact" with its reply brief. *See* Reply, Case No. 3:18-cv-02902 (Mar. 13, 2020), ECF No. 219. As in this case, the defendants in *Symantec* argued that the court should permit them to file a sur-reply to address "the issue of price impact." Defs.' Admin. Mot. For Leave To File Sur-Reply, ECF No. 221 at 1. The court rejected defendants' sur-reply request, finding "no good cause shown" and explaining that "Defendants will have an opportunity to rehash their arguments in the proper frame—loss causation —on summary judgment or at trial." *Symantec Corp.*, 335 F.R.D. at 287.

The same is true here. Defendants failed to bear their burden of proof and

persuasion to demonstrate a complete absence of price impact in their opposition brief. *See* Plaintiffs' Reply at 3-19. The price of Qualcomm's stock price dropped by statistically significant amounts immediately following each of the four disclosures at issue, wiping out over $30 billion in shareholder value. *Id*. at 1. The Court has already rejected Defendants' loss causation and truth-on-the-market contentions. After reviewing the same evidence presented by Defendants in their opposition brief, the Court found there was merely "some time frame in which mixed messages are happening," and it "doesn't find persuasive that Plaintiffs have not pled loss causation." ECF No. 193 at 12:9-10, 24:2-3. Even if considered anew, Defendants' loss causation and truth-on-the-market arguments fail. *See* Plaintiffs' Reply at 5-19. And there is no reason to consider these arguments anew, since they present common questions that the Supreme Court has explained are not appropriately addressed at the class certification stage. *Id*. at 3-5.

Courts repeatedly reject attempts to defeat price impact where, as here, the corrective disclosures were followed by immediate, statistically significant stock price declines. *See id.* at 3. Plaintiffs' Reply stated that Defendants had cited one case where class certification was denied on price impact grounds, but Defendants cited two such cases, both of which are inapposite. In *In re Finisar Corp. Securities Litigation*, 2017 WL 6026244, at *8 (N.D. Cal. Dec. 5, 2017), plaintiffs were "***not*** proceeding on a price maintenance theory," and the case is "inapposite" on these grounds. *See Cooper v. Thoratec Corp.*, 2018 WL 2117337, at *4, n.2 (N.D. Cal. May 8, 2018) (distinguishing *Finisar*). In *IBEW Local 98 Pension Fund v. Best Buy Co.*, 818 F.3d 775, 782 (8th Cir. 2016), the Eighth Circuit erroneously "flip[ped] the burden onto plaintiffs to prove price impact. . . ." *See Willis*, 242 F. Supp. 3d at 657; *see also In re Celgene Corp. Sec. Litig.*, 2020 WL 8870665, at *10 & n.9 (D.N.J. Nov. 29, 2020) (distinguishing *Best Buy*); *Karinski v. Stamps.com, Inc.*, 2020 WL 6572660, at *7 (C.D. Cal. Nov. 9, 2020) (certifying

class and recognizing "'price maintenance' theory of loss causation").[3]

## IV. PLAINTIFFS WILL BE UNFAIRLY PREJUDICED IF DEFENDANTS ARE PERMITTED TO GET THE LAST WORD ON PLAINTIFFS' MOTION

This is Plaintiffs' motion. It is well-established that the moving party should have the last word on its own motion. "This is precisely why Courts so thoroughly disfavor requests to file sur-replies." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, 2018 WL 3198800, at *1 (S.D. Cal. June 26, 2018).

The Court already granted Defendants' prior request to submit a 40-page opposition, which is 60% more than the Local Rules provide. Defendants tacked onto their 40-page brief three expert reports and over 5,000 pages of exhibits. Simply put, Defendants have been provided ample opportunity—and more—to make their "price impact" challenge. "Three rounds of briefs are enough. Replies to replies to replies are too much." *Id.* at *2.

"If Defendant believes that there are issues that are not fully addressed by the briefs, Defendant may raise those issues at the hearing." *See* Order Den. Defs.' *Ex Parte* Mot. for Leave to File Sur-Reply, *Taction Tech., Inc. v. Apple Inc.*, Case No. 3:21-cv-00812-TWR-JLB (S.D. Cal. Feb. 10, 2022), ECF No. 83 at 2 (denying request for sur-reply). Defendants should not, however, be permitted an opportunity to deprive Plaintiffs of the last word on their motion. Indeed, in the event the Court were to allow a sur-reply, Plaintiffs would request permission of their own to submit a sur-sur reply of equal length, at additional and needless expense and risk of further delaying this case, which has already been pending for over five years.

## V. CONCLUSION

For these reasons, Defendants' *Ex Parte* Application should be denied,

---

[3] *In re Automotive Parts Antitrust Litigation*, 2019 WL 626143, at *13-15 (E.D. Mich. Jan 7, 2019) is an inapposite antitrust case and does not involve issues of price impact. *See* Plaintiffs' Reply, at n.7.

briefing should remain closed, and any additional arguments should be raised at the upcoming, scheduled oral argument on October 19.

Dated: August 29, 2022

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

By: /s/ *Jonathan D. Uslaner*
Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
Richard D. Gluck (Bar No. 151675)
rich.gluck@blbglaw.com
Lauren M. Cruz (Bar No. 299964)
lauren.cruz@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

-and-

Salvatore J. Graziano (*Pro Hac Vice*)
salvatore@blbglaw.com
Jeroen Van Kwawegen (*Pro Hac Vice*)
jeroen@blbglaw.com
Rebecca E. Boon (*Pro Hac Vice*)
rebecca.boon@blbglaw.com
Kate W. Aufses (*Pro Hac Vice*)
kate.aufses@blbglaw.com
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444


**MOTLEY RICE LLC**
Gregg S. Levin (*Pro Hac Vice*)
glevin@motleyrice.com
William S. Norton (*Pro Hac Vice*)
bnorton@motleyrice.com
Meghan Oliver (*Pro Hac Vice*)
moliver@motleyrice.com
Christopher F. Moriarty (*Pro Hac Vice*)
cmoriarty@motleyrice.com
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Tel: (843) 216-9000
Fax: (843) 216-9450

-and-

William H. Narwold (*Pro Hac Vice*)
bnarwold@motleyrice.com
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103

*Counsel for Lead Plaintiffs Sjunde AP-Fonden and Metzler Asset Management GmbH, and Lead Counsel for the Class*