CRAVATH, SWAINE & MOORE LLP
Antony L. Ryan (*pro hac vice*)
Rachel G. Skaistis (*pro hac vice*)
Yonatan Even (*pro hac vice*)
Justin C. Clarke (*pro hac vice*)
M. Brent Byars (*pro hac vice*)
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000

COOLEY LLP
Steven M. Strauss (99153)
Koji F. Fukumura (189719)
Peter M. Adams (243926)
Christopher B. Durbin (218611)
4401 Eastgate Mall
San Diego, CA 92121-9109
Telephone: (858) 550-6000

*Attorneys for Defendants Qualcomm Incorporated, Derek A. Aberle, Steven R. Altman, William F. Davidson, Paul E. Jacobs, Steven M. Mollenkopf, and Donald J. Rosenberg*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE QUALCOMM INCORPORATED SECURITIES LITIGATION | Case No. 3:17-cv-00121-JO-MSB<br><br>**DEFENDANTS' REPLY IN SUPPORT OF RENEWED *EX PARTE* APPLICATION AND APPLICATION FOR LEAVE TO FILE SUR-REPLY RE LEAD PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

CASE NO. 3:17-CV-00121-JO-MSB
Defs.' Reply i/s/o Renewed *Ex Parte*
App. for Leave to File Sur-Reply

## I. INTRODUCTION

Lead Plaintiffs' Opposition (ECF No. 262) *does not contest* the primary reasons justifying Defendants' request for leave to file a sur-reply (ECF No. 261):

- Defendants bear the burden of persuasion to show a lack of price impact at the class-certification stage, and presented argument and evidence on that issue in their Opposition brief (*see* ECF Nos. 244, 248, 249, 250);

- Lead Plaintiffs, in turn, presented their opposition arguments and expert opinions on price impact for the first time in their Reply (*see* ECF Nos. 255, 255-2, 255-3);

- Defendants' Sur-Reply would be limited to addressing only the newly raised price-impact arguments and expert opinions in Lead Plaintiffs' Reply; and

- permitting Defendants to file a Sur-Reply by September 28, 2022 will have no impact on the October 19, 2022 hearing on Lead Plaintiffs' Motion for Class Certification.

Lead Plaintiffs' sole motivation for opposing Defendants' request is their insistence on having "the last word" on their motion. (Opp. at 5). But they've already had it on every issue for which they bear the burden of persuasion. This leaves Lead Plaintiffs arguing nothing more than "enough is enough" (*id.* at 1) while relying on cases that pre-date the Supreme Court's *Goldman Sachs* opinion, which addresses a defendant's burden in demonstrating the lack of price impact in a case like this one (*see id.* at 3–5).

Because Defendants bear the burden on price impact, fairness requires that they have the opportunity to respond in writing to arguments on that issue that Lead Plaintiffs raised for the first time in their Reply brief. The Court has broad discretion—and here, should exercise that discretion—to permit Defendants to file a 10-page Sur-Reply limited to price-impact on or before September 28, 2022.

1

CASE NO. 3:17-CV-00121-JO-MSB
Defs.' Reply i/s/o Renewed *Ex Parte*
App. for Leave to File Sur-Reply

## II.   ARGUMENT

**First**, Lead Plaintiffs misconstrue the basis for Defendants' request. Defendants do not request a Sur-Reply because Lead Plaintiffs "sandbagged" them (*see* Opp. at 1) by raising argument and expert opinion regarding price impact for the first time in their Reply.[1]  Defendants bear the burden to show a lack of price impact, so they presented argument and evidence on that issue for the first time in their Opposition.  (*See* ECF Nos. 244, 248, 249, 250.)  In response, Lead Plaintiffs presented their own arguments and expert opinions—a second expert report from their economist, David Tabak, and a new report from another economist, Timothy Simcoe—for the first time in their Reply.  (*See* ECF Nos. 255, 255-2, 255-3.)  Just as Lead Plaintiffs could not "respond to Defendants' price impact arguments before they [were] made" (Opp. at 2), Defendants could not have responded to Lead Plaintiffs' price-impact arguments and expert opinions before Lead Plaintiffs presented them, for the first time, in their Reply.  Defendants, as the party bearing the burden on this issue, should now have the opportunity to do so in writing through a Sur-Reply.

**Second**, Lead Plaintiffs are simply wrong to assert that courts have "den[ied] defendants' requests to file a sur-reply under the same circumstances" presented here.  (*See* Opp. at 2–3).  Defendants' price-impact arguments in their Opposition

---

[1] Lead Plaintiffs wrongly suggest that Defendants were obligated to disclose their class-certification experts before filing their Opposition. (*See* Opp. at 2 n.2.) Lead Plaintiffs cite a provision of a Joint Discovery Plan proposed in May 2019 (ECF No. 77) that the Court never adopted.  Earlier this year, the Parties proposed a new Joint Discovery Plan that set a September deadline for the exchange of merits experts—and did *not* require disclosure of class-certification experts—but the Court deferred scheduling all merits-expert disclosures.  (*See* ECF No. 199.)  Lead Plaintiffs also assert that they "specifically asked for this disclosure in advance of their Motion" (Opp. at 2 n.2), but Defendants declined Lead Plaintiffs' one-sided proposal to exchange expert disclosures *after* their Motion for Class Certification and accompanying expert reports were due to be filed.

2   CASE NO. 3:17-CV-00121-JO-MSB
Defs.' Reply i/s/o Renewed *Ex Parte*
App. for Leave to File Sur-Reply

are framed as the Supreme Court recently instructed in *Goldman Sachs Group, Inc. v. Arkansas Teacher Retirement System*, 141 S. Ct. 1951, 1959 (2021). Specifically, Defendants presented arguments and expert opinions to show that the alleged corrective disclosures did not impact Qualcomm's stock price—thereby precluding the inference in an inflation-maintenance case like this one "that the backend price drop equals front-end inflation." *Goldman Sachs*, 141 S. Ct. at 1961; (*see also* ECF No. 244 at 18–19). But every securities case that Lead Plaintiffs cite in their Opposition predates the *Goldman Sachs* opinion. (*See* Opp. at 3–4).[2] There is, therefore, no support for Lead Plaintiffs' assertion that courts "have rejected Defendants' precise request in their *Ex Parte* Application." (*Id.* at 2). To the contrary, before *Goldman Sachs* and since, courts have routinely granted defendants' requests to file sur-replies to address price impact. *See, e.g.*, *In re Mattel, Inc. Sec. Litig.*, No. 19-cv-10860-MCS(PLA) (C.D. Cal.), ECF No. 133 (Sept. 9, 2021) (Order Granting *Ex Parte* Application for Leave to File Surreply to Address New Argument and Evidence Regarding Price Impact); *In re EQT Corp. Sec. Litig.*, No. 2:19-cv-00754-RJC (W.D. Pa.), ECF No. 165 (July 7, 2021) (order setting class-certification briefing schedule and, *inter alia*, permitting defendants to file 10-page sur-reply); *City of Pontiac Gen'l Empl. Ret. Sys. v. Dell Inc.*, No. 1:15-cv-00374-LY (W.D. Tex.), ECF No. 124 (July 28, 2017) (order granting defendant's request to file sur-reply to address price impact).

**Third**, Lead Plaintiffs urge the Court to disregard Defendants' price-impact arguments because the Court "already rejected Defendants' loss causation and truth-

---

[2] Among those cases is *SEB Investment Management AB v. Symantec Corp.*, 335 F.R.D. 276 (N.D. Cal. 2020), which Lead Plaintiffs rely on heavily. (*See* Opp. at 2, 3.) In addition to predating the Supreme Court's *Goldman Sachs* opinion, the *Symantec* court's denial of defendants' request for leave to file a sur-reply is far too cursory to allow for any analogy to Defendants' present request. *See* 335 F.R.D. at 287 ("No good cause shown, the request is denied.").

on-the-market contentions." (*See* Opp. at 4.) Lead Plaintiffs' argument is contrary to law in at least two ways. First, Lead Plaintiffs ignore the standard of review on a Rule 12 motion, which requires the Court to assume the truth of Plaintiffs' allegations. Indeed, in its Rule 12 ruling, the Court did nothing more than conclude that Plaintiffs had "*pled* loss causation." (ECF No. 193 at 24:2–3 (emphasis added)). The Court could not have resolved on a Rule 12 motion whether Defendants demonstrated a lack of price impact on the basis of relevant evidence, precluding class certification under Rule 23. Second, as the Supreme Court instructed last year, "courts should be open to all probative evidence" on the question of price impact, and a court "cannot conclude Rule 23's requirements are satisfied without considering *all* evidence relevant to price impact." *Goldman Sachs*, 141 S. Ct. at 1961. Indeed, the Court must consider price impact evidence "regardless whether the evidence is also relevant to a merits question like materiality"—or to loss causation or the truth-on-the-market defense. *Id*. at 1960. Lead Plaintiffs' Rule 23 Motion, and Defendants' price-impact arguments, thus require the Court to evaluate the relevant evidence, rather than simply credit the allegations in Plaintiffs' pleadings. The Court's resolution of the prior Rule 12 motions in no way limits the inquiry required under Rule 23.

**Fourth**, Lead Plaintiffs will not be prejudiced in any way if the Court grants Defendants' *ex parte* application. (*See* Opp. at 5.) Because Defendants' Sur-Reply will address only price impact, Lead Plaintiffs have already had "the last word" on every class-certification issue for which they bear the burden. Nor can Lead Plaintiffs complain about the volume of Defendants' Opposition briefing, because Lead Plaintiffs stipulated to Defendants' request for expanded page limits—while also requesting (and receiving) more-than-double the allotted pages for their Reply. (*See* ECF No. 230 at 1–2.) Finally, Lead Plaintiffs assert that, if Defendants are granted a sur-reply, they "would request permission of their own to submit a sur-

4   CASE NO. 3:17-CV-00121-JO-MSB
Defs.' Reply i/s/o Renewed *Ex Parte*
App. for Leave to File Sur-Reply

sur reply of equal length, at additional and needless expense and risk of further delaying this case." (*See* Opp. at 5.)  But they cannot demonstrate prejudice by threatening an unnecessary and self-inflicted delay of the October 19, 2022 hearing—especially when their only basis for requesting a sur-sur-reply is their desire for the "last word" on an issue for which they do not bear the burden.

## III. CONCLUSION

For these reasons, set forth above and in Defendants' *ex parte* application, the Court should exercise its discretion to allow Defendants to file a narrowly tailored 10-page Sur-Reply by September 28, 2022, to respond to Lead Plaintiffs' counterarguments and expert opinions regarding price impact.

Dated:  August 30, 2022                    Respectfully submitted,

By: */s/ Koji F. Fukumura*
     Koji F. Fukumura

COOLEY LLP
KOJI F. FUKUMURA
(kfukumura@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121-9109
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

*Counsel for Defendants Qualcomm Incorporated, Derek A. Aberle, Steven R. Altman, William F. Davidson, Paul E. Jacobs, Steven M. Mollenkopf, and Donald J. Rosenberg*

5                    CASE NO. 3:17-CV-00121-JO-MSB
Defs.' Reply i/s/o Renewed *Ex Parte*
App. for Leave to File Sur-Reply