| | |
|---|---|
| 1 | **CRAVATH, SWAINE & MOORE LLP**<br>ANTONY L. RYAN (*pro hac vice*) |
| 2 | (aryan@cravath.com)<br>RACHEL G. SKAISTIS (*pro hac vice*) |
| 3 | (rskaistis@cravath.com)<br>YONATAN EVEN (*pro hac vice*) |
| 4 | (yeven@cravath.com)<br>JUSTIN C. CLARKE (*pro hac vice*) |
| 5 | jcclarke@cravath.com<br>M. BRENT BYARS (*pro hac vice*) |
| 6 | (mbyars@cravath.com)<br>825 Eighth Avenue |
| 7 | New York, NY 10019<br>Telephone: (212) 474-1000 |
| 8 | Facsimile: (212) 474-3700 |
| 9 | **COOLEY LLP**<br>STEVEN M. STRAUSS (99153) |
| 10 | (sms@cooley.com)<br>KOJI F. FUKUMURA (189719) |
| 11 | (kfukumura@cooley.com)<br>CHRISTOPHER DURBIN (218611) |
| 12 | (cdurbin@cooley.com)<br>4401 Eastgate Mall |
| 13 | San Diego, CA 92121-9109<br>Telephone: (858) 550-6000 |
| 14 | Facsimile: (858) 550-6420 |

*Attorneys for Defendants Qualcomm Incorporated, Derek K. Aberle, Steven R. Altman, William F. Davidson, Paul E. Jacobs, Steven M. Mollenkopf and Donald J. Rosenberg*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE QUALCOMM INCORPORATED SECURITIES LITIGATION | No. 17-cv-0121-JO-MSB<br><br>**DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL CERTAIN DOCUMENTS SUBMITTED IN CONNECTION WITH THEIR PROPOSED SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge: Hon. Jinsook Ohta<br>Courtroom: 4C |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

Pursuant to Southern District of California Civil Local Rule 79.2 and Section 2.j of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California, Defendants Qualcomm Incorporated, Derek K. Aberle, Steven R. Altman, William F. Davidson, Paul E. Jacobs, Steven M. Mollenkopf and Donald J. Rosenberg ("Defendants") submit this Motion to file under seal the following documents:

- Unredacted version of Exhibit 1, which is Defendants' Proposed Sur-Reply in Opposition to Class Certification;
- Unredacted version of Exhibit 2, which is the declaration of Professor René Stulz dated September 28, 2022;
- Unredacted version of Exhibit 3, which is the transcript of the deposition for David I. Tabak taken September 23, 2022;
- Unredacted version of Exhibit 5, a document bearing Bates number APL-QC-FTC_14804408;
- Unredacted version of Exhibit 6, a document bearing Bates number APL-QC-FTC_14788092; and
- Unredacted version of Exhibit 9, a document bearing Bates number MRVL-00000027.

The above-referenced Exhibits have been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the parties' protective order entered in this case on May 30, 2019 (the "Protective Order", ECF Nos. 78-1, 79); or "APPLE HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the non-parties' protective order entered in this case on January 10, 2020 (the "Non-Parties' Protective Order", ECF Nos. 141, 142); or otherwise quote from such documents.

The Protective Order authorizes the Producing Party (which includes non-parties) to designate as "HIGHLY CONFIDENTIAL" "information that is

extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party." (Protective Order, ECF No. 78-1, at §§ 2.3, 2.8; *see also id.* § 10.1.) The Protective Order also provides that testimony given in a deposition where no confidentiality designation is made on the record will be presumptively "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "in its entirety unless otherwise agreed". (Protective Order, ECF No. 78-1 at § 5.4(d).) The Non-Parties' Protective Order provides, in relevant part, that Apple, Inc. may designate as "APPLE HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "any APPLE MATERIAL previously designated by Apple as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, APPLE HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, SD CAL HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, CONFIDENTIAL BUSINESS INFORMATION, or any variant of "HIGHLY CONFIDENTIAL" in the FTC Litigation, Apple Litigation, CM Litigation, or ITC Litigation". (Non-Parties' Protective Order, ECF Nos. 141, 142 at § 1.4.)

Exhibit 1, which is Defendants' Proposed Sur-Reply in Opposition to Plaintiffs' Motion for Class Certification, quotes from documents designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "APPLE HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

Exhibit 2, which is the declaration of Professor René Stulz dated September 28, 2022, quotes from (a) the transcript of the David I. Tabak deposition taken September 23, 2022, which is presumptively designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order, ECF No. 78-1 at § 5.4(d); and (b) the Expert Reply Report of David I. Tabak (ECF No. 255-02), which Lead Plaintiffs designated "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order, ECF No. 78-1.

Exhibit 3, which is a transcript of the deposition for David I. Tabak taken September 23, 2022, is presumptively designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order, ECF No. 78-1 at § 5.4(d).

Exhibit 5, a document bearing Bates number APL-QC-FTC_14804408, has been designated "APPLE HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Non-Parties' Protective Order, ECF Nos. 141, 142 at § 1.4.

Exhibit 6, a document bearing Bates number APL-QC-FTC_14788092, has been designated "APPLE HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Non-Parties' Protective Order, ECF Nos. 141, 142 at § 1.4.

Exhibit 9, a document bearing Bates number MRVL-00000027, has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order, ECF Nos. 78-1, 79.

Accordingly, pursuant to Sections 13.3, 13.4 and 13.9 of the Protective Order, Defendants submit this Motion and will serve it (with the relevant designated materials) on each of the designating parties to permit those parties to request sealing of the designated materials.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated:  September 28, 2022 | Respectfully submitted, |
| 3 | | By:  /s/ Yonatan Even |
| 4 | | |
| 5 | | **CRAVATH, SWAINE & MOORE LLP**<br>Antony L. Ryan (*pro hac vice*) |
| 6 | | (aryan@cravath.com) |
| 7 | | Rachel G. Skaistis (*pro hac vice*)<br>(rskaistis@cravath.com) |
| 8 | | Yonatan Even (*pro hac vice*) |
| 9 | | (yeven@cravath.com)<br>Justin C. Clarke (*pro hac vice*) |
| 10 | | (jcclarke@cravath.com) |
| 11 | | M. Brent Byars (*pro hac vice*)<br>(mbyars@cravath.com) |
| 12 | | 825 Eighth Avenue<br>New York, NY 10019 |
| 13 | | Telephone:  (212) 474-1000 |
| 14 | | Facsimile:  (212) 474-3700 |
| 15 | | |
| 16 | | **COOLEY LLP**<br>Steven M. Strauss (99153) |
| 17 | | (sms@cooley.com) |
| 18 | | Koji F. Fukumura (189719)<br>(kfukumura@cooley.com) |
| 19 | | Christopher Durbin (218611) |
| 20 | | (cdurbin@cooley.com)<br>4401 Eastgate Mall |
| 21 | | San Diego, CA 92121-9109 |
| 22 | | Telephone:  (858) 550-6000<br>Facsimile:  (858) 550-6420 |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |