**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
Richard D. Gluck (Bar No. 151675)
rich.gluck@blbglaw.com
Lauren M. Cruz (Bar No. 299964)
lauren.cruz@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

**MOTLEY RICE LLC**
Gregg S. Levin (*Pro Hac Vice*)
glevin@motleyrice.com
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9000

*Counsel for Lead Plaintiffs and*
*Lead Counsel for the Class*

[Additional Counsel Appear on
Signature Page]

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

IN RE QUALCOMM
INCORPORATED SECURITIES
LITIGATION

Case No. 3:17-cv-00121-JO-MSB

**LEAD PLAINTIFFS' CORRECTED RESPONSE TO DEFENDANTS' UNAPPROVED SUBMISSION OF SUR-REPLY RE: LEAD PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Judge: Hon. Jinsook Ohta
Date:   Oct. 19, 2022
Time:   9:30 a.m.
Courtroom: 4C

---

1    At midnight yesterday evening, Defendants filed an unauthorized sur-reply

2   without court approval. Defendants' unauthorized submission is ***over 285 pages***—

3   including yet another 5.5-page expert report and 15 additional exhibits. This comes

4   on-top of Defendants' prior submissions on this motion, which include over 5,000

5   pages, three expert reports, and 288 exhibits. Defendants' midnight filing was

6   improper, and their unauthorized sur-reply should be rejected.

7    ***First***, this is ***Plaintiffs'*** motion for class certification. The law is plain that

8   absent unusual circumstances, not present here, Plaintiffs are entitled to the "last

9   word" on their motion.  *See* ECF No. 262 at 5. Courts have rejected Defendants'

10   precise attempt here to file a sur-reply on the issue of "price impact" at class

11   certification. *See SEB Inv. Mgmt. AB v. Symantec Corp.*, 335 F.R.D. 276, 287

12   (N.D. Cal. 2020) (denying request for sur-reply on price impact arguments).

13    ***Second***, Defendants' unauthorized midnight filing simply ignores the Local

14   Rules, which do not provide for sur-replies and require "leave of the judge" for

15   additional briefing pages. *See, e.g.*, L.R. 7.1(h). The Court already rejected

16   Defendants' prior motion to file a sur-reply (ECF No. 234); and Defendants'

17   second request was pending and not granted. Defendants' unilateral third filing of

18   their unauthorized sur-reply under these circumstances and without a Court order is

19   improper and should not be countenanced.

20    ***Third***, Defendants' unauthorized midnight filing goes well beyond the "10-

21   page sur-reply" that Defendants originally requested.  *See* ECF Nos. 229, 261

22   (requesting only a "10-page sur-reply").  Specifically, in addition to the requested

23   ten pages, Defendants submitted a 5.5-page expert report (for which they never

24   even sought approval) and 15 additional exhibits, amounting to over 285 pages.

25    ***Fourth***, despite its volume, Defendants' unauthorized sur-reply adds nothing

26   new.  Defendants have not come close to demonstrating a "complete absence of

27   price impact"—as they are required to do to defeat class certification.  *See* ECF

28   No. 255 at 3-19. It is undisputed that Qualcomm's stock price dropped by over

---

LPs' CORRECTED RESPONSE TO DEFS.'          CASE NO. 3:17-CV-00121-JO-MSB
UNAPPROVED SUBMISSION

1   *30%* following the four corrective disclosures, wiping out over *$30 billion* in

2   shareholder value. There is clear price impact.

3         Moreover, "[c]lass certification is decidedly *not* an alternative form of

4   summary judgment or an occasion to hold a mini-trial on the merits." *Purple*

5   *Mountain Tr. v. Wells Fargo & Co.*, 2022 WL 3357835, at \*1 (N.D. Cal. Aug. 15,

6   2022).  The Supreme Court and the Ninth Circuit are clear that "loss causation"

7   and "truth-on-the-market" contentions are *not* appropriate for resolution at the

8   class certification stage. *See* ECF 255 at 4-5. These trial issues are not suddenly

9   fair game because Defendants may seek to demonstrate the absence of price

10  impact.

11        Even if considered on this motion, Defendants' "truth-on-the-market"

12  contentions—which the Court already rejected—fail again.  To start, Defendants

13  do not even attempt to show that they disclosed "bundling"—i.e., Qualcomm's

14  bundling its licensing negotiations with special price or rebate terms for its

15  chipsets.  As detailed in the Complaint, which Judge Houston sustained in full,

16  Qualcomm falsely and misleadingly told investors that it "keep[s] the licensing and

17  the chip business very separate" and we "don't bundle those together" and has

18  been "very clear that we keep those two things separate."  *See* ECF No. 32.

19  Defendants' failure to show the market knew it engaged in bundling dooms their

20  price impact challenge. In failing to even address one of the two undisclosed

21  licensing practices at issue in this case, Defendants have likewise failed to prove a

22  complete absence of price impact, especially given the price reactions immediately

23  after the four corrective disclosures on the same subject.

24        Defendants' unauthorized sur-reply also fails to grapple with the fact that

25  Qualcomm *never* told investors that it "refused to license competitors," as

26  Plaintiffs allege. Qualcomm instead told investors—falsely, repeatedly and for

27  years—that "[w]e've *never* refused to license our WCDMA essential patents to

28  any company," and that the accusations that it refused to license chipset makers

1   were *"nuts"* and *"crazy."* Defendants added that they licensed in a

2   *"nondiscriminatory"* manner and to *"virtually every manufacturer in the mobile*

3   *industry,"* and that it maintained the same licensing practices it had for *"decades."*

4   Investors could hardly know the truth: indeed, Defendants' top executives did not

5   know Qualcomm refused to license competitors.  *See* ECF No. 255 at 7.  Plus,

6   Qualcomm's top executives—including named Defendants in this case—have

7   more recently testified in this Action, after being prepared for their depositions by

8   the same attorneys representing Qualcomm, that they do ***not*** interpret the

9   disclosures Defendants cite for their "truth-on-the-market" arguments as having

10   actually revealed the truth or they could not understand the import of the

11   disclosures without help from counsel.

12        Defendants' unauthorized sur-reply also misapprehends how the efficient

13   market works.  As Dr. Tabak explained in his August 22, 2022 expert report (ECF

14   No. 255-2), the market for Qualcomm's stock, while efficient, is not omniscient:

15   investors cannot be expected to know—and, under the law are not charged with

16   knowing—which of two conflicting pieces of information is true (the misstatement

17   or the supposed truth); rather, a company's stock price efficiently reflects a

18   summary of all news and views, but it cannot decipher and find the truth.

19   Defendants' arguments to the contrary fail.

20        ***Finally***, in the event the Court permits Defendants to file their unauthorized

21   sur-reply, Plaintiffs should be entitled to submit a sur-sur-reply, as well as to

22   depose Qualcomm's proffered expert, whom Defendants claim is "unavailable" for

23   deposition between October 2 and the date of the hearing.  Indeed, all other experts

24   will have been deposed prior to the scheduled hearing except the expert

25   Defendants submit with their sur-reply, which provides further grounds to deny

26   Defendants' request.

27

28

1  Dated: September 29, 2022

2

3

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP**

4

5

6

7

8

9

By: */s/ Jonathan D. Uslaner*
Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
Richard D. Gluck (Bar No. 151675)
rich.gluck@blbglaw.com
Lauren M. Cruz (Bar No. 299964)
lauren.cruz@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

10

-and-

11

12

13

14

15

16

17

Salvatore J. Graziano (*Pro Hac Vice*)
salvatore@blbglaw.com
Jeroen Van Kwawegen (*Pro Hac Vice*)
jeroen@blbglaw.com
Rebecca E. Boon (*Pro Hac Vice*)
rebecca.boon@blbglaw.com
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

18

19

20

21

22

23

24

25

**MOTLEY RICE LLC**
Gregg S. Levin (*Pro Hac Vice*)
glevin@motleyrice.com
William S. Norton (*Pro Hac Vice*)
bnorton@motleyrice.com
Meghan Oliver (*Pro Hac Vice*)
moliver@motleyrice.com
Christopher F. Moriarty (*Pro Hac Vice*)
cmoriarty@motleyrice.com
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9000
Fax: (843) 216-9450

26

-and-

27

28

William H. Narwold (*Pro Hac Vice*)
bnarwold@motleyrice.com

1    One Corporate Center
     20 Church Street, 17th Floor
2    Hartford, CT 06103

3

4    *Counsel for Lead Plaintiffs Sjunde AP-*
     *Fonden and Metzler Asset Management*
5    *GmbH, and Lead Counsel for the Class*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28