UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE QUALCOMM INCORPORATED SECURITIES LITIGATION | Case No.: 17cv121-JO (MSB) <br><br> **AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

Pursuant to Rule 16.1(d) of the Local Rules, Case Management Conferences were held on May 2, 2023, and May 30, 2023. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

1. Depositions of the third-party witnesses. No later than **July 31, 2023,** depositions of the third-party witnesses shall be completed pursuant to the parties' agreement described in their Joint Status Report [ECF No. 292] and the Order re: Depositions of Apple Witnesses [ECF No. 293].

2. A telephonic attorneys-only Case Management Conference is set for **August 28, 2023**, at **9:30 a.m.** Plaintiffs' counsel is to arrange and initiate the conference call. The telephone number for Judge Berg's chambers is (619) 557-6632.

/ / /

3. By **September 12, 2023**, each party shall comply with the expert disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure (as modified by the Stipulated Order re: Discovery of Electronically Stored Information and Related Discovery Matters, ECF No. 78-2), with respect to issues on which the party bears the burden of proof. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c)**.

4. By **December 11, 2023**, each party shall comply with the expert disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure (as modified by the Stipulated Order re: Discovery of Electronically Stored Information and Related Discovery Matters, ECF No. 78-2), solely with respect to any expert testimony offered in rebuttal to the other parties' initial expert disclosures.

5. By **February 26, 2024**, each party may serve reply expert disclosures pursuant to Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure (as modified by the Stipulated Order re: Discovery of Electronically Stored Information and Related Discovery Matters, ECF No. 78-2), solely addressing the other parties' rebuttal expert disclosures.

6. All expert discovery shall be completed by all parties by **April 15, 2024**.

7. Motions for summary judgment and *Daubert* motions must be filed by **June 10, 2024**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.

///

8. The parties shall jointly contact the chambers of Judge Berg within five days of the District Court's ruling on any motion for summary judgment, or if no such motions are filed, no later than **June 17, 2024**, to schedule a Case Management Conference for the setting of additional pretrial dates.

9. A Mandatory Settlement Conference shall be conducted on **June 26, 2024**, at **9:30 a.m.**, in the chambers of **Magistrate Judge Michael S. Berg** located at **221 West Broadway, second floor, San Diego, CA 92101**. All discussions at the Mandatory Settlement Conference will be informal, off the record, privileged, and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

    a. **Personal Appearance of Parties Required**: All named parties, party representatives, including claims adjusters for insured defendants, as well as the principal attorney(s) responsible for the litigation, must be present **in person** and legally and factually prepared to discuss and resolve the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

    b. **Full Settlement Authority Required**: A party or party representative with full settlement authority[1] must be present at the conference. Retained outside corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to enter a settlement. A government

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485–86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face-to-face conference. Id. at 486. A limited or a sum certain of authority is not adequate. See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595–97 (8th Cir. 2001).

- 3 -

Amended Scheduling Order
17cv121-JO (MSB)

entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference has (1) primary responsibility for handling the case, and (2) authority to negotiate and recommend settlement offers to the government official(s) having ultimate settlement authority.

      c. **Confidential Settlement Statements Required**: On or before **<u>June 19, 2024</u>**, the parties shall submit directly to Magistrate Judge Berg's chambers (via hand delivery or by e-mail to the Court at efile_berg@casd.uscourts.gov), confidential settlement statements. The statements are limited to ten (10) pages, plus an additional ten (10) pages of exhibits. Each party's settlement statement must outline (1) the nature of the case and the claims, (2) position on liability or defenses; (3) position regarding settlement of the case with a **specific demand/offer for settlement**, and (4) any previous settlement negotiations or mediation efforts. The Mandatory Settlement Conference statement **must not merely repeat** what was contained in the Early Neutral Evaluation conference brief or any earlier settlement brief. The settlement statement **must specifically identify what the discovery process revealed** and the effect that the evidence has on the issues in the case. To the extent specific discovery responses, portions of deposition testimony, or expert reports are pertinent to the Court's evaluation of the matter, these documents must be attached as exhibits. Evidence supporting or refuting either party's claim for damages must also be identified and included as an exhibit.

If a specific demand or offer cannot be made at the time the settlement statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated. Further, the party must explain when they will be in a position to state a demand or offer. General statements such as a party will "negotiate in good faith" is **not** a specific demand or offer. The settlement statement should be submitted confidentially and need not be shared with other parties.

    d. **Requests to Continue a Mandatory Settlement Conference**: Any request to continue the Mandatory Settlement Conference, or request for relief from any of the provisions or requirements of this Order, must be sought by a **written application. Absent good cause, requests for continuances will not be considered unless submitted in writing no fewer than seven (7) calendar days prior to the scheduled conference.**

  **If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint notice confirming the complete settlement of the case is filed no fewer than twenty-four (24) hours before the scheduled conference.**

10. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

11. Plaintiffs' counsel shall serve a copy of this order on all parties that enter this case hereafter.

  **IT IS SO ORDERED.**

Dated: May 30, 2023

                _____
                Honorable Michael S. Berg
                United States Magistrate Judge

- 5 -

Amended Scheduling Order
17cv121-JO (MSB)