**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

**MOTLEY RICE LLC**
Gregg S. Levin (*pro hac vice*)
glevin@motleyrice.com
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9000

*Counsel for Lead Plaintiffs and Lead Counsel for the Class*

[Additional Counsel Appear on Signature Page]

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE QUALCOMM INCORPORATED SECURITIES LITIGATION | Case No. 3:17-cv-00121-JO-MSB<br><br>**LEAD PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF CLASS NOTICE, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge: Hon. Jinsook Ohta<br>Date: October 25, 2023<br>Time: 9:00 a.m.<br>Courtroom: 4C<br><br>**No oral argument unless requested by the Court.** |

# NOTICE OF MOTION

To:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on October 25, 2023 at 9:00 a.m. in the Courtroom of the Honorable Jinsook Ohta, Sjunde AP-Fonden and Metzler Asset Management GmbH (together, "Lead Plaintiffs" or "Class Representatives") shall and hereby do respectfully move this Court for approval of the form and manner of providing notice of the pendency of this Action to members of the Class certified by the Court's March 20, 2023 Order under Federal Rule of Civil Procedure 23(c)(2)(B). Lead Plaintiffs have conferred with counsel for Defendants and Defendants do not oppose the relief sought in this Motion.

This motion is based on the Memorandum of Points and Authorities in support thereof; all papers and pleadings filed in this Action; and such further matters and arguments as the Court may consider on any hearing on this Motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

Lead Plaintiffs move the Court for authorization to provide notice to the Class of this certified class action, as set forth in the proposed order filed herewith ("Proposed Order"). Counsel for Class Representatives have conferred with counsel for Defendants Qualcomm Inc. ("Qualcomm"), Derek K. Aberle, Steven R. Altman, Donald J. Rosenberg, William F. Davidson, Jr., Paul E. Jacobs, and Steven Mollenkopf (collectively, "Defendants"), and Defendants do not oppose entry of the Proposed Order.

## BACKGROUND

In its March 20, 2023 Order Granting in Part and Denying in Part Plaintiffs' Motion for Class Certification (ECF No. 279) ("Class Certification Order"), the Court certified the following Class: "All persons or entities who purchased or otherwise acquired the common stock of Qualcomm between February 1, 2012 and January 20, 2017, inclusive, and who were damaged thereby." ECF No. 279, at 35. The Court excluded from the Class "Defendants, the officers and directors of Qualcomm at all relevant times, members of their immediate families and their legal representatives, heirs, agents, affiliates, successors or assigns, Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof, and any entity in which Defendants or their immediate families have or had a controlling interest." *Id.*

Following the Court's Class Certification Order, on April 3, 2023, Defendants filed a petition with the United States Court of Appeals for the Ninth Circuit (Case No. 23-80025) seeking leave to appeal the certification of the Class pursuant to Federal Rule of Civil Procedure 23(f). ECF No. 283. The Ninth Circuit denied the petition on June 1, 2023. ECF No. 297.

## ARGUMENT

Federal Rule of Civil Procedure 23(c)(2)(B) requires notice to potential members of a certified class action to inform them of the pendency of the Action and of their rights in connection with the action—including the right to request exclusion

from the class.  Because the Court has certified the Class, and Defendants' petition for leave to appeal the order was denied, Lead Plaintiffs submit that now is an appropriate time to disseminate the notice required by Rule 23(c)(2)(B) to members of the Class.

The proposed method and schedule for providing notice to the Class are set forth in the Proposed Order, attached hereto as Exhibit A, which provides for notice to potential Class Members through a "Postcard Notice," a longer-form notice ("Notice"), and a "Summary Notice," which are attached to the Proposed Order as Exhibits 1, 2, and 3, respectively.

If the Court grants the Proposed Order, Lead Counsel will retain A.B. Data, Ltd. ("A.B. Data" or the "Administrator") to serve as Notice Administrator to assist in disseminating the notices and processing requests for exclusion from the Class received by potential Class Members.  Lead Counsel selected A.B. Data after a bidding process that included proposals from three experienced notice administration firms.  A.B. Data is a highly experienced notice administrator that has facilitated notice administration for numerous comparable securities class actions, in this District and elsewhere, including *In re Obalon Therapeutics, Inc. Securities Litigation*, No. 3:18-cv-00352-AJB-AHG (S.D. Cal. 2021); *SEB Investment Management AB v. Symantec Corp.*, No. 3:18-cv-02902-WHA (N.D. Cal. 2020); and *In re Facebook, Inc., IPO Securities & Derivative Litigation*, MDL No. 12-2389 (S.D.N.Y. 2016).  A copy of A.B. Data's firm resume is attached hereto as Exhibit B.

Under the Proposed Order, Qualcomm will provide, or cause its transfer agent to provide, the names and addresses (and email addresses, if available) of any potential Class Members to A.B. Data.  A.B. Data will also use reasonable efforts to identify other Class Members by contacting brokers and other nominees who purchased or held securities for the beneficial interest of Class Members.

It is appropriate to disseminate notice to the Class at this juncture in the proceedings. *See, e.g.*, *In re BofI Holding, Inc. Sec. Litig.*, No. 3:15-cv-02324-GPC-KSC, 2021 WL 6051671, at *1-2 (S.D. Cal. Dec. 21, 2021) (approving mailing of class notice in securities class action approximately four months after certification of class); *Aguayo v. U.S. Bank*, No. 08-CV-2139 W (BLM), 2015 WL 13344756, at *2 (S.D. Cal. June 26, 2015) (approving mailing of class notice following resolution of Rule 23(f) petition).

Lead Plaintiffs propose that notice of the pendency of the class action be provided through a combination of the following methods: (i) direct notice delivered by email or first-class mail on double-sized postcards to individual class members at their addresses as provided by Qualcomm or by brokers and nominees; (ii) a Summary Notice to be published in *The Wall Street Journal* and over *PR Newswire*; and (iii) notices posted on a website to be established by the Administrator. In addition to providing Class Members with direct notice by email or first-class mail, a more detailed Notice will be posted on the website and will be available to Class Members who visit that site or upon request.

This notice program satisfies all of the relevant notice requirements under Rule 23. The rule provides that, "[f]or any class certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).[1]

The proposed notices provide all the information required by Rule 23(c)(2)(B), including (i) the nature of the Action; (ii) the definition of the Class; (iii) a summary of the Class's claims and issues; (iv) that a Class Member may enter an appearance through an attorney if they wish; (v) that the Court will exclude from

---

[1] Rule 23(c)(2)(B) further provides that the "notice may be by one or more of the following: United States mail, electronic means, or other appropriate means."

| MOTION FOR APPROVAL OF CLASS NOTICE | 4 | Case No. 3:17-CV-00121-JO-MSB |

the Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a judgment on Class Members. *See* Fed. R. Civ. P. 23(c)(2)(B).

Courts routinely find that the methods of notice proposed satisfy the notice requirements of Rule 23(c)(2)(B). *See, e.g.*, *BofI Holding*, 2021 WL 6051671, at *2 (approving similar plan of notice including mailing of postcard version of Notice of Pendency of Class Action, together with publication notice and longer-form notice available on website and by request); *Kuraica v. Dropbox, Inc.*, No. 19-cv-06348-BLF, 2021 WL 5826228, at *4 (N.D. Cal. Dec. 8, 2021) (finding that comparable notice plan "complied with Federal Rule of Civil Procedure 23 and the constitutional requirements of Due Process"); *Yaron v. Intersect ENT, Inc.*, No. 4:19-cv-02647-JSW, 2021 WL 5184290, at *2 (N.D. Cal. Nov. 5, 2021) (approving comparable notice plan and finding "that the dissemination of the Postcard Notice, the online posting of the Notice, and the publication of the Summary Notice: . . . constituted the best notice practicable under the circumstances; [and] . . . satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), . . . and all other applicable law and rules"); *Vataj v. Johnson*, No. 19-cv-06996-HSG, 2021 WL 5161927, at *5 (N.D. Cal. Nov. 5, 2021) (finding similar notice program using postcard notice in securities class action complied with Rule 23(c)(B)(2)).

In addition, Lead Plaintiffs propose that requests for exclusion from the Class shall be made through the submission of a written request sent to A.B. Data and postmarked no later than 60 calendar days after the Notice Date (the date mailing commences). No later than 15 business days following the deadline for requesting exclusion, A.B. Data shall file a declaration with the Court describing its notification efforts and providing a list of all persons and entities who have requested exclusion from the Class. The costs of the notice process shall be borne by Class Counsel, and not by Defendants.

# **CONCLUSION**

For the foregoing reasons, Lead Plaintiffs respectfully request that the Court enter the Proposed Order establishing a program and schedule for notice to the Class of the pending class action.

Dated: September 13, 2023

Respectfully submitted,

BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP

By: */s/ Jonathan D. Uslaner*
Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
Lauren M. Cruz (Bar No. 299964)
lauren.cruz@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

-and-

Salvatore Graziano (*pro hac vice*)
salvatore@blbglaw.com
Jeroen Van Kwawegen (*pro hac vice*)
jeroen@blbglaw.com
Rebecca E. Boon (*pro hac vice*)
rebecca.boon@blbglaw.com
1251 Avenue of the Americas, 44th Fl
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444


MOTLEY RICE LLC
Gregg S. Levin (*pro hac vice*)
glevin@motleyrice.com
William S. Norton (*pro hac vice*)
bnorton@motleyrice.com
Christopher F. Moriarty (*pro hac vice*)
cmoriarty@motleyrice.com

28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9000
Fax: (843) 216-9450

-and-

William H. Narwold (*pro hac vice*)
bnarwold@motleyrice.com
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103

*Counsel for Lead Plaintiffs Sjunde AP-Fonden and Metzler Asset Management GmbH, and Lead Counsel for the Class*