# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE QUALCOMM INCORPORATED SECURITIES LITIGATION | Case No. 3:17-cv-00121-JO-MSB<br><br>**[REVISED ~~PROPOSED~~] ORDER APPROVING CLASS NOTICE** |

1 WHEREAS, by Order dated March 20, 2023 (ECF No. 279), the Court granted in part and denied in part Lead Plaintiffs' motion for class certification, and certified the above-captioned action (the "Action") to proceed as a class action on behalf of all persons or entities who purchased or otherwise acquired the common stock of Qualcomm Inc. ("Qualcomm") from February 1, 2012 through January 20, 2017, inclusive, and who were damaged thereby.[1]

WHEREAS, on June 1, 2023, the United States Court of Appeals for the Ninth Circuit denied Defendants' petition for permission to appeal the Court's March 20, 2023 Order under Federal Rule of Civil Procedure 23(f) (ECF No. 297);

WHEREAS, Court-appointed Class Representatives Sjunde AP-Fonden and Metzler Asset Management GmbH (collectively, "Class Representatives") have moved for the entry of an order approving the proposed form and content of notices of pendency to be disseminated to the Class, as well as the proposed methods for dissemination of these notices (the "Notice Order");

WHEREAS, Defendants do not oppose Class Representatives' motion;

WHEREAS, the Court has reviewed the proposed notices submitted by Class Representatives and has found good cause for entering the following Notice Order:

1. The Court approves the form, substance, and content of the Postcard Notice (the "Postcard Notice"), Notice of Pendency of Class Action (the "Notice"), and the Summary Notice of Pendency of Class Action (the "Summary Notice" and, collectively, the "Notices"), attached hereto as Exhibits 1, 2, and 3, respectively.

2. The proposed form and content of the Notices meet the requirements of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure, as the Notices clearly and

---

[1] Excluded from the Class are Defendants, the officers and directors of Qualcomm at all relevant times, members of their immediate families and their legal representatives, heirs, agents, affiliates, successors or assigns, Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof, and any entity in which Defendants or their immediate families have or had a controlling interest.

concisely state in plain and easily understood language all of the following: (a) the nature of the action; (b) the definition of the certified Class; (c) the Class' claims, issues, or defenses; (d) a Class Member's right to enter an appearance through an attorney if the member so desires; (e) a Class Member's right to be excluded from the Class; (f) the time and manner for requesting exclusion; and (g) the binding effect of a judgment on Class Members under Fed. R. Civ. P. 23(c)(3).

3. The Notice, Summary Notice, and Postcard Notice, and methods and schedule set forth below for notifying the Class of the pendency of the Action as a class action meet the requirements of Rule 23 and of due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

4. The Court approves the retention of A.B. Data, Ltd., as the notice administrator (the "Administrator").

5. No later than 10 business days after entry of this Notice Order, Qualcomm shall use reasonable efforts to have its transfer agent provide, or cause to be provided, to the Administrator shareholder records (consisting of the shareholder names, addresses, and, if available, email addresses) to the extent they exist, in electronic form, such as Excel, identifying all persons or entities who purchased or otherwise acquired Qualcomm common stock during the Class Period. Class Counsel shall be responsible for reimbursement of reasonable costs of providing shareholder records under this paragraph and all other costs associated with providing the Notices.

6. No later than 20 business days after entry of this Notice Order (which shall be the "Notice Date"), the Administrator shall cause the Postcard Notice, substantially in the form attached hereto as Exhibit 1, to be mailed, by first-class mail, postage prepaid, and, if possible, emailed to all potential Class Members identified by Qualcomm or who may otherwise be identified with reasonable effort.

7. In addition to the forms of notice provided directly to the Class, the Administrator shall use reasonable efforts to separately provide notice to nominee purchasers, such as brokerage firms and other persons and entities, who may have, for the beneficial interest of any person or entity other than itself or themselves, purchased or otherwise acquired Qualcomm common stock during the Class Period. Such nominees shall either:

    a. Within seven (7) calendar days of receiving notification, provide a list of the names, addresses, and, if available, email addresses of all such beneficial owners to the Administrator, and the Administrator is ordered to send the Postcard Notice promptly to such identified beneficial owners by mail or email; or

    b. Within seven (7) calendar days of notification: (i) send a copy of the Postcard Notice by email to all such beneficial owners for whom they have email addresses, and (ii) request from the Administrator sufficient copies of the Postcard Notice to mail to all such beneficial owners for whom emails are not available; and (iii) within seven (7) calendar days of receipt of those Postcard Notices from the Administrator, mail them to all such beneficial owners. Nominees who elect to send the Postcard Notices to their beneficial owners shall also send a statement to the Administrator confirming that the notice was mailed and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.

8. Upon full and timely compliance with these directions, such nominees may seek reimbursement from the Administrator of their reasonable expenses actually incurred by providing the Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any disputes with respect to the reasonableness or documentation of expenses incurred shall be subject to review by the Court.

9. Contemporaneously with the mailing of the Postcard Notice, the Administrator shall establish a website for the Action, QualcommSecuritiesLitigation.com, from which Class Members may download copies of the Notice, the operative Complaint, Defendants' Answer to the Complaint, the Court's order certifying the Class, and this Notice Order. Class Counsel shall also post copies of the Notice on their own websites, blbglaw.com and motleyrice.com. The Administrator will mail a copy of the Notice to any person who requests a copy by letter, phone, or email.

10. The Administrator shall cause a copy of the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *The Wall Street Journal* and to be transmitted over *PR Newswire* within ten (10) business days of the Notice Date.

11. Class Members shall be bound by all determinations, orders, and judgments in this Action, whether favorable or unfavorable, unless such persons and entities request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such a request shall either:

(a) submit an Opt-Out Form online at QualcommSecuritiesLitigation.com by no later than 60 calendar days after the Notice Date which shall provide the name, mailing address, and telephone number of the person or entity requesting exclusion from the Class and, in the case of entities (or in any other case where the person submitting the Opt-Out Form is not the Class Member requesting exclusion), the name and telephone number of the individual submitting the form and proof of their authorization to act for the Class Member, or

(b) submit a request in written form by mail to the address designated in the Notice, so that it is postmarked no later than 60 calendar days after the Notice Date. Such written request for exclusion shall clearly state that the Class Member "requests exclusion from the Class in *In re Qualcomm Securities Litigation*, No. 3:17-cv-00121-JO-MSB" and must: (i) state the name, address, and telephone number of the

person or entity requesting exclusion, in the case of entities (or in any other case where the person submitting the letter is not the Class Member requesting exclusion), the name and telephone number of the individual submitting the letter; and (ii) include the signature of the person or entity requesting exclusion or an authorized representative accompanied by proof of authorization. A request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

12. Any Class Member who retains separate counsel to represent him, her, or it by appearing in these proceedings must have such counsel enter an appearance pursuant to Fed. R. Civ. P. 23(c)(2), as set out in the Notice, no later than 60 calendar days after the Notice Date.

13. Within fifteen (15) business days following the expiration of the exclusion deadline, Class Counsel shall file with the Court proof of dissemination of the Notices, proof of publication of the Summary Notice, and an affidavit setting forth a list of all persons and entities who have validly and timely requested exclusion from the Class.

14. This Notice Order may be modified by the Court upon motion by either or both parties for good cause shown.

**IT IS SO ORDERED.**

Dated: 10/26/23, 2023

The Honorable Jinsook Ohta
United States District Judge