# EXHIBIT 12

Exhibit 12
00000166

```
 1
 2   UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF CALIFORNIA
 3   ------------------------------------x
 4   In Re QUALCOMM INCORPORATED              Case No.
            SECURITIES LITIGATION             3:17-cv-00121-
 5                                            JO-MSB
     ------------------------------------x
 6
 7                     March 13, 2024
                          9:36 a.m.
 8
 9
10         Videotaped Deposition of JOEL SELIGMAN,
11   taken by Defendants, pursuant to Agreement, held
12   at the offices of Bernstein Litowitz Berger &
13   Grossmann LLP, 1251 Avenue of the Americas,
14   New York, New York, before Joseph R. Danyo, a
15   Shorthand Reporter and Notary Public within and
16   for the State of New York.
17
18
19
20
21
22
23
24
25
```



Exhibit 12

00000167

```
 1                    Seligman
 2   now is with respect to your recitation of Coates'
 3   opinion that you provide in paragraph 13B.
 4         A.    13B.  Hang on.  Okay.
 5         Q.    Are you with me?                              12:13
 6         A.    Okay.  So that is not my recitation.
 7   That is quoting Coates.
 8         Q.    Correct.  My question is in quoting
 9   that portion of Professor Coates' opinion, are
10   you referring to the section of his report that   12:13
11   we looked at in Exhibit 910, section 6?
12         A.    And so the real issue is not am I
13   referring to it, but is Professor Coates, and
14   again, I'd have to read carefully through the
15   text, but it would appear so.  I think I'm       12:14
16   willing to go that far.
17         Q.    Okay.  Professor Seligman, is it your
18   opinion that Qualcomm's disclosure processes for
19   the SEC filings, analyst conferences and media
20   interview containing the at-issue disclosures    12:14
21   did not involve relevant departments and
22   individuals?
23               MS. BOON:  Objection to form.
24         A.    I don't express an opinion one way or
25   another with respect to relevant departments and 12:14
```



```
 1                      Seligman
 2   individuals.
 3        Q.   Is it your opinion --
 4        A.   Excuse me.  Except for my concern          12:15
 5   that I did not see a clear explanation with
 6   respect to the audit committee, and I did not see
 7   any explanation or at least a clear one with
 8   respect to the role of the board with respect to
 9   these disclosures items other than an indication
10   that the board signed certain documents was         12:15
11   necessarily implicit.
12        Q.   Are you referring to the portion of
13   your report referencing the Felke allegations?
14             MS. BOON:  Objection to the form.
15        The report speaks for itself.                  12:15
16             Sorry.  Go ahead.
17        A.   The role of the audit committee in
18   more than just the Felke allegations was unclear.
19   There is not discussion on the part of Professor
20   Coates as to what exactly they reviewed, what       12:15
21   questions they had, what answers they received.
22   The substance of the audit committee's typical
23   procedures.
24        Q.   You would agree that the audit
25   committee was involved in the disclosure            12:16
```



Exhibit 12
00000169

| | | |
|---|---|---|
| 1 | Seligman | |
| 2 | processes for the SEC filings, analyst | |
| 3 | conferences and media interview containing the | |
| 4 | at-issue disclosures? | |
| 5 | MS. BOON:  Objection to form. | 12:16 |
| 6 | Outside the scope. | |
| 7 | A.   There were assertions by Professor | |
| 8 | Coates along those lines at least in specific | |
| 9 | instances. | |
| 10 | Q.   And is it your opinion that Professor | 12:16 |
| 11 | Coates was wrong that the audit committee, excuse | |
| 12 | me, that Qualcomm's disclosure processes for the | |
| 13 | SEC filings, analyst conferences and media | |
| 14 | interview containing the at-issue disclosures did | |
| 15 | not involve relevant departments and individuals? | 12:16 |
| 16 | MS. BOON:  Objection to the form. | |
| 17 | A.   That is way too general a question. | |
| 18 | I don't know. | |
| 19 | Q.   Is it your opinion that Qualcomm's | |
| 20 | disclosure processes for the SEC filings, analyst | 12:17 |
| 21 | conferences and media interview containing the | |
| 22 | at-issue disclosures were not consistent with the | |
| 23 | company's general disclosure practices? | |
| 24 | MS. BOON:  Objection to the form. | |
| 25 | A.   To the extent that the disclosure | 12:17 |



Exhibit 12
00000170

```
 1                    Seligman
 2   policies and processes, let's just focus on the
 3   policies referred to compliance in some instances
 4   with Federal securities laws.  I don't have a
 5   basis for knowing.                                      12:17
 6              My basic point is Professor Coates
 7   was preparing a report which at least necessarily
 8   was implying that there was compliance with the
 9   disclosure policies, and again whether or not
10   there was or was not is not clearly articulated.       12:17
11         Q.   Let me try that again.
12         A.   Okay.  I apologize if you need me to
13   try again too.
14         Q.   I do.
15              MS. BOON:  No apology is necessary.         12:18
16         Go ahead.
17              MR. DURBIN:  That is true.
18         Q.   Is it your opinion that Qualcomm's
19   disclosure processes for the SEC filings, analyst
20   conferences and media interview containing the        12:18
21   at-issue disclosures were not consistent with the
22   company's general disclosure practices?
23              MS. BOON:  Objection to form.
24         A.   Again, as I have said, I do not know
25   how quote this consistency was established            12:18
```



Exhibit 12
00000171

```
 1                       Seligman
 2   without more facts describing what exactly the
 3   documents were that were reviewed, what exactly
 4   the role of the audit committee was, whether or
 5   not the board was involved, when there were          12:19
 6   issues that, for example, should have risen to
 7   the audit committee, whether or not they made it,
 8   those type of concerns is what I expressed in my
 9   report.
10        Q.   Is it your opinion that Qualcomm's         12:19
11   disclosure processes for the SEC filings, analyst
12   conferences and media interview containing the
13   at-issue disclosures were not consistent with
14   disclosure customs and practices in large public
15   companies?                                           12:19
16             MS. BOON:   Objection to the form.
17        A.   Again, way too general a question.
18        Q.   You don't know?
19        A.   I don't know what the question means.
20        Q.   I'm just reciting Professor Coates'       12:19
21   opinion and asking if you agree or disagree with
22   it.
23        A.   Obviously I wrote the report to
24   express some disagreement.
25             MS. BOON:   There's no question           12:20
```



800.211.DEPO (3376)
EsquireSolutions.com

Exhibit 12
00000172

| | |  |
|---|---|---|
| 1 | Seligman | |
| 2 | pending as far as I can tell. | |
| 3 | THE WITNESS:  Okay.  Forgive me.  So | |
| 4 | I'm not allowed to answer a question that | |
| 5 | hasn't been pending? | 12:20 |
| 6 | MS. BOON:  That is correct, sir. | |
| 7 | Q.   Is it your opinion, Professor | |
| 8 | Seligman, that Qualcomm's disclosure processes | |
| 9 | for the SEC filings, analyst conferences and | |
| 10 | media interview containing the at-issue | 12:20 |
| 11 | disclosures were not consistent with disclosure | |
| 12 | customs and practices in large public companies? | |
| 13 | MS. BOON:  Objection to the form. | |
| 14 | Asked and answered. | |
| 15 | Go ahead. | 12:20 |
| 16 | A.   And, first of all, I certainly agree | |
| 17 | with the asked and answered part, but, second, | |
| 18 | with respect to the substance of the question, as | |
| 19 | I've said now a few times, whether or not there | |
| 20 | was consistency with what appropriate actions in | 12:20 |
| 21 | quote large public companies should be is | |
| 22 | impossible to determine, given the incompleteness | |
| 23 | of his description of the disclosure processes in | |
| 24 | this instance in the specific at-issue issues | |
| 25 | that I focused on in part 6.  In my report. | 12:21 |



800.211.DEPO (3376)
EsquireSolutions.com

Exhibit 12
00000173

```
 1                    Seligman
 2        Q.   If you could turn to page 7 of your
 3   report.
 4              MS. BOON:  I'm sorry.  "In my report"         12:21
 5        and "part 6" references in the record got
 6        jumbled with that correction.  Professor,
 7        were you referring to part 6 of Coates'
 8        report?
 9              THE WITNESS:  A broader question to
10        understand what the issue is.                       12:21
11              MS. BOON:  I believe the record is
12        was edited to say that you were focused in
13        part 6 of your report, but I think you
14        were talking about part 6 of Coates'
15        report.                                             12:22
16              THE WITNESS:  That's fair.
17              MS. BOON:  Thank you.
18              THE WITNESS:  And to be even more
19        specific, I believe it's referred to as
20        section 6, but it's still the same effect.          12:22
21              MS. BOON:  Thank you.
22        Q.   Okay.  Page 7 of your report in
23   heading B, are you with me?
24        A.   I am indeed.
25        Q.   Okay.  In paragraph 25 you state,              12:22
```



```
 1                    Seligman
 2    the processes or procedures by which the
 3    substance was prepared.
 4         Q.   So you understand Professor Coates'      02:01
 5    opinion to relate to the processes and procedures
 6    by which Qualcomm made its disclosures during the
 7    class period, correct?
 8              MS. BOON:  Objection to the form.
 9         Misstates the report.
10         A.   That is what he communicated his         02:01
11    purpose was.
12         Q.   And you understand, do you not, that
13    Professor Coates is not offering an opinion as to
14    whether Qualcomm complied with its disclosure
15    obligations under Federal law?                     02:01
16              MS. BOON:  Objection to the form.
17         A.   Professor Coates recognizes in his
18    reply report, as I do in my initial report, we
19    are not offering an opinion on the law with
20    respect to any aspect of this case such as the     02:02
21    disclosure obligations, scienter, whatever.
22         Q.   Staying on page 12, if you would look
23    down to the last paragraph, paragraph 46.
24         A.   Yeah.
25         Q.   Which reads "The Coates report does      02:02
```



Exhibit 12
00000175

```
 1                    Seligman
 2    while Professor Coates describes the process of
 3    how Qualcomm aggregated some information for
 4    required SEC filings, analyst conferences and
 5    media interviews, the general absence of                  02:16
 6    discussion of how its audit committee, board and
 7    senior executives complied with the Federal
 8    securities laws with respect to bundling and
 9    internal controls undercuts Professor Coates'
10    conclusion that Qualcomm's disclosure processes          02:16
11    were consistent with the company's general
12    disclosure practices and disclosure customs in
13    large public companies."  Correct?
14         A.   Correct.
15         Q.   Do you understand Professor Coates in          02:16
16    the portion of his report that you quoted or
17    elsewhere to be offering any opinion as to
18    whether Qualcomm's audit committee, board and
19    senior executives complied with the Federal
20    securities laws?                                         02:17
21              MS. BOON:  Objection to form.
22         A.   Both Professor Coates and I took some
23    pains to state we are not offering opinions on
24    the ultimate legal issues in this case.  Those
25    are for the court and the jury.  What he focused         02:17
```



Exhibit 12
00000176

```
 1                      Seligman
 2   on and what I focused on were policies and
 3   process and whether or not they were appropriate
 4   or adequate in the full context of the case.
 5        Q.   What do you mean by in paragraph 47      02:18
 6   complied with the Federal securities laws with
 7   respect to bundling?
 8        A.   The relevant Federal securities laws
 9   in part are those dealing with internal controls
10   and dealing with the role of the audit committee  02:18
11   which is subject to specific provisions requiring
12   under specified conditions review as to whether
13   or not various for example complaints or other I
14   am going to use a term accountants like, material
15   weaknesses, have been effectively addressed, and  02:18
16   with respect to those Professor Coates' report
17   while it describes again a kind of laundry list
18   of people and documents doesn't tie these to
19   whether or not there was appropriate review of
20   specific at-issue disclosure items including      02:19
21   bundling.
22        Q.   So here you are critiquing Professor
23   Coates for the general absence of discussion of
24   how its audit committee, board and senior
25   executives complied with the Federal securities   02:19
```



800.211.DEPO (3376)
EsquireSolutions.com

Exhibit 12
00000177

```
 1
 2                    C E R T I F I C A T I O N
 3
 4              I, JOSEPH R. DANYO, a Shorthand Reporter
 5  and Notary Public, within and for the State of New
 6  York, do hereby certify:
 7              That I reported the proceedings in the
 8  within entitled matter, and that the within transcript
 9  is a true record of such proceedings.
10              I further certify that I am not related, by
11  blood or marriage, to any of the parties in this
12  matter and that I am in no way interested in the
13  outcome of this matter.
14              IN WITNESS WHEREOF, I have hereunto set my
15  hand this 14th day of March, 2024.
16
17              _____
18                   JOSEPH R. DANYO
19                   STATE OF NEW YORK
20              My Commission Expires 2/20/2027
21
22
23
24
25
```



800.211.DEPO (3376)
EsquireSolutions.com

Exhibit 12
00000178