| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>ROBERT A. VAN NEST - #84065<br>rvannest@keker.com<br>EUGENE M. PAIGE - #202849<br>epaige@keker.com<br>LAURIE CARR MIMS - #241584<br>lmims@keker.com<br>CODY S. HARRIS - #255302<br>charris@keker.com<br>MARIA F. BUXTON - #318563<br>mbuxton@keker.com<br>DANIEL B. TWOMEY - #341488<br>dtwomey@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:  415 391 5400<br>Facsimile:   415 397 7188 | CRAVATH SWAINE & MOORE LLP<br>ANTONY L. RYAN (*pro hac vice*)<br>aryan@cravath.com<br>YONATAN EVEN (*pro hac vice*)<br>yeven@cravath.com<br>M. BRENT BYARS (*pro hac vice*)<br>mbyars@cravath.com<br>Two Manhattan West<br>375 Ninth Avenue<br>New York, NY  10001-1696<br>Telephone:   (212) 474-1000<br>Facsimile:    (212) 474-3700 |

Attorneys for Defendants
QUALCOMM INCORPORATED, DEREK A. ABERLE, STEVEN R. ALTMAN, WILLIAM F. DAVIDSON, PAUL E. JACOBS, STEVEN M. MOLLENKOPF, AND DONALD J. ROSENBERG

*Additional counsel listed on signature page*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE QUALCOMM INCORPORATED SECURITIES LITIGATION | Case No. 3:17-cv-00121-JO-MSB<br><br>**DEFENDANTS' MOTION TO SEAL CERTAIN DOCUMENTS IN SUPPORT OF THEIR REPLIES TO PLAINTIFFS' OPPOSITIONS**<br><br>Date:        June 12, 2024<br>Time:       9:30 am<br>Dept:        Courtroom 4C<br>Judge:      Hon. Jinsook Ohta |

## I. INTRODUCTION

Pursuant to Civil Local Rule 79.2(c) and this Court's Civil Chamber Rules, Defendants Qualcomm Incorporated ("Qualcomm"), Derek K. Aberle, Steven R. Altman, William F. Davidson, Jr., Paul E. Jacobs, Steven M. Mollenkopf, and Donald J. Rosenberg (collectively, the "Individual Defendants," and with Qualcomm, "Defendants") respectfully apply to this Court for leave to file under seal portions of Exhibit 5 to the Declaration of Cody S. Harris filed in support of Defendants' Reply Brief in Support of Qualcomm's Motion for Summary Judgment ("Qualcomm's MSJ"), the Individual Defendants' Motion for Summary Judgment ("I.D. MSJ"), Defendants' Motion for Decertification ("Decertification Motion"), Defendants' Motion to Exclude Foreseeability and Causation Opinions of Dr. Timothy Simcoe ("Simcoe Motion"), Qualcomm's Motion to Exclude Dr. David I. Tabak ("Tabak Motion"), and Qualcomm's Motion to Exclude Dr. Sang-Seung Yi ("Yi Motion") (collectively, the "Defendants' Motions"). Defendants further respectfully apply to this Court for leave to file under seal portions of Defendants' Reply Brief in Support of Defendants' Motion to Exclude the Expert Opinion of Professor Sang-Seung Yi.

As set forth in Defendants' previous motion to seal (Dkt. 334), and here below, compelling reasons exist to seal the requested documents containing Qualcomm's confidential commercially sensitive business and trade-secret information, as well as confidential third-party information.

## II. LEGAL STANDARD

District courts have "broad latitude" to protect "trade secrets or other confidential research, development, or commercial information" from public disclosure. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002); *see In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding compelling reason to seal trade secrets where "sources of business information . . . might harm a litigant's competitive standing"); *see also Kamakana*

*v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

Requests to seal documents attached to non-dispositive motions need only meet the "good cause" showing under Federal Rule of Civil Procedure 26(c). *Kamakana*, 447 F.3d at 1180. Requests to seal documents attached to dispositive motions must show "compelling reasons" for doing so. *Id.* In general, "compelling reasons" to seal court records exist where they might "become a vehicle for improper purposes," such as "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (emphasis added). "Because trade secrets concern proprietary and sensitive business information not available to the public, sealing may be warranted where disclosure would harm a litigant's competitive standing." *In re Qualcomm Litig.*, 2019 WL 1557656, at *2 (S.D. Cal. Apr. 10, 2019).

The decision to seal documents is ultimately "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978).

### III.    ARGUMENT

Defendants seek leave to file excerpts from the March 4, 2024, Deposition of Sang-Seung Yi, as well as portions of the reply brief in support of the Motion to Exclude Dr. Yi.[1] This request to seal is narrowly tailored, as Defendants request that only specific portions of certain of these documents be sealed.

As explained in Defendants' initial motion to seal, disclosure of the information Defendants seek to seal would cause Qualcomm competitive and commercial harm because it would provide competitors and counterparties insights into Qualcomm's business that they would not otherwise have, and would place Qualcomm at a disadvantage in future negotiations with existing or potential

---

[1] The proposed redactions have been highlighted in the documents conditionally filed under seal.

licensees and customers. *See* Dkt. 334-1 ("Durbin Decl.") ¶ 22. Here, the materials Defendants request to seal specifically reference or quote from the November 13, 2015 Case Examiner's Report issued by the Korea Fair Trade Commission, which this Court has previously authorized to be sealed. *See* Dkts 256, 281. This material was designated as "Highly Confidential" under the protective order as it is a third-party confidential investigation that discusses Qualcomm's licensing agreements and related strategy and financial information—including specific "pricing terms, [and] royalty rates" from Qualcomm's licensing and chipset agreements between Qualcomm and its customers. *See Elec. Arts*, 298 F. App'x at 569. Disclosing this "sensitive business information" in this case "would harm [Qualcomm's] competitive standing" here. *In re Qualcomm Litig.*, 2019 WL 1557656, at *2.

## IV.     CONCLUSION

As explained above, compelling reasons exist to file the above-referenced documents under seal. Defendants respectfully requests the Court grant Defendants leave to file these documents under seal.

Dated:  May 24, 2024                                        KEKER, VAN NEST & PETERS LLP

By:  *s/Robert A. Van Nest*
ROBERT A. VAN NEST
EUGENE M. PAIGE
LAURIE CARR MIMS
CODY S. HARRIS
MARIA F. BUXTON
DANIEL B. TWOMEY

Attorneys for Defendant
QUALCOMM INCORPORATED