**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE QUALCOMM INCORPORATED SECURITIES LITIGATION | Case No. 3:17-cv-00121-JO-MSB<br><br>[PROPOSED] **ORDER PRELIMINARILY APPROVING OF SETTLEMENT AND PROVIDING FOR NOTICE** |

WHEREAS, a securities class action is pending in this Court entitled *In re Qualcomm Incorporated Securities Litigation*, Case No. 3:17-cv-00121-JO-MSB (the "Action");

WHEREAS, by Order dated March 20, 2023 (ECF No. 279), the Court certified the Action to proceed as a class action on behalf of all persons or entities who purchased or otherwise acquired the common stock of Qualcomm between February 1, 2012 and January 20, 2017, inclusive (the "Class Period"), and who were damaged thereby,[1] appointed Lead Plaintiffs Sjunde AP-Fonden and Metzler Asset Management GmbH as Class Representatives for the Class, and appointed Lead Counsel Bernstein Litowitz Berger & Grossman LLP and Motley Rice LLC as Class Counsel for the Class;

WHEREAS, by Order dated October 26, 2023 (ECF No. 309), the Court approved the proposed form and content of the Class Notice to be disseminated to the Class Members to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (iii) Class Members' right to request to be excluded from the Class by January 29, 2024, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion;

WHEREAS, the Class Notice was mailed beginning on November 28, 2023 to all potential Class Members who could be identified through reasonable effort,

---

[1] Excluded from the Class are Defendants, the Officers and directors of Qualcomm at all relevant times, their Immediate Family Members, legal representatives, heirs, agents, affiliates, successors, or assigns, Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof, and any entity in which Defendants or their immediate families have or had a controlling interest. Also excluded from the Class are all persons and entities who requested exclusion from the Class in connection with the mailing of the Notice of Pendency of Class Action as set forth in Appendix A to the Stipulation.

resulting in the mailing of over 2,100,000 copies of the Class Notice, and 233 requests for exclusion were received by February 20, 2024;

WHEREAS, (a) Lead Plaintiffs Sjunde AP-Fonden and Metzler Asset Management GmbH ("Lead Plaintiffs"), on behalf of themselves and the Class; and (b) defendant Qualcomm Inc. ("Qualcomm") and defendants Derek K. Aberle, Steven R. Altman, Donald J. Rosenberg, William F. Davidson, Jr., Paul E. Jacobs, and Steven M. Mollenkopf (collectively, the "Individual Defendants," and together with Qualcomm, "Defendants," and together with Lead Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated June 17, 2024 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **<u>Preliminary Approval of the Settlement</u>** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair,

reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on September 27, 2024, at 9:00 a.m. Pacific time, either in person at the United States District Court for the Southern District of California, Courtroom 4C, Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, CA 92101 or by telephone or videoconference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 4 of this Order.

3. The Court may adjourn the Settlement Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.  The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may decide to hold the Settlement Hearing by telephone or video conference without further notice to the Class.  Any Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the case website for any change in date, time, or format of the hearing.

4. **Retention of Claims Administrator and Manner of Giving Notice** – A.B. Data, Ltd. ("A.B. Data") was previously retained to supervise and administer the distribution of the Class Notice and receive and process requests for exclusion from the Class. Lead Counsel are now authorized to retain A.B. Data to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given as follows:

(a) by no later than July 11, 2024 (which shall be the "Notice Date"), A.B. Data shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 1, to be mailed by first-class mail to all potential Class Members who were previously mailed a copy of the Class Notice; and shall cause copies of the Settlement Notice and Claim Form, substantially in the forms attached hereto as Exhibits 2 and 3, respectively (together, the "Settlement Notice Packet"), to be mailed to the brokers and other nominees ("Nominees") contained in the Claims Administrator's broker database.

(b) by no later than the Notice Date, A.B. Data shall post copies of the Settlement Notice and the Claim Form on the website previously established for the Action, www.QualcommSecuritiesLitigation.com. In addition, A.B. Data will mail a copy of the Settlement Notice Packet to any person who makes such a request;

(c) by no later than ten (10) business days after the Notice Date, A.B. Data shall cause the Summary Settlement Notice, substantially in the form attached hereto as Exhibit 4, to be published in *The Wall Street Journal* and transmitted over the *PR Newswire*; and

(d) by no later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

5. **Nominee Procedures** – In connection with the previously disseminated Class Notices, Nominees were advised that, if they purchased or otherwise acquired

Qualcomm common stock during the Class Period for the beneficial interest of persons or entities other than themselves, they must either: (a) provide a list of the names, addresses and, if available, email addresses of all such beneficial owners to A.B. Data; or (b) send a copy of the Class Notice by email to all such beneficial owners for whom they had email addresses, and request from A.B. Data sufficient copies of the Class Notice to forward to all such beneficial owners for whom email addresses are not available, and then forward those Class Notices to all such beneficial owners.

(a) For Nominees who chose the first option (i.e., provided a list of names, addresses and, if available, email addresses of beneficial holders to A.B. Data), A.B. Data shall, by no later than the Notice Date, mail or email a copy of the Postcard Notice to each of the beneficial owners whose names, addresses and/or email addresses the Nominee previously supplied. Unless the Nominee purchased or otherwise acquired Qualcomm common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to A.B. Data, or is aware of a name or address change of one of its beneficial owners, such Nominees need not take any further action;

(b) For Nominees who chose the second option (i.e., elected to mail or email the Class Notices directly to beneficial owners), A.B. Data shall forward the same number of Postcard Notices to such Nominees no later than the Notice Date, and the Nominees shall, by no later than seven (7) calendar days after receipt of the Postcard Notices, mail and/or email the Postcard Notices to their beneficial owners;

(c) For Nominees that purchased or otherwise acquired Qualcomm common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to A.B. Data or if a Nominee is aware of name, address, or email address changes for beneficial owners whose names, addresses, and email addresses were previously provided to A.B. Data, such

1 | Nominees shall, by no later than seven (7) calendar days after receipt of the Settlement Notice Packet, provide a list of the names, addresses, and, if available, email addresses of all such beneficial owners to A.B. Data, or shall request from A.B. Data sufficient copies of the Postcard Notice to forward to all such beneficial owners, which the Nominee shall, within seven (7) calendar days of receipt of the Postcard Notices from A.B. Data, mail to the beneficial owners; and

(d)   Upon full and timely compliance with this Order, Nominees who mail or email the Postcard Notices to beneficial owners may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing A.B. Data with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.  Properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

6.   **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Postcard Notice, Settlement Notice, the Claim Form, and the Summary Settlement Notice, attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, Settlement Notice, and Claim Form and the publication of the Summary Settlement Notice in the manner and form set forth in paragraphs 4 and 5 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of Class Members' right

to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Postcard Notice, Settlement Notice, and Summary Settlement Notice before they are mailed and published, respectively.

7. **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be received or postmarked, if mailed, no later than November 8, 2024.  Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

8. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator;

(c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

9. Any Class Member who does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants or the Defendants' Releasees, as more fully described in the Stipulation and Settlement Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 7 above.

10. **No Further Opportunity to Request Exclusion From the Class** – The Notice of Pendency of Class Action and the postcard version of that notice (collectively, the "Class Notice") were mailed to more than 2.1 million potential Class Members beginning on November 28, 2023. ECF No. 328, at ¶ 8. The Class Notice expressly informed potential Class Members that if they did not request exclusion by January 29, 2024, they would be bound by all orders, whether favorable or unfavorable, that the Court enters in this case. *See* ECF No. 328-1, at 1; ECF No. 328-2, at ¶ 12(a).[2]  In light of this extensive notice program and the ample

---

[2] In addition, the long-form Class Notice expressly stated that "it is within the Court's discretion as to whether a second opportunity to request exclusion from the

opportunity provided to Class Members to request exclusion from the Class in connection with the Class Notice, and in accordance with Ninth Circuit and Rule 23(e)(4), there is no further opportunity for Class Members to exclude themselves from the Class in connection with the Settlement proceedings. *See, e.g.*, *Low v. Trump Univ.*, LLC, 881 F.3d 1111, 1121 (9th Cir. 2018); *Alexander v. FedEx Ground Package Sys., Inc.*, 2016 WL 1427358, at *6 (N.D. Cal. Apr. 12, 2016); *Negrete v. Allianz Life Ins. Co.*, 2015 WL 12592726, at *9 (C.D. Cal. Mar. 17, 2015).

11. **Appearance and Objections at Settlement Hearing** – Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing a notice of appearance with the Court such that it is filed or postmarked by September 6, 2024. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

12. Any Class Member may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than September 6, 2024.

---

Class will be allowed if there is a settlement or judgment in the Action," and that no such opportunity was guaranteed. ECF No. 328-2, at ¶ 12.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP<br>Jonathan D. Uslaner<br>2121 Avenue of the Stars, Suite 2575<br>Los Angeles, CA 90067<br><br>Motley Rice LLC<br>Gregg S. Levin<br>28 Bridgeside Blvd.<br>Mount Pleasant, SC 29464 | Keker, Van Nest & Peters LLP<br>Robert A. Van Nest<br>633 Battery Street<br>San Francisco, CA 94111-1809 |

13. Any objections, filings, and other submissions by the objecting Class Member must include: (1) the name of this proceeding, *In re Qualcomm Incorporated Securities Litigation*, Case No. 3:17-cv-00121-JO-MSB; (2) the objector's full name, current address, and telephone number; (3) the objector's signature; (4) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for each and every objection and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (5) documents sufficient to prove membership in the Class, including documents showing the number of shares of Qualcomm common stock that the objecting Class Member (i) owned as of the opening of trading on February 1, 2012, and (ii) purchased/acquired and/or sold during the Class Period (i.e., from February 1, 2012 through January 20, 2017, inclusive), as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. The documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice

of appearance the identity of any witness(es) they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

14. Any Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

15. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members of the Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against any of the Defendants or the Defendants' Releasees.

16. **Settlement Administration Fees and Expenses** – All Notice and Administration Costs, including the reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement, shall be paid as set forth in the Stipulation.

17. **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18. **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

19. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action on May 31, 2024, as provided in the Stipulation.

20. **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact or allegation that was or could have been asserted by Lead Plaintiffs, that any claim that was or could have been asserted was meritorious, or that any defense that was or could have been asserted was without merit in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or

administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount that could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

21. **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses no later than August 23, 2024; and reply papers, if any, shall be filed and served no later than September 20, 2024.

22. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this 27th day of June, 2024.

_____
Honorable Jinsook Ohta
United States District Judge