# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE QUALCOMM INCORPORATED SECURITIES LITIGATION | Case No. 3:17-cv-00121-JO-MSB<br><br>[~~PROPOSED~~] JUDGMENT APPROVING CLASS ACTION SETTLEMENT |

1    WHEREAS, a securities class action is pending in this Court entitled *In re Qualcomm Incorporated Securities Litigation*, Case No. 3:17-cv-00121-JO-MSB, based on a consolidated class action complaint filed by Lead Plaintiffs on July 3, 2017 (the "Action");

WHEREAS, by Order dated March 20, 2023 (ECF No. 279), the Court certified the Action to proceed as a class action on behalf of all persons or entities who purchased or otherwise acquired the common stock of Qualcomm between February 1, 2012 and January 20, 2017, inclusive (the "Class Period"), and who were damaged thereby,[1] appointed Lead Plaintiffs Sjunde AP-Fonden and Metzler Asset Management GmbH as Class Representatives for the Class, and appointed Lead Counsel Bernstein Litowitz Berger & Grossman LLP and Motley Rice LLC as Class Counsel for the Class;

WHEREAS, by Order dated October 26, 2023 (ECF No. 309), the Court approved the proposed form and content of the Class Notice to be disseminated to the Class Members to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (iii) Class Members' right to request to be excluded from the Class by January 29, 2024, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion;

WHEREAS, the Class Notice was mailed beginning on November 28, 2023 to all potential Class Members who could be identified through reasonable effort,

---

[1] Excluded from the Class are Defendants, the Officers and directors of Qualcomm at all relevant times, their Immediate Family Members, legal representatives, heirs, agents, affiliates, successors, or assigns, Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof, and any entity in which Defendants or their immediate families have or had a controlling interest. Also excluded from the Class are all persons and entities who requested exclusion from the Class in connection with the mailing of the Notice of Pendency of Class Action as set forth in Appendix A to the Stipulation.

JUDGMENT APPROVING                    - 1 -                   Case No. 3:17-cv-00121-JO-MSB
CLASS ACTION SETTLEMENT

1 | resulting in the mailing of over 2,100,000 copies of the Class Notice, and 233
2 | requests for exclusion were received by February 20, 2024;

3 |     WHEREAS, (a) Lead Plaintiffs Sjunde AP-Fonden and Metzler Asset
4 | Management GmbH ("Lead Plaintiffs"), on behalf of themselves and the Class; and
5 | (b) defendant Qualcomm Inc. ("Qualcomm") and defendants Derek K. Aberle,
6 | Steven R. Altman, Donald J. Rosenberg, William F. Davidson, Jr., Paul E. Jacobs,
7 | and Steven M. Mollenkopf (collectively, the "Individual Defendants," and together
8 | with Qualcomm, "Defendants," and together with Lead Plaintiffs, the "Parties")
9 | have entered into a Stipulation and Agreement of Settlement dated June 17, 2024
10 | (the "Stipulation") that provides for a complete dismissal with prejudice of the
11 | claims asserted against Defendants in the Action on the terms and conditions set
12 | forth in the Stipulation, subject to the approval of this Court (the "Settlement");

13 |     WHEREAS, unless otherwise defined in this Judgment, the capitalized terms
14 | herein shall have the same meaning as they have in the Stipulation;

15 |     WHEREAS, by Order dated June 27, 2024 (the "Preliminary Approval
16 | Order"), this Court: (a) preliminarily approved the Settlement; (b) ordered that
17 | notice of the proposed Settlement be provided to Class Members; and (c) scheduled
18 | a hearing regarding final approval of the Settlement;

19 |     WHEREAS, due and adequate notice of the Settlement has been given to the
20 | Class;

21 |     WHEREAS, the Court conducted a hearing on September 27, 2024 (the
22 | "Settlement Hearing") to consider, among other things, (a) whether the terms and
23 | conditions of the Settlement are fair, reasonable, and adequate to the Class, and
24 | should therefore be approved; and (b) whether a judgment should be entered
25 | dismissing the Action with prejudice as against the Defendants; and

26 |     WHEREAS, the Court having reviewed and considered the Stipulation, all
27 | papers filed and proceedings held herein in connection with the Settlement, all oral
28 |

1 and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on June 18, 2024; and (b) the Postcard Notice, Settlement Notice, and Summary Settlement Notice, all of which were filed with the Court on August 23, 2024.

3. **Notice** – The Court finds that the dissemination and posting of the Postcard Notice and Settlement Notice and the publication of the Summary Settlement Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the effect of the proposed Settlement (including the Releases to be provided thereunder); (ii) Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses; (iii) Class Members' right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; and (iv) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

4.  **CAFA Notice** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

5.  **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. Specifically, the Court finds that: (a) Lead Plaintiffs and Lead Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Class under the Settlement is fair, reasonable and adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

6.  The Action and all claims asserted against Defendants in the Action by Lead Plaintiffs and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

7.  **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

8. **Releases** – The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 9 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

(b) Without further action by anyone, and subject to paragraph 9 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

9. Notwithstanding paragraphs 8(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

10. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule

11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

11. **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact or allegation that was or could have been asserted by Lead Plaintiffs, that any claim that was or could have been asserted was meritorious, that any defense that was or could have been asserted was without merit in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or

administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)   shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount that could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

12.   **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

13.   Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for attorneys' fees and Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

14.   **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action on May 31, 2024, as provided in the Stipulation.

15. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this 27 day of September, 2024.

_____
The Honorable Jinsook Ohta
United States District Judge